BRIER, IRISH, HUBBARD & ERHART, P.L.C.
2400 East Arizona Biltmore Circle, Suite 1300
Phoenix, Arizona 85016
Telephone (602) 522-3940
Facsimile (602) 522-3945
Teresa H. Foster, Of Counsel (010877)
For Court Filings/Pleadings:
ctfilings@thfosterlaw.com
Attorneys for Plaintiff


# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| COLOCATION AMERICA, INC., | Case No. 2:17-cv-00421-PHX-NVW |
| Plaintiff/Counter-defendant, | |
| v. | **REPLY TO COUNTERCLAIM** |
| MITEL NETWORKS CORPORATION, | |
| Defendant/Counterclaimant. | |

Counterclaimant Colocation America, Inc. ("Colocation") replies to Defendant/ Counterclaimant Mitel Networks Corporation ("MNC") counterclaim as follows:

1.      In response to paragraph 1, Colocation affirmatively alleges that the in-house intellectual property counsel for MNC that negotiated the underlying Contract works in Mesa, Arizona.

2.      Colocation admits the allegations contained in paragraph 2.

3.      Colocation admits the allegations contained in paragraph 3, although the description of the Contract is incomplete. Colocation affirmatively alleges that the terms of the Contract speak for itself.

4.      Colocation denies paragraph 4. The Contract expressly includes the "domain name and the associated IPv4 134.22.0.0/16...."

5.      In response to paragraph 5, Colocation admits that it stated that the Contract also assigned to it ownership of a block of IPv4 addresses. Colocation denies MNC's alleged valuation of the IPv4 addresses.

6.      Colocation admits the allegations contained in paragraph 6 and affirmatively alleges that this Court also has jurisdiction over MNC.

7.      In response to the allegations contained in paragraph 7, Colocation admits that Mitel alleges the value of the matter in controversy exceeds $75,000, but denies the remaining allegations. The Contract was negotiated for a price of $10,000.

8.      Colocation admits the allegations contained in paragraphs 8 and 9.

9.      Colocation denies the allegations in paragraph 10.

10.     Colocation denies the allegations in paragraphs 11 and 12 and affirmatively alleges that the Contract speaks for itself.

11.     Colocation admits the allegations in paragraph 13.

12.     Colocation denies the allegations contained in paragraph 14.

13.     Colocation admits the allegations contained in paragraph 15.

14.     Colocation admits the allegations in the second sentence of paragraph 16, and denies the remaining allegations.

15.     Colocation denies the allegations in paragraph 17 and affirmatively alleges that the Contract speaks for itself.

16.     Colocation denies the allegations contained in paragraph 18.

17.     Colocation denies the allegations in paragraph 19 and affirmatively alleges that the Contract speaks for itself and that Colocation contracted for the purchase of the IPv4 addresses.

18.     Colocation denies the allegations contained in paragraph 20 and demands that  MNC

provide to the strict and competent proof thereof.

19.     Colocation denies the allegations contained in paragraph 21, and affirmatively alleges that the reference to IPv4 addresses was included in the draft of the Contract before it was executed.

20.     Colocation admits to the allegations contained in paragraphs 22 through 25.

21.     In response to paragraph 26, Colocation admits that MNC has failed to transfer the domain name to Colocation, but denies the remaining allegations. Colocation affirmatively alleges that the Contract provides for payment to be made to the escrow agent ("escrow.com") and that Colocation deposited the $10,000 into the escrow account at escrow.com.

22.     Paragraphs 27 and 28 are missing from the counterclaim.

23.     Colocation denies the allegations contained in paragraphs 29 through 35.

24.     In response to paragraph 36, Colocation incorporates its responses in the prior paragraphs.

25.     Colocation denies the allegations contained in paragraphs 37, 38, and 39.

26.     Colocation denies any allegations not specifically admitted herein.

27.     Colocation reserves the right to raise any further defenses that may arise during the course of discovery.

28.     This matter arises under the Contract, and the prevailing party is entitled to an award of its attorney fees and costs pursuant to A.R.S. § 12-341.01.

WHEREFORE, Colocation America, Inc. hereby demands the following relief against Mitel Networks Corporation:

A.     That the counterclaim be dismissed with prejudice;

B.     An award of reasonable attorney fees and costs in responding to the

counterclaim;

    C.  Such other and further relief the Court deems proper.

  DATED: February 27, 2017.

         BRIER, IRISH, HUBBARD & ERHART, P.L.C.


        /s/ Teresa H. Foster       
        Teresa H. Foster, Of Counsel
        Attorneys for Plaintiff

<u>CERTIFICATE OF SERVICE</u>

  I hereby certify that on this 27th day of February, 2017, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing and emailed a copy same date to:

David E. Rogers
David G. Barker
Jacob C. Jones
SNELL & WILMER, LLP
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004-2202
drogers@swlaw.com
dbarker@swlaw.com
jcjones@swlaw.com


  /s/ harry Stanford