BRIER, IRISH, HUBBARD & ERHART, P.L.C.
2400 East Arizona Biltmore Circle, Suite 1300
Phoenix, Arizona 85016
Telephone (602) 522-3940
Facsimile (602) 522-3945
Teresa H. Foster, Of Counsel (010877)
For Court Filings/Pleadings:
ctfilings@thfosterlaw.com
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| COLOCATION AMERICA, INC., | Case No. 2:17-cv-00421-NVW |
| Plaintiff, | (Formerly Arizona Superior Court, Maricopa County Case No. CV2017-000025) |
| v. | |
| MITEL NETWORKS CORPORATION, | **PLAINTIFF'S RESPONSE TO MOTION TO STAY PROCEEDINGS** |
| Defendant. | (Honorable Neil V. Wake) |

Plaintiff Colocation America, Inc. ("Colocation") hereby responds to Defendant Mital Networks Corporation's ("MNC") Motion to Stay Proceedings ("Motion") and requests that the Motion be denied. The sole basis that MNC has requested a stay is based on the discretionary "first-to-file" rule, ignoring that Colocation was the first to file in Los Angeles, California on May 5, 2016. MNC's latest delay tactic should be denied.

**I.     BACKGROUND**

1.     On May 5, 2016, Colocation filed litigation against MNC in the Superior Court for the County of Los Angeles (based on the same claims as the instant action) (the "California Litigation"). See Ex. 2 to Defendant's Notice of Removal at ¶18 ("ECF1").

2.     On June 30, 2016, MNC moved to dismiss the California Litigation for lack of personal jurisdiction. ECF1 at ¶19.

    3.     In the California Litigation, MNC filed an Opposition to Colocation's Motion to Tax Costs stating:

> Despite MNC's lack of contacts with California, **MNC's attorney, David Rogers**, is a partner at a firm that has an office in California. Lyndsey Torp of that office made the initial appearance and filed the motion to quash, but **its longstanding counsel** would need to be admitted to appear in and lead MNC's representation in this matter. Mr. Rogers is the only partner on this matter, **is the primary client contact, and would act as lead trial counsel if trial were necessary**.

See Opposition dated January 17, 2017, attached as Exhibit A at Page 5, Lines 19-23 (emphasis added).

    4.     The same David Rogers that MNC alleged was its "longstanding counsel" and would act as its "lead trial counsel" if trial were necessary is the attorney that filed the Notice of Removal on behalf of MNC (ECF1).

    5.     The MNC employee (Michelle R. Whittington) that negotiated the subject contract works in Mesa, Arizona. See Ex. 2 to ECF1.

    6.     Ms. Whittington states in her Declaration as follows:

        1.     I am the in-house intellectual property counsel for Mital Networks Corporation ("MNC").

        2.     I work in Mesa, Arizona.

        3.     I have personal knowledge of the facts herein.

*Id* at ¶¶1-3.

    7.     The California Litigation was dismissed for lack of personal jurisdiction. See Ex.2 at ¶20 to ECF1.

    8.     Colocation re-filed its litigation in Arizona (the "Arizona Litigation") because the MNC employee that negotiated the contract works in Mesa, Arizona, and its longstanding counsel (and lead trial attorney) practices in Arizona. See Ex. 2 to ECF1. MNC thereafter filed

its Notice of Removal. See ECF1.

9. On February 16, 2017, MNC filed its Answer to the Complaint and a *Counterclaim* seeking affirmative relief against Colocation. See ECF5.

10. On February 27, 2017, Colocation filed its Reply to the Counterclaim. See ECF7.

11. Colocation filed similar litigation in Canada (the "Canadian Litigation"). See Ex. 2 at ¶26 to ECF1.

12. Colocation filed a Motion to dismiss the Canadian Litigation because the Arizona Litigation is "between the same parties in respect of the same subject matter." See Ex. 2D to ECF1.

13. In the Canadian Litigation, Michelle Whittington submitted a supplemental Affidavit that further explained her involvement in negotiating the subject contract and her ties to Mesa, Arizona. See Affidavit of Michelle Whittington dated January 6, 2017, attached as Exhibit B.

14. Ms. Whittington states in her Affidavit as follows: (references to relevant paragraphs).

> I, Michelle Whittington, of the **City of Mesa** in **the State of Arizona**, United States of America, MAKE OATH AND SAY:
>
> 1. I am the Intellectual Property Counsel for Mitel Networks Corporation…
>
> 2. **I have been employed as the Intellectual Property Counsel for Mitel Networks Corporation since March 2003**. … **I am responsible for all of Mitel Networks' intellectual property matters**…
>
> 14. On February 19, 2016, I responded to Mr. Allen's [Colocation's California agent] enquiry in relation to the purchase of the <Gandalf.ca> domain name.
>
> 16. Later that day, February 24, 2016, I communicated Mitel

>   Network's acceptance of the offer and provided Mr. Allen a draft
>   Domain Name Assignment Agreement.

See Exhibit B (emphasis added).

15. A hearing has been scheduled on the Motion to Dismiss filed in the Canadian Litigation for April 27, 2017.

## II.   ARGUMENT

There is no legal basis for this Court to stay the Arizona Litigation. MNC asks that this Arizona Litigation be stayed based on the "first-to-file" rule, citing *Alltrade, Inc. v. Uniweld Prods.,* 846 F2d 622, 628 (9th Cir. 1991). MNC ignores that Colocation was the first to file by bringing the California Litigation. Furthermore, the first-to-file rule is completely discretionary.

There is no dispute that Colocation was the first to file with the California Litigation. MNC objected to personal jurisdiction in California, and most likely filed the Canadian Litigation in anticipation of Colocation re-filing its litigation in Arizona. Such anticipatory suits are disfavored because they are aspects of forum-shopping. *Alltrade, Inc.* 946 F.2d at 628. Furthermore, Arizona is a more convenient forum than Canada because all witnesses are located in (or near) Arizona. The MNC employee that negotiated the subject contract (and its longstanding counsel) reside in Arizona. It is also more convenient for Colocation's witnesses (its California agent) to travel to Arizona from an adjoining state, as opposed to out of the country to Canada.

It appears that MNC has filed the Request to Stay the Arizona Litigation solely to gain an advantage in the Canadian Litigation (i.e. to advise the Court there that the Arizona Litigation has been stayed and therefore the Canadian Litigation should proceed). In the interest of fairness and equity, the Arizona Litigation should proceed without any stay.

**III.   CONCLUSION**

For the foregoing reasons, Defendant MNC's Motion to Stay should be denied.

A form of Order is submitted concurrently herewith.

DATED: February 27, 2017.

                                  BRIER, IRISH, HUBBARD & ERHART, P.L.C.


                                  /s/ Teresa H. Foster
                                  Teresa H. Foster, Of Counsel
                                  Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of February, 2017, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing and emailed a copy same date to:

David E. Rogers
David G. Barker
Jacob C. Jones
SNELL & WILMER, LLP
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004-2202
drogers@swlaw.com
dbarker@swlaw.com
jcjones@swlaw.com


      /s/ Harry Stanford