David E. Rogers (#019274)
David G. Barker (#024657)
Jacob C. Jones (#029971)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
E-Mail: drogers@swlaw.com
        dbarker@swlaw.com
        jcjones@swlaw.com

Attorneys for Defendant
Mitel Networks Corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Colocation America, Inc.,<br><br>     Plaintiff,<br><br>v.<br><br>Mitel Networks Corporation,<br><br>     Defendant. | No. CV-17-00421-PHX-NVW<br><br>**Defendant's Reply In Support of Motion to Stay Proceedings**<br><br>**(First Request)** |

Defendant MNC replies to Plaintiff Colocation's Opposition (ECF 8) to MNC's Motion to Stay Proceedings (ECF 4). The Court should stay this Arizona Lawsuit until Colocation's pending motion to dismiss the first-filed Canadian Lawsuit is resolved. *See* ECF 4.

### I.     Discussion.

A summary of the procedural history of this case is set forth in ECF 4 at 2:7-3:3. Colocation does not deny that: **(1)** the California Complaint filed by Colocation was dismissed for lack of personal jurisdiction on October 18, 2016 (ECF 4 at 2:17-18); **(2)** the Canadian Lawsuit was filed on October 27, 2016 and served on Colocation on December 28, 2016 (*id.* at 2:19-24); **(3)** Colocation did not file this Arizona Lawsuit until January 6, 2017, and did not serve it until January 19, 2017; and **(4)** the Canadian Lawsuit (filed over two months before this Arizona Lawsuit was filed), includes the same parties, facts and

issues as the Canadian Lawsuit.  Consequently, this Arizona Lawsuit should be stayed pending the disposition of the first-filed Canadian Lawsuit.  *See* ECF 4 at 1:18-2:5.

Judicial efficiency and conservation of resources favor waiting for the Canadian Court to rule on Colocation's motion to dismiss.  *Id.*; Ex. 2B to ECF 1.  If the Canadian Court denies Colocation's Motion to Dismiss the Canadian Lawsuit, this dispute would be heard and resolved in Canada, and this Arizona Lawsuit could be dismissed.  *See, e.g., PhotoThera, Inc. v. Oron*, No. 07CV490, 2007 WL 4259181, at *2 (S.D. Cal. Dec. 4, 2007) (international abstention doctrine "permits a court to abstain from hearing an action if there is a first-filed foreign proceeding elsewhere") (citing cases).

## II.     Colocation's Arguments Lack Merit.

Colocation opposes staying this action and alleges without support that: **(1)** Colocation was the first to file (ECF 8 at 4 ¶ 4), and **(2)** that MNC is "delaying" allegedly to seek an advantage in the Canadian litigation (*Id.* at 4 ¶ 5).

The undisputed evidence shows that:  the Canadian Lawsuit was filed by MNC on **October 27, 2016** and served on Colocation on **December 28, 2016**.  This Arizona Lawsuit was then filed by Colocation on **January 6, 2017**, over two months after the Canadian Lawsuit was filed.  Colocation's California Complaint is irrelevant to the first-to-file analysis because it was dismissed for lack of personal jurisdiction, with Colocation being sanctioned $40,657 for improper discovery conduct related thereto.  Ex. A at ¶ 2.  The only relevant actions for the "first-to-file" analysis are the Canadian Lawsuit and this Arizona Lawsuit - Colocation cites no authority for its allegation that its California Complaint is relevant, which it is not.  It is a legal nullity and irrelevant.  *Lang v. Roche,* 201 Cal. App. 4th 254, 258 (Cal. Ct. App. 2011) ("every judicial act based on the invalid service was void *ab initio* for lack of personal jurisdiction"); *State of Ariz. ex rel. Ariz. Dep't of Revenue v. Yuen*, 179 Cal. App. 4th 169, 179 (Cal. Ct. App. 2009) (proceeding of a "court lacking personal jurisdiction violates due process, [and thus] it is null and void everywhere"); *see also Burnham v. Superior Court of California, Cty. of Marin*, 495 U.S. 604, 609 (1990) (reasoning that "the proceeding in question was not a *judicial* proceeding

because lawful judicial authority was not present").

Colocation also accuses MNC of "delay tactics" with no support. ECF 8 at 1, 4 ¶ 5. MNC filed the Canadian Lawsuit nine days after dismissal of the California Complaint. In contrast, Colocation waited over two months (until January 6, 2017), after the California Complaint was dismissed to file this Arizona Lawsuit. Colocation also took actions in Canada that led to a three-month delay in the Canadian Lawsuit, possibly to slow that Lawsuit so it could file here and use this Arizona Lawsuit as leverage to dismiss the Canadian Lawsuit. *See* Ex. A ¶ 3; Ex. B. Specifically, while an initial hearing in the Canadian Lawsuit was set for January 10, 2017 (ECF 1, Ex. 2C at 2), Colocation claimed it needed more time to execute a representation letter with its Canadian counsel, which it used as a reason to obtain an "adjournment" in the Canadian Lawsuit. Ex. B at 1. The Canadian court granted Colocation's requested "adjournment" and reset the hearing in the Canadian Lawsuit for April 27, 2017. ECF 8 at 4.

The Court should exercise its discretion in granting a stay because MNC diligently filed its Canadian Lawsuit first. *See, e.g., Eastman Kodak Co. v. Kavlin,* 978 F.Supp. 1078 (S.D.Fla. 1997) (extending, in part, first filed rule to foreign (Bolivian) court, drawing analogy between foreign courts and state courts); *Advantage Int'l Mgmt., Inc. v. Martinez*, No. 93 CIV. 6227 (MBM), 1994 WL 482114, at *4 (S.D.N.Y. Sept. 7, 1994) (dismissing action pending resolution of earlier-filed foreign (Spanish) action).

### **Colocation's Delay in Canada Shows Bad Faith**

Colocation likely hopes that its three-month delay in the Canadian Lawsuit will reduce the chances that this Court would grant a stay. In *SMMHC Inc. v. Aprima Med. Software, Inc.*, this Court found bad faith when Aprima used a two-and-a-half-month negotiation period as a guise for preparing and filing suit before the negotiation period ended, thus gaining a one-day filing advantage over its opponent. No. CV-13-02160-PHX-NVW, 2014 WL 1116996, at *4 (D. Ariz. Mar. 14, 2014). Similarly, Colocation delayed executing its engagement letter with Canadian counsel, and used that as a reason to delay the Canadian Lawsuit.

### MNC Is Not "Forum Shopping"

Contrary to Colocation's allegation, it is not improper for a plaintiff to file a lawsuit in its home jurisdiction for its own convenience, and doing so does not constitute "forum shopping." *Howden N. Am. Inc. v. Ace Prop. & Cas. Ins. Co.*, 875 F. Supp. 2d 478, 492-93 (W.D. Pa. 2012) (finding Pennsylvania company filing in Pennsylvania was not forum shopping; rather, other party *not* headquartered in its chosen forum *was* forum shopping); *Zoove Corp. v. StarPound Corp.*, No. 10-CV-06131 EJD PSG, 2012 WL 3580526, at *7 (N.D. Cal. Aug. 17, 2012) ("Zoove is not forum shopping; its headquarters are in this District, and California certainly has an interest in providing an effective redress for its residents."); *Pac. Sci. Energetic Materials Co. (Arizona) LLC v. Ensign-Bickford Aerospace & Def. Co.*, No. CV-10-02252-PHX-JRG, 2011 WL 4434039, at *6 (D. Ariz. Sept. 23, 2011) (plaintiff filed in its home state; "forum-shopping argument lacks merit"); *Shaw Family Archives, Ltd. v. CMG Worldwide, Inc.*, 434 F. Supp. 2d 203, 210 (S.D.N.Y. 2006) ("[I]t is not forum-shopping for the Indiana plaintiffs to have availed themselves of their home state").

### Colocation's Arguments About Which Forum is More Convenient Are Irrelevant to Briefly Staying this Lawsuit

With respect to Colocation's jurisdictional and convenience arguments, those are currently issues for the Canadian Court, and are irrelevant to this Motion to Stay.

### III.   Conclusion.

"The decision and the discretion" to grant MNC's requested stay "belong to the district court." *Am. Traffic Sols., Inc. v. Red Light, LLC*, No. CV 06-285 PHX NVW, 2006 WL 1159926, at *3 (D. Ariz. May 2, 2006).  Colocation has provided no legitimate reason to allow this second-filed Arizona Lawsuit to move forward at the same time as the first-filed Canadian Lawsuit.  Colocation could have acted diligently and filed this Arizona Lawsuit first, rather than waiting for over two months after dismissal of the California Complaint, and until after it was served with the Canadian Lawsuit (Colocation was served on December 28, 2016, and filed this Arizona Lawsuit on January 6, 2017).

The Court should enter an order staying this Arizona Lawsuit pending a ruling on the motion to dismiss the Canadian Lawsuit.

DATED this 6th day of March, 2017.

SNELL & WILMER L.L.P.

By: *s/ Jacob C. Jones*
David E. Rogers
David G. Barker
Jacob C. Jones
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202

Attorneys for Mitel Networks Corporation

**Certificate of Service**

I hereby certify that on March 6, 2017, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record.

Teresa H. Foster
Brier, Irish, Hubbard & Erhart, P.L.C.
2400 East Arizona Biltmore Circle
Suite 1300
Phoenix, AZ 85016
ctfiling@thfosterlaw.com
Attorney for Plaintiff


*s/ Jacob C. Jones*

4814-5791-7252.3