David E. Rogers (#019274)
David G. Barker (#024657)
Jacob C. Jones (#029971)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
E-Mail: drogers@swlaw.com
         dbarker@swlaw.com
         jcjones@swlaw.com

Attorneys for Defendant
Mitel Networks Corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Colocation America, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Mitel Networks Corporation, <br><br> Defendant. | No. CV-17-00421-PHX-NVW <br><br> **MOTION TO (1) AMEND SCHEDULING ORDER AND (2) FOR LEAVE TO FILE AMENDED PLEADING AND JOIN NEW COUNTERDEFENDANT** <br><br> **[Oral Argument Requested]** |

Mitel Networks Corporation ("MNC") moves under Rule 15(a) and Rule 16(b) of the Federal Rules of Civil Procedure to: (1) amend the scheduling order for good cause, and (2) for leave to file an amended pleading that (a) adds allegations and counterclaims against Colocation America, Inc. ("Colocation"), and (b) joins as a new counterdefendant, Corey Allen Kotler ("Kotler") under Rules 13(h) and 20(a)(2)(A). Pursuant to LRCiv 15.1(a), MNC attaches a copy (as Exhibit 1) of the proposed amended pleading that shows how it differs from the existing pleading. MNC is not requesting an extension of any deadline.

MNC conferred with counsel for Colocation by sending an email with the amended pleading on September 14, 2017, and requesting that Colocation stipulate to entering the

4845-5549-6526

amended pleading by close of business on September 18, 2017.  The email further stated that MNC would file this motion with the amended pleading if there was no stipulation.  Colocation has not stipulated.

## **Memorandum of Points and Authorities**

### **I.     Introduction.**

At the scheduling conference on June 5, 2017, MNC did not foresee that it would be necessary to amend the pleadings or add an additional party.  Doc. 18 (Joint Report Filed May 30, 2017).  Accordingly, the Scheduling Order did not include a deadline for amending the pleadings.  Doc. 20.  At that time, MNC believed that the "broker" used by Colocation to negotiate the Contract in this lawsuit was named "Corey Allen."  MNC believed that "Corey Allen" was located at 433 North Camden Drive, Suite 970, Beverly Hills, California 90210.  Those were the name and address used by the person who contacted MNC and negotiated the Contract.  Those were also the name and address provided by Colocation in its initial disclosure, amended disclosure, and interrogatory responses.  As it turns out, that information was objectively untrue; Colocation knew it and intentionally misrepresented it to conceal "Corey Allen's" true identity and address.  Through independent discovery and research, MNC has learned that "Corey Allen" does not exist, and that the true identity of Colocation's agent who contacted MNC and negotiated the Contract is "Corey Kotler" ("Kotler").  Kotler is located at 2385 Roscomore Road, Unit E11, Los Angeles, California 90077.  MNC took Kotler's deposition, which was scheduled by Colocation's attorneys, two weeks ago on September 7, 2017.

During Kotler's deposition, MNC learned of, or confirmed, facts that give rise to new allegations and counts of:  (1) fraudulent inducement and civil conspiracy against Colocation and its agent Kotler, and (2) aiding and abetting against Colocation based on the actions of its agent, Kotler.  Accordingly, good cause exists under Rule 16(b) to amend the scheduling order and permit MNC to file an amended pleading, and "justice so requires" entry of the amended pleading.  Fed. R. Civ. P. 15(a)(2).  Joinder of Kotler in

this action is proper under Rules 13(h) and 20(a)(2)(A) of the Federal Rules of Civil Procedure. Kotler is a resident of California, so joining him does not deprive the Court of subject matter jurisdiction.

## I.     Background.

Colocation filed this lawsuit against MNC on January 6, 2017, based on a Domain Name Assignment Agreement ("Contract"; attached as Ex. 1 to the Complaint) between Colocation and MNC, which Kotler (posing as "Corey Allen") negotiated on Colocation's behalf. During this lawsuit Colocation has falsely represented that a "Corey Allen" located at 433 North Camden Drive, Suite 970, Beverly Hills, California 90210, has knowledge of the events in this lawsuit. Colocation listed "Corey Allen" as a person Colocation planned to call at trial.

MNC attempted to subpoena "Corey Allen" for a deposition, which led ultimately to MNC discovering that "Corey Allen" does not exist, and that Kotler is the real person who negotiated the contract with MNC. Colocation knew that all along, but intentionally misrepresented Kotler's identity and address in its disclosure statements and interrogatory responses.

MNC now knows Kotler's true identity and that he is not an attorney, had no experience in negotiating domain name contracts, and is really an actor. Ex. 2 at 70:14-17. He is self-described as the "tighty whitey guy," whose "niche as an actor is the fat guy, shirtless, wearing a Speedo or tighty whities." Ex. 2 at 71:23-73:1. Kotler testified that he intentionally concealed his true identity from MNC during negotiations because if MNC searched his real name, "Corey Kotler," on the internet, it would probably see that "Jay Leno waxed . . . Versace into my back hair." Ex. 2 at 72:9-73:22. He believed MNC would not have negotiated with him if it knew his true identity. Ex. 2 at 70:7-73:22. He is correct, especially because Kotler withheld Colocation's name when negotiating the Contract. MNC would not have negotiated with Kotler to contract with an unknown third party if MNC had known either that (1) Kotler was using the false name "Corey Allen," or (2) Kotler's true identity.

For its part, Colocation knew that Kotler was using the false name "Corey Allen" when he contacted MNC and when he negotiated the Contract. Colocation concealed Kotler's true identity during the Contract negotiations and again in this lawsuit.

**A.     MNC's Efforts to Discover Kotler's True Identity.**

On June 15, 2017, MNC served notice on Colocation's counsel that it would be serving subpoenas on "Corey Allen" and his company, Dividend Advisors, LLC ("Dividend"). According to Colocation's Initial Disclosure (May 15, 2017), and its Amended and Restated Initial Disclosure (May 18, 2017), a "Corey Allen" is located at 433 North Camden Drive, Suite 970, Beverly Hills, California 90210.[1] The truth, however, is that there is no "Corey Allen" and the Beverly Hills address is actually the office of Colocation's lawyer, Paul Sigelman. On June 15, 2017, subpoenas to "Corey Allen" and Dividend were taken to Suite 970 of the 433 North Camden Drive building for service. Service was accepted by a man calling himself "Rick," but who was actually Mr. Sigelman. N. Bermudez Decl. (Ex. 5) ¶¶ 3, 8, 12.

The process server noticed that the names of Corey Allen and Dividend were not listed on the door to Suite 970 and informed MNC's attorneys. Ex. 5 ¶ 13. In an attempt to locate "Corey Allen," MNC sequentially subpoenaed three entities who manage leases for the 433 North Camden Drive building (a commercial building can have numerous property managers), until it found the entity (MGM Management Company ("MGM")) that manages the ninth floor, which is where Suite 970 is located. MNC served a document subpoena to MGM on July 19, 2017. MGM stated that it had never heard of "Corey Allen" or Dividend and that, according to its records, "Corey Allen" and Dividend had never been tenants at the address provided by Colocation. But, Colocation's California attorney, Mr. Sigelman, is a tenant in Suite 970. M. Miller Decl. (Ex. 6) ¶¶ 2, 4, 6-7.

---

[1] Plaintiff's Initial Disclosure (May 15, 2017; Ex. 3) stated Mr. Allen and Dividend could be contacted through Colocation's Arizona counsel in this action, but Plaintiff's Amended and Restated Initial Disclosure (Ex. 4) provided the Beverly Hills address.

During its investigation of the location of "Corey Allen," MNC identified another person, Corey Kotler, listed as the owner of the domain name dividendadvisors.com, which was used by "Corey Allen." The domain name registration listed an email address of coreykotler18k@aol.com, and a physical address for Corey Kotler of 2385 Roscomore Road, Unit E11, Los Angeles, California 90077. The email address coreykotler18k@aol.com is also associated with a different domain name, coreyallenkotler.com, which lists a physical address of 2385 Roscomore Road, Unit E11, Los Angeles, California 90077. Based on this information, MNC suspected that there was no "Corey Allen," and that Kotler had used that name to communicate with MNC.

On July 25, 2017, MNC served Kotler at the Roscomore Road address with subpoenas for document production and a deposition. Kotler falsely told the process server that his name was not Corey Kotler and refused to take the subpoenas. The process server pushed the subpoenas under Kotler's door. Ex. 2 at 32:10-18; A. Villanueva Decl. (Ex. 7) ¶¶ 8-9. On July 31, 2017, Mr. Sigelman, Colocation's attorney, contacted MNC about the schedule for Kotler to comply with the subpoenas (Ex. 8), even though Mr. Sigelman claims he has never represented Mr. Kotler. *See* Ex. 2 at 28:9-12.

During the entire time MNC was searching for Kotler, Colocation and its lawyer knew that their representations about a "Corey Allen" located at 433 North Camden Drive, Suite 970, Beverly Hills, California 90210 were untrue. Yet, they took no corrective action. Colocation's lawyer, Mr. Sigelman, even accepted subpoenas for the non-existent "Corey Allen" and Dividend[2] at his office, and told the process server that his name was "Rick." Ex. 5 ¶¶ 3, 8, 12.

///
///
///
///

---

[2] During Kotler's deposition he testified that Dividend Advisors, LLC no longer exists. Ex. 2 at 12:22-23.

**B.      The Recently Discovered Information.**

MNC discovered, or confirmed, the following during the recent depositions of Colocation and Kotler:

- Mr. Sigelman, Colocation's lawyer, introduced Kotler to Colocation. Ex. 2 at 55:7-25; Colocation Dep. (Ex. 9) at 41:17-18.
- Colocation knew Kotler's true identity before Kotler negotiated with MNC. Ex. 2 at 69:19-70:1.
- Kotler and Colocation intentionally concealed Kotler's true identity from MNC during contract negotiations and during this litigation. *See id.*
- Colocation knew Kotler was misleading MNC during negotiations by using a false name. *See id.*
- Kotler is an actor whose "niche" is acting in men's underwear. Ex. 2 at 71:15-24.
- Kotler believed (correctly) that MNC would not have negotiated with him if MNC knew his true identity. Ex. 2 at 70:7-73:22
- Colocation knew that "Corey Allen" was not Kotler's "stage name," which Colocation misrepresented in an email as recently as August 10, 2017 (Ex. 10) ("We learned yesterday that Allen and Kotler are one in the same. Apparently he is an 'actor' and one of these is his stage name."). *See* Ex. 2 at 69:19-70:1, 73:24-74:2.
- Mr. Sigelman, Colocation's lawyer, knew Kotler was using a false name to communicate with MNC while negotiating the Contract. Ex. 2 at 87:20-23.
- Dividend no longer exists and was formed solely for Kotler's work with Colocation. Ex. 2 at 12:22-23, 17:3-8, 20:22-21:8 ("You needed it solely for the work you were doing with Colocation? Yeah.").
- Before Kotler contacted MNC, Colocation had located a block of IPv4 addresses it believed MNC owned by "scanning" the Internet. Ex. 9 at 34:5-36:24.

- Before Kotler approached MNC, Kotler and Colocation had agreed that Kotler would attempt to obtain IPv4 addresses, which was the whole intent of approaching MNC. Ex. 9 at 41:10-14, 49:22-50:10, 155:22-156:7; *see* Ex. 2 at 64:25-65:15.

- Before Kotler negotiated with MNC, Kotler had no experience with IPv4 addresses. Ex. 2 at 82:7-9; Ex. 9 at 48:20-22.

- Colocation was aware of all communications between Kotler and MNC during the negotiations. Ex. 9 at 49:8-21.

- Before serving its initial disclosures and amended initial disclosures, Colocation and its attorney, Mr. Sigelman, knew that "Corey Allen" did not exist and that Kotler's address was not 433 North Camden Drive, Beverly Hills, CA 90210. Ex. 2 at 87:20-88:23.

- Sigelman has never been Kotler's attorney, even though he accepted service of subpoenas for "Corey Allen" and Dividend. Ex. 2 at 28:9-24.

Until finally learning from Mr. Sigelman on July 31, 2017, when he essentially admitted that "Corey Allen" really was Kotler, MNC did not know "Corey Allen's" true identity. Until Kotler's deposition on September 7, 2017, MNC did not know (or know for certain) the information in the bullet points above, including that Colocation and its attorney were aware of Kotler's true identity and address, and that Kotler intentionally used a false name to communicate with MNC. Had Kotler or Colocation disclosed Kotler's true identity, MNC would not have negotiated with him or signed the Contract with Colocation. Even Colocation admits that it would not do business with someone using a fake name. Ex. 9 at 144:4-6.

Until Kotler's deposition, MNC also did not know that Colocation and Kotler agreed—before Kotler first contacted MNC—that Kotler's real objective in contacting MNC was to obtain IPv4 addresses. Not a single email Kotler wrote (while posing as "Corey Allen") pre-signing expressed Colocation's intent to acquire IPv4 addresses; Kotler only referred to a domain name purchase. Had Kotler or Colocation disclosed their

1 true intent, MNC would not have entered into negotiations because it has no perfected
2 rights in the IPv4 addresses referenced in the Contract, and was not interested in quit
3 claiming any potential rights to them.

4 Kotler and Colocation conspired to defraud MNC and carried out the fraud.

## II. Analysis.

Because the Scheduling Order does not permit amended pleadings, MNC must first show that good cause exists to amend the Scheduling Order to permit an amended pleading. Fed. R. Civ. P. 16(b); *Pac. Sci. Energetic Materials Co. (Arizona) LLC v. Ensign-Bickford Aerospace & Def. Co.*, 281 F.R.D. 358, 360 (D. Ariz. 2012). After MNC shows good cause, the Court grants leave to file an amended pleading "when justice so requires." Fed. R Civ. P. 15(b)(2); *Pac. Sci. Energetic Materials*, 281 F.R.D. at 360.

Rule 16(b)'s "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Pac. Sci. Energetic Materials*, 281 F.R.D. at 360 (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)); *Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 687 (E.D. Cal. 2009) (granting leave to amend, where defendant became aware of facts relating to counterclaim during discovery, nothing indicated defendant should have known of the facts earlier, and defendant acted diligently to amend the pleading after becoming aware of the new facts).

### A. **MNC Has Been Diligent.**

MNC has acted diligently to amend the pleadings. MNC only became fully aware of facts giving rise to its new counterclaims against Colocation and its new third party claims against Kotler after it deposed Colocation (on August 22, 2017) and Kotler (on September 7, 2017). Only then did MNC learn that Kotler—Colocation's agent—posed as "Corey Allen" and conspired to intentionally misrepresent and conceal information from MNC. Only at Kotler's deposition did MNC learn that Kotler was a person with whom MNC never would have engaged in contract negotiations, which Kotler acknowledged. Colocation and Kotler have now testified that the entire purpose of

contacting MNC was to obtain IPv4 addresses. MNC could not reasonably have known these facts prior to deposing Colocation and Kotler.

MNC sent its amended pleading to MNC's lawyers on September 14, 2017 seeking a stipulation to filing it. Now, having received no stipulation, MNC files this Motion and the amended pleading on September 21, 2017.

**B.     Good Cause Exists.**

Good cause exists because MNC acted diligently and the amended pleading does not require additional discovery or an extension of any case deadlines. The new facts were or should have been already known to Colocation and Kotler, and the facts directly relate to the existing claims and defenses (which include breach of contract, mistake, fraud, and insufficient consideration), so additional discovery is not necessary. Even if additional discovery were needed, there is time remaining in the discovery schedule. Because good cause exists to modify the Scheduling Order, the Court should permit the amended pleading because "justice so requires." Fed. R. Civ. P. 15(a)(2).

**C.     This Motion Is Made In Good Faith, Is Not Futile and Would Not Prejudice Colocation or Kotler.**

Under Rule 15(a)(2), the Court should consider "whether the amendment would prejudice the opposing party, whether it is sought in bad faith, whether the proposed amendment would be futile, and whether the amendment would cause undue delay." *Kuschner*, 256 F.R.D. at 687 (granting leave to amend). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Pac. Sci. Energetic Materials*, 281 F.R.D. at 360 (granting leave to amend). "The Ninth Circuit has instructed that Rule 15 should be applied 'with extreme liberality.'" *Id.*

MNC's motion to amend is made in good faith based on facts of which it only recently learned. The amendment is not futile as shown by the proposed amended pleading, which states with particularity counts of: (1) fraud and civil conspiracy against

1 Colocation and Kotler, and (2) aiding and abetting against Colocation.  There is no
2 prejudice to any of the parties because:  (3) the new facts were discovered from, and are
3 known by, Colocation and Kotler, (4) the new allegations and counts relate to defenses
4 and counts already in this litigation, and (5) no further discovery is necessary, or there is
5 time remaining in the discovery period to complete any further discovery.  In any event,
6 MNC has good cause for adding the claims, so even if Colocation or Kotler were to claim
7 some prejudice, the Court should grant leave to amend.  *See Wilson v. Battelle Mem'l*
8 *Inst.*, No. 11-CV-05130-TOR, 2012 WL 1343948, at *2 (E.D. Wash. Apr. 18, 2012)
9 (other factors outweighed prejudice to party opposing amendment under Rule 16(a)).
10 Further, Colocation is responsible for the time and effort spent uncovering Kotler.  It
11 could not legitimately claim that it is prejudiced by its own actions.

**D.     Joinder of Kotler Is Proper.**

13 Joinder of Kotler as a third-party counterdefendant in this action is proper because
14 he is jointly and separately liable for the fraud and civil conspiracy counts in the amended
15 pleading. Fed. R. Civ. P. 13(h), and 20(a)(2)(A).  "Rules 19 and 20 govern the addition of
16 a person as a party to a counterclaim or crossclaim." Fed. R. Civ. P. 13(h).  "Persons . . .
17 may be joined in one action as defendants if: (A) any right to relief is asserted against
18 them jointly, severally, or in the alternative with respect to or arising out of the same
19 transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P.
20 20(a)(1)(A); *Leasing Servs., LLC v. IAM Nat. Pension Fund*, No. 10-CV-695-JPS, 2011
21 WL 4737599, at *1 (E.D. Wis. Oct. 5, 2011) ("Rule 13 governs the filing of
22 counterclaims, and it provides that Rules 19 and 20 control the addition of a person as a
23 party to a counterclaim."); *Baltimore & Ohio R. Co. v. Cent. Ry. Servs., Inc.*, 636 F. Supp.
24 782, 787 (E.D. Pa. 1986) (granting joinder under Rule 20; "In this case, defendants/third-
25 party plaintiffs essentially allege that third-party defendants Lind and Taylor caused,
26 aided, or abetted the plaintiffs' commission of many of the acts described in the
27 counterclaim."); s*ee also K & S Real Properties, Inc. v. Olhausen Billiard Mfg., Inc.*, No.
28 CV ELH-15-1199, 2016 WL 3162799, at *7 (D. Md. June 7, 2016) ("Indeed, it would be

1 exceedingly inefficient, if not problematic, for OBM not to join the Smith Parties as to
2 these three counterclaims.  A determination as to the validity of the Note necessarily
3 requires consideration of the fraud claims.  Severing these claims would result in the kind
4 of duplication that the liberal joinder rules were meant to prevent); *Rayman v. Peoples*
5 *Sav. Corp.*, 735 F. Supp. 842, 854 (N.D. Ill. 1990) ("Any liability against Rayman and
6 Mulcahy would be joint and several"; granting joinder under Rule 20).

### III.   Conclusion.

For good cause, the Court should modify the scheduling order and permit MNC to file the proposed amended pleading.  Because Kotler is personally liable for the fraud and civil conspiracy counterclaims, it is also proper for the Court to join Kotler as a counterdefendant.

DATED this 21st day of September, 2017.

SNELL & WILMER L.L.P.


By: *s/ David G. Barker*
   David E. Rogers
   David G. Barker
   Jacob C. Jones
   One Arizona Center
   400 E. Van Buren, Suite 1900
   Phoenix, Arizona  85004-2202

   Attorneys for Mitel Networks Corporation

4845-5549-6526

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 21, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Teresa H. Foster, Esq.
Brier, Irish, Hubbard & Erhart, P.L.C.
2400 East Arizona Biltmore Circle
Suite 1300
Phoenix, AZ 85016
ctfilings@thfosterlaw.com

Paul Stephen Sigelman
Sigelman Law Corporation
433 N Camden Dr., Suite 970
Beverly Hills, CA 90210
paul@sigelmanlaw.com

Attorneys for Colocation

s/ David G. Barker

4845-5549-6526

- 12 -