David E. Rogers (#19274)
David G. Barker (#024657)
Jacob C. Jones (#029971)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
E-Mail: drogers@swlaw.com
         dbarker@swlaw.com
         jcjones@swlaw.com

Attorneys for Defendant
Mitel Networks Corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Colocation America, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Mitel Networks Corporation, <br><br> Defendant. | Case No. CV-17-00421-PHX-NVW <br><br> **MOTION TO (1) EXTEND CLOSE OF DISCOVERY BY TWO MONTHS, AND (2) EXTEND THE DISPOSITIVE MOTION DEADLINE** <br> (Second Request) |

**I.     Introduction and Background.**

Colocation is at it again. Four people Colocation identified as its "officers" do not exist. Ex. 1. Mitel Networks Corporation ("MNC") timely noticed the depositions of these four "officers" on September 19, 2017 for depositions on October 20, 2017. Colocation acknowledged receipt of the notices on September 21, 2017. Colocation then waited until October 19 (the day before the scheduled depositions, and apparently to let the discovery clock run), before it informed MNC that all four "officers" are fictitious. *Id.*

Also, on October 19, 2017 Colocation first produced a sworn declaration from a "David Shugarman," who professes to be Colocation's Nevada process agent. Ex. 2. He states (contrary to Nevada law) that: "In Nevada, it is a common practice to use fictitious names for officers and directors." *Id.* According to Shugarman, Colocation's deliberate falsification (which is a Class C felony under Nevada Revised Statutes 239.330) of

numerous corporate documents filed in Nevada by intentionally listing fictitious officers is acceptable practice.

Colocation also stated for the first time on October 19, 2017 that its California process agent, Pedro Cruz, is really Colocation's outside independent accountant, and it offered to make him available for a deposition by the current deposition deadline of October 24, 2017. Ex. 1. MNC accepted that offer, but Colocation immediately reneged, stating that Cruz was unavailable because he was recovering from triple bypass surgery. Colocation then offered to make Cruz available telephonically (but provided no date) and agreed to stipulate to extend the discovery deadline to take Cruz's deposition. But, MNC has not heard from Colocation since October 19, 2017, despite MNC sending multiple emails asking to meet and confer or to stipulate to the relief requested herein, or that otherwise this Motion would be filed without a stipulation.

Under the present schedule, depositions must be completed by October 24, 2017, and discovery closes on October 31, 2017. Docs. 20, 31. MNC moves this Court to extend the close of discovery, including the taking of depositions, by two months after a ruling on this Motion. The additional time is requested to take the depositions of: (1) Pedro Cruz and (2) David Shugarman. Further, MNC is taking a personal deposition of Colocation's owner on October 24, 2017, which may lead to the identification of additional documents. MNC also requests that the dispositive motion deadline be moved to one month after the close of discovery.

## II. Why the Depositions Are Important.

The depositions of Cruz and Shugarman are relevant to (1) Colocation's credibility—especially given the defense of fraud and proposed fraud claims (*see* Docs. 35, 37, and 39), and (2) the potential personal liability of Colocation's owner, Albert Ahdoot. Colocation has misrepresented numerous times about the non-existent "Corey Allen" and "Dividend Advisors, LLC." Docs. 35, 37, and 39. It now acknowledges that all of its Nevada corporate filings were deliberately falsified, and it waited a month to notify MNC that the four "officers" noticed for deposition do not exist. Shugarman will

know:  (1) if/that he actually exists or is another fictitious person, (2) why he would falsely declare under penalty of perjury that it is customary for Nevada corporate filings to be intentionally falsified, and (3) about communications he had with Colocation and its attorneys before and after executing his declaration (his declaration includes the caption of Colocation's attorneys; Ex. 2).  Cruz will know about the value of Colocation transactions involving IPv4 addresses, Colocation's finances, tax returns, and whether it operates as an independent legal entity or is really the alter ego of Ahdoot or another entity.

Colocation's new disclosures reveal that Colocation's fraud is pervasive.  It is not possible for MNC to depose Shugarman and Cruz under the current schedule (or to even send a subpoena to Shugarman).  Colocation previously agreed to extend case deadlines to accommodate the depositions of Cruz and Shugarman, but has not responded to MNC's emails of October 19, 2017 and October 23, 2017 about stipulating to extend the discovery period.

### III.     Extreme Circumstances Justify Modifying the Scheduling Order.

The Court has ordered that "there will be no further extensions" (Doc. 31), and the parties' stipulation is insufficient.  Fed. R. Civ. P. 16(b)(4); Doc. 31.  The standard for amending the scheduling order is "good cause."  Fed. R. Civ. P. 16(b)(4).  Good cause exists here because MNC diligently and timely sought depositions of Colocation's four nonexistent officers for October 20, 2017, and only on October 19, 2017, the eve of the scheduled depositions, did Colocation reveal the information to MNC that triggers the need for the requested additional discovery.  *Navarro v. Starline Tours of Hollywood, Inc.*, 546 F. App'x 680, 681 (9th Cir. 2013) (reversing denial of scheduling order modification where plaintiff "diligently sought discovery" and "sought to modify the scheduling order shortly after . . . the need for the amendment became apparent.")

Colocation's manufacturing of fictitious persons and addresses has led to long delays and significant, unnecessary time and expense in taking discovery.  There is good cause for the Court to grant the requested extension under these extreme circumstances.

DATED this 24th day of October, 2017.

SNELL & WILMER L.L.P.

By: *s/ Jacob C. Jones*
David E. Rogers
David G. Barker
Jacob C. Jones
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202

Attorneys for Mitel Networks Corporation

**Certificate of Service**

I hereby certify that on October 24, 2017, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record to:

Teresa H. Foster
Brier, Irish, Hubbard & Erhart, P.L.C.
2400 East Arizona Biltmore Circle
Suite 1300
Phoenix, AZ 85016
ctfiling@thfosterlaw.com

Paul Stephen Sigelman
Sigelman Law Corporation
433 N Camden Dr., Suite 970
Beverly Hills, CA 90210
paul@sigelmanlaw.com

Attorneys for Plaintiff



 *s/ Jacob C. Jones*
4847-5165-5250