# EXHIBIT 1

David E. Rogers (#019274)
David G. Barker (#024657)
Jacob C. Jones (#029971)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
E-Mail: drogers@swlaw.com
         dbarker@swlaw.com
         jcjones@swlaw.com

*Attorneys for Defendant*
*Mitel Networks Corporation*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Colocation America, Inc., | No. CV-17-00421-PHX-NVW |
| Plaintiff, | **Mitel Networks Corporation's First Request for Production of Documents to Colocation America, Inc.** |
| v. | |
| Mitel Networks Corporation, | |
| Defendant. | |

TO: COLOCATION AMERICA, INC. AND ITS ATTORNEYS OF RECORD:

Pursuant to Rules 26 and 34, Federal Rules of Civil Procedure, Defendant Mitel Networks Corporation hereby requests that Plaintiff Colocation America, Inc. produce for inspection and copying, at the offices of Snell & Wilmer L.L.P., One Arizona Center, 400 E. Van Buren Street, Phoenix, Arizona 85004, within thirty (30) days from the date hereof, the documents listed below.

**INSTRUCTIONS FOR USE**

1.   In producing the documents designated below, you are requested to furnish all documents known or available to you regardless of whether a document is currently in your possession, custody, or control, or that of your parent, subsidiary or affiliated corporations, attorneys, employees, agents, investigators, or other representatives, or is otherwise available to you.

2. If, for any reason, you are unable to produce in full any document requested:

    a. Produce each such document to the fullest extent possible;

    b. Specify the reasons for your inability to produce the remainder; and

    c. State in detail whatever information, knowledge, or belief you have concerning the whereabouts and substance of each document not produced in full.

3. If any document requested was at one time in existence, but is no longer in existence, please state for each document as to which that is the case:

    a. The type of document;

    b. The types of information contained therein;

    c. The date upon which it ceased to exist;

    d. The circumstances under which it ceased to exist;

    e. The identity of all persons having knowledge of the circumstances under which it ceased to exist; and

    f. The identity of all persons having knowledge or who had knowledge of the contents thereof.

4. For each document requested which you are unable to produce and which was at any time within your possession, custody or control, or to which you had access at any time, specify in detail:

    a. The nature of the document (*i.e.*, letter, memorandum, etc.);

    b. The author of the document;

    c. All recipients of the document and any copy thereof;

    d. A summary of the information contained in the document;

    e. The date on which you lost, relinquished, or otherwise ceased to have possession, custody, control of, or access to the document;

    f. Identify all persons having knowledge of the circumstances whereby you lost, relinquished, or otherwise ceased to have possession, custody, or control of, or access to the document; and

    g. Identify all persons who have or have had knowledge of the contents

of the document, in full or in part.

5. In the event you seek to withhold or do withhold any document, in whole or in part, on the basis that it is not subject to discovery, produce a list of all such documents and, as to each such document, state:

    a. The name of each author, writer, sender or initiator of each such document;

    b. The name of each recipient, addressee or party to whom such document was sent or intended to be sent;

    c. The name of each and every person who received a copy of the document;

    d. The date of the document or, if no date appears on the document, the date the document was prepared;

    e. The title of the document or, if it has no title, then such other description of the document and its subject matter as shall be sufficient to identify the document; and

    f. The grounds claimed for withholding the document from discovery (*e.g.*, attorney-client privilege, work product, or any other grounds), and the factual basis for such a claim.

6. In accordance with Rule 34, Fed. R. Civ. P., as to each document produced, you are requested to designate the paragraph and subparagraph of this request to which each such document is responsive.

7. This Request is a continuing one, and requires that you produce all responsive documents and tangible objects whenever you obtain or become aware of them, even if they are not in your possession or available to you on the date you first produce documents pursuant to this Request.

## DEFINITIONS

1. Unless indicated otherwise, "Colocation America, Inc.," "Plaintiff," "You," or "Your," refers to the named Plaintiff Colocation America, Inc. as set forth in the

caption of the complaint, any predecessors or successors, and also including Plaintiff's agents, representatives, or attorneys.

2. "MNC" means Mitel Networks Corporation, which is the named Defendant as set forth in the Caption of the Complaint.

3. "Contract" means the Domain Name Assignment Agreement between Colocation and MNC.

4. "Dividend Advisors" means Dividend Advisors, LLC, 433 North Camden Drive Suite 970, Beverly Hills, California 90210, and includes all individuals and entities acting on its behalf.

5. "Corey Allen" or "Mr. Allen" means Corey Allen, who is (or was at least in March, 2016), a Principal Advisor for Dividend Advisors.

6. The term "document" includes electronically stored information, and is used in the broadest sense to be equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document.

7. The term "communication" means any exchange or transfer of information between two or more persons, whether written, oral, electronic, or in any other form, and also includes any documents, notes, memoranda or other writings reflecting the substance of the communication.

8. "Any," "each" and "all" shall be read to be all inclusive, and to require the production of each and every document (as hereinafter defined) responsive to the particular request for production in which such term appears.

9. "And," "or" and any other conjunctions or disjunctions used herein shall be read both conjunctively and disjunctively so as to require the production of all documents (as hereinafter defined) responsive to all or any part of each particular request for production in which any conjunction or disjunction appears.

10. "Person" means an individual, firm, corporation, association, organization or any other entity. All references to persons or entities also include all persons and entities acting on his, her, their or its behalf.

11. The term "including" is not limiting and means "including, without limitation".

## DOCUMENTS TO BE PRODUCED

**REQUEST FOR PRODUCTION NO. 1:**

All communications falling with the scope of Rule 26 of the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 2:**

All communications between Corey Allen and/or Dividend Advisors and Colocation America, Inc. ("Colocation") regarding the Contract or the subject matter of the Contract.

**REQUEST FOR PRODUCTION NO. 3:**

All communications showing any legal connection between: (a) Corey Allen and Colocation, or (b) Dividend Advisors and Colocation.

**REQUEST FOR PRODUCTION NO. 4:**

All documents showing any ownership interest by Dividend Advisors or Corey Allen in Colocation, or any ownership interest in Dividend Advisors by Colocation.

**REQUEST FOR PRODUCTION NO. 5:**

All documents showing any ownership interest by Paul Siegelman in Colocation.

**REQUEST FOR PRODUCTION NO. 6:**

All documents related to any IPv4 addresses owned by Colocation.

**REQUEST FOR PRODUCTION NO. 7:**

All documents related to MNC or this lawsuit.

**REQUEST FOR PRODUCTION NO. 8:**

All documents related to the value of the IPv4 addresses in the range 134.22.0.0 to 134.22.255.255.

**REQUEST FOR PRODUCTION NO. 9:**

All documents related to the valuation of the domain name gandolf.ca.

**REQUEST FOR PRODUCTION NO. 10:**

All documents identified or referred to by you in responding to MNC's First Set of Interrogatories to Colocation.

**REQUEST FOR PRODUCTION NO. 11:**

All documents related to any IPv4 addresses owned by MNC.

DATED this 24th day of May, 2017.

SNELL & WILMER L.L.P.

By: /s/ David E. Rogers
David E. Rogers
David G. Barker
Jacob C. Jones
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
*Attorneys for Mitel Networks Corporation*

## Certificate of Service

I hereby certify that on May 24, 2017, I caused a true and correct copy of Mitel Networks Corporation's First Request for Production of Documents to Colocation America, Inc. to be served on Colocation America, Inc., by United States Express Mail, postage prepaid, to the last known address of the counsel of record for Colocation America, Inc., with a courtesy copy by email, as follows:

Teresa H. Foster
Brier, Irish, Hubbard & Erhart, P.L.C.
2400 East Arizona Biltmore Circle
Suite 1300
Phoenix, AZ 85016
ctfiling@thfosterlaw.com

Attorney for Plaintiff

4846-2329-1976.3

- 7 -