# EXHIBIT 2

1  David E. Rogers (#019274)
   David G. Barker (#024657)
2  Jacob C. Jones (#029971)
   SNELL & WILMER L.L.P.
3  One Arizona Center
   400 E. Van Buren, Suite 1900
4  Phoenix, Arizona 85004-2202
   Telephone: 602.382.6000
5  Facsimile: 602.382.6070
   E-Mail: drogers@swlaw.com
6          dbarker@swlaw.com
           jcjones@swlaw.com
7
   *Attorneys for Defendant*
8  *Mitel Networks Corporation*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Colocation America, Inc., | No. CV-17-00421-PHX-NVW |
|---|---|
| Plaintiff, | **Mitel Networks Corporation's Second Request for Production of Documents to Colocation America, Inc. (Nos. 12-19)** |
| v. | |
| Mitel Networks Corporation, | |
| Defendant. | |

TO: COLOCATION AMERICA, INC. AND ITS ATTORNEYS OF RECORD:

Pursuant to Rules 26 and 34, Federal Rules of Civil Procedure, Defendant Mitel Networks Corporation hereby requests that Plaintiff Colocation America, Inc. produce for inspection and copying, at the offices of Snell & Wilmer L.L.P., One Arizona Center, 400 E. Van Buren Street, Phoenix, Arizona 85004, within thirty (30) days from the date hereof, the documents listed below.

**INSTRUCTIONS FOR USE**

1.  In producing the documents designated below, you are requested to furnish all documents known or available to you regardless of whether a document is currently in your possession, custody, or control, or that of your parent, subsidiary or affiliated corporations, attorneys, employees, agents, investigators, or other representatives, or is otherwise available to you.

4821-1039-9311

2. If, for any reason, you are unable to produce in full any document requested:

    a. Produce each such document to the fullest extent possible;

    b. Specify the reasons for your inability to produce the remainder; and

    c. State in detail whatever information, knowledge, or belief you have concerning the whereabouts and substance of each document not produced in full.

3. If any document requested was at one time in existence, but is no longer in existence, please state for each document as to which that is the case:

    a. The type of document;

    b. The types of information contained therein;

    c. The date upon which it ceased to exist;

    d. The circumstances under which it ceased to exist;

    e. The identity of all persons having knowledge of the circumstances under which it ceased to exist; and

    f. The identity of all persons having knowledge or who had knowledge of the contents thereof.

4. For each document requested which you are unable to produce and which was at any time within your possession, custody or control, or to which you had access at any time, specify in detail:

    a. The nature of the document (*i.e.*, letter, memorandum, etc.);

    b. The author of the document;

    c. All recipients of the document and any copy thereof;

    d. A summary of the information contained in the document;

    e. The date on which you lost, relinquished, or otherwise ceased to have possession, custody, control of, or access to the document;

    f. Identify all persons having knowledge of the circumstances whereby you lost, relinquished, or otherwise ceased to have possession, custody, or control of, or access to the document; and

    g. Identify all persons who have or have had knowledge of the contents

of the document, in full or in part.

5. In the event you seek to withhold or do withhold any document, in whole or in part, on the basis that it is not subject to discovery, produce a list of all such documents and, as to each such document, state:

    a. The name of each author, writer, sender or initiator of each such document;

    b. The name of each recipient, addressee or party to whom such document was sent or intended to be sent;

    c. The name of each and every person who received a copy of the document;

    d. The date of the document or, if no date appears on the document, the date the document was prepared;

    e. The title of the document or, if it has no title, then such other description of the document and its subject matter as shall be sufficient to identify the document; and

    f. The grounds claimed for withholding the document from discovery (*e.g.*, attorney-client privilege, work product, or any other grounds), and the factual basis for such a claim.

6. In accordance with Rule 34, Fed. R. Civ. P., as to each document produced, you are requested to designate the paragraph and subparagraph of this request to which each such document is responsive.

7. This Request is a continuing one, and requires that you produce all responsive documents and tangible objects whenever you obtain or become aware of them, even if they are not in your possession or available to you on the date you first produce documents pursuant to this Request.

### DEFINITIONS

1. Unless indicated otherwise, "Colocation," "Plaintiff," "You," or "Your," refers to the named Plaintiff Colocation America, Inc. as set forth in the caption of the

complaint, any predecessors or successors, and also including Plaintiff's agents, representatives, or attorneys.

2. "Colocation Individuals" means Pedro Cruz, identified by Colocation in its filings with the California Secretary of State as an agent for service of process, and the individuals identified by Colocation in its filings with the Nevada Secretary of State: Michael Trunkett (President or CEO), David Stein (Director), Amy Goldstein (Treasurer or CFO), and Brian Greenspan (Secretary).

3. "MNC" means Mitel Networks Corporation, which is the named Defendant as set forth in the Caption of the Complaint.

4. "Contract" means the Domain Name Assignment Agreement between Colocation and MNC.

5. "Dividend Advisors" means Dividend Advisors, LLC, and includes all individuals and entities acting on its behalf.

6. "Kotler" means Corey Allen Kotler.

7. "IPv4" means Internet Protocol version 4.

8. The term "document" includes electronically stored information, and is used in the broadest sense to be equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document.

9. The term "communication" means any exchange or transfer of information between two or more persons, whether written, oral, electronic, or in any other form, and also includes any documents, notes, memoranda or other writings reflecting the substance of the communication.

10. "Any," "each" and "all" shall be read to be all inclusive, and to require the production of each and every document (as hereinafter defined) responsive to the particular request for production in which such term appears.

11. "And," "or" and any other conjunctions or disjunctions used herein shall be read both conjunctively and disjunctively so as to require the production of all documents

(as hereinafter defined) responsive to all or any part of each particular request for production in which any conjunction or disjunction appears.

12. "Person" means an individual, firm, corporation, association, organization or any other entity. All references to persons or entities also include all persons and entities acting on his, her, their or its behalf.

13. The term "including" is not limiting and means "including, without limitation."

## DOCUMENTS TO BE PRODUCED

**REQUEST FOR PRODUCTION NO. 12:**

All communications related to this lawsuit, including corporate meeting minutes, created by or on behalf of Colocation, or exchanged between Colocation and any of the Colocation Individuals.

**REQUEST FOR PRODUCTION NO. 13:**

All communications related to MNC, including corporate meeting minutes, created by or on behalf of Colocation, or exchanged between Colocation and any of the Colocation Individuals.

**REQUEST FOR PRODUCTION NO. 14:**

All communications related to the IPv4 addresses at issue in this lawsuit, including corporate meeting minutes, created by or on behalf of Colocation, or exchanged between Colocation and any of the Colocation Individuals.

**REQUEST FOR PRODUCTION NO. 15:**

All communications related to the Contract, including corporate meeting minutes, created by or on behalf of Colocation, or exchanged between Colocation and any of the Colocation Individuals.

**REQUEST FOR PRODUCTION NO. 16:**

All communications related to Corey Allen, Corey Kotler, or Corey Allen Kotler, including corporate meeting minutes, created by or on behalf of Colocation, or exchanged between Colocation and any of the Colocation Individuals.

**REQUEST FOR PRODUCTION NO. 17:**

All agreements, including employment agreements, nondisclosure agreements, and confidentiality agreements, between Colocation and any of the Colocation Individuals.

**REQUEST FOR PRODUCTION NO. 18:**

All payroll records related to the Colocation Individuals.

**REQUEST FOR PRODUCTION NO. 19:**

All records of payments made from Colocation to any of the Colocation Individuals or to Kotler.

DATED this 15th day of September, 2017.

SNELL & WILMER L.L.P.

By: /s/ David G. Barker
David E. Rogers
David G. Barker
Jacob C. Jones
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
*Attorneys for Mitel Networks Corporation*

**Certificate of Service**

I hereby certify that on September 15, 2017, I caused a true and correct copy of the foregoing document to be served on Colocation America, Inc., by United States Express Mail, postage prepaid, to the last known address of the counsel of record for Colocation America, Inc., as follows:

>Teresa H. Foster
>Brier, Irish, Hubbard & Erhart, P.L.C.
>2400 East Arizona Biltmore Circle
>Suite 1300
>Phoenix, AZ 85016
>ctfiling@thfosterlaw.com
>
>Attorney for Plaintiff

*/s/ Kim Hays*