David E. Rogers (#19274)
David G. Barker (#024657)
Jacob C. Jones (#029971)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
E-Mail: drogers@swlaw.com
          dbarker@swlaw.com
          jcjones@swlaw.com

Attorneys for Defendant
Mitel Networks Corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Colocation America, Inc.,<br><br>    Plaintiff,<br><br>v.<br><br>Mitel Networks Corporation,<br><br>    Defendant. | Case No. CV-17-00421-PHX-NVW<br><br>**REPLY IN SUPPORT OF [DOC. 40] SECOND MOTION TO EXTEND DISCOVERY AND DISPOSITIVE MOTION DEADLINES** |

Colocation's main contention in opposing the discovery extension is apparently that MNC's proposed amendment is futile because "[t]here has been no fraud and certainly the identity of officers and directors is not relevant to the issues of this case." Doc. 43 at 5.  First, Colocation's fraud is at least a question of fact, although MNC believes it is virtually indisputable here.  Second, Colocation fails to address, let alone dispute, the reasons for MNC's Motion (Doc. 40), namely: (1) to discover the true party in interest, which could very well be Colocation's owner or another of his companies, and (2) testing Colocation's veracity in disclosures, depositions, and discovery responses.

Importantly, MNC recently uncovered the document attached as Exhibit 3, hereto. Exhibit 3 is one of the emails *still being withheld by Colocation*.  Exhibit 3 is ***an email from "Corey Allen Kotler" to Albert Ahdoot (Colocation's owner) and Paul Sigelman (Colocation's lawyer), dated February 19, 2016 (pre-contract), stating***:

4829-1482-6835

**Is there a way to slip it [the IPv4 addresses] in nebulously?**
i.e. "…and should any potential intellectually [sic] properties or scenarios that may be associated at a future point in time"

Exhibit 3 was found in a stack of papers Corey Kotler brought to his deposition.[1] It confirms that (1) Colocation intentionally misrepresented its intent in contacting and negotiating with MNC, i.e., it was attempting to acquire IPv4 addresses under the ruse of buying a domain name and that (2) Colocation's discovery responses and testimony asserting that (a) it did not know Kotler's true identity prior to executing the Contract with MNC, and that (b) its attorney Sigelman was not involved in negotiating the Contract, *are false*. Colocation's *sworn* discovery responses received October 19, 2017 state that "Plaintiff has been unable to locate *any email exchanges between Plaintiff and Corey Allen (aka Corey Kotler) that did not also include a representative of MNC*." Ex. 4, Resp. to RFA 13.[2] (emphasis added). Colocation's *sworn* responses also state at least seven times that "Plaintiff did not know that Corey Allen also used the name Corey Kotler before the Contract was signed." Ex. 4, Resp. to RFA 7, 8, 9, 10, 11, 12, *see also* Resp. to Interrog. 13 ("It was not until after the MNC transaction that Plaintiff learned that Corey Allen also used the name Corey Kotler."). The Contract between Colocation and MNC was signed in March 2017, *but Exhibit 3 is from February 2017*. It is a communication between Kotler, Colocation, and Sigelman, and further shows that Colocation's sworn discovery responses in this lawsuit are manifestly false.

Thus, Colocation's (1) intent to defraud MNC with respect to its hidden, "nebulous" intent to acquire IPv4 addresses, and (2) knowledge of Kotler's true identity, are not disputable. Ex. 3. To make matters worse, Colocation's counsel knew of and specifically requested this email in anticipation of Kotler's deposition, to which Kotler replied:

**I [KOTLER] FOUND A COPY OF THIS ONE THAT U [SIGELMAN] REQUESTED**

---

[1] MNC's counsel marked the stack of papers as a collective exhibit to that deposition.

[2] Colocation testified that it never deletes emails because of payment certification requirements, so it must have a copy of Exhibit 3. Ex. 6 at 21:5-25:9. Colocation also testified falsely that Sigelman was not involved in the MNC transaction. *Id.*

1  Ex. 3.  So, Sigelman expressly asked Kotler to send a copy of Exhibit 3 to him.  Yet,
2  Colocation and its attorneys still have not produced the document, despite MNC's
3  discovery requests clearly calling for production of it and related emails. Ex. 5.

4  Not only did Colocation deceive MNC in connection with the Contract at issue in
5  this case, **Colocation has continued to deceive both MNC and this Court throughout this**
6  **litigation**, through incorrect disclosure statements and false testimony and sworn
7  discovery responses.  This has led to discovery costs by MNC for which Colocation and
8  Sigelman should be liable under Fed. R. Civ. P. 37(c), 28 U.S.C. 1927, and the Court's
9  inherent authority.  *See generally* Docs. 35, 39, 40.

10  This case is now about Colocation's fraud.  MNC originally believed that this was
11  a contract interpretation case, and that Colocation's fraud was limited to misrepresenting
12  the nature of its interest in a domain name, when it was really interested in IPv4 addresses.
13  Through lengthy, expensive discovery efforts, with essentially no cooperation from
14  Colocation, MNC has uncovered much of Colocation's deceptive conduct.  The schedule
15  should be amended because Colocation has engaged in fraud, which involves its agent,
16  Kotler, and its attorney, Sigelman.  Whether Colocation is the alter ego of Ahdoot or his
17  other businesses, and Colocation's credibility are relevant to this case.  The additional
18  depositions of Cruz[3] and Shugarman, and any additional discovery stemming from
19  documents still to be produced by Colocation, should be permitted.

20  DATED this 31st day of October, 2017.

22  SNELL & WILMER L.L.P.

23  By: s/ *Jacob C. Jones*
    Jacob C. Jones (#029971)
    One Arizona Center
    400 E. Van Buren, Suite 1900
    Phoenix, Arizona 85004-2202
    Telephone: 602.382.6000
    Attorneys for Defendant
    Mitel Networks Corporation

---

[3] Colocation already consented to a deposition of Cruz, but has not agreed to any date.

4829-1482-6835

- 3 -

**Certificate of Service**

I hereby certify that on October 31, 2017, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record to:

Teresa H. Foster
Brier, Irish, Hubbard & Erhart, P.L.C.
2400 East Arizona Biltmore Circle
Suite 1300
Phoenix, AZ 85016
ctfiling@thfosterlaw.com

Paul Stephen Sigelman
Sigelman Law Corporation
433 N Camden Dr., Suite 970
Beverly Hills, CA 90210
paul@sigelmanlaw.com

Attorneys for Plaintiff

 s/ *Jacob C. Jones*

4829-1482-6835