David E. Rogers (#019274)
David G. Barker (#024657)
Jacob C. Jones (#029971)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
E-Mail: drogers@swlaw.com
        dbarker@swlaw.com
        jcjones@swlaw.com

Attorneys for Defendant
Mitel Networks Corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Colocation America Corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>Mitel Networks Corporation,<br><br>  Defendant. | No. CV-17-00421-PHX-NVW<br><br>**MOTION FOR LEAVE TO FILE SECOND AMENDED COUNTERCLAIM AND TO ADD NEW COUNTERDEFENDANT**<br><br>**[Oral Argument Requested]** |
| Mitel Networks Corporation,<br><br>  Counterclaimant,<br><br>  v.<br><br>Colocation America, Inc.; Corey Allen Kotler and Mojgan Tabibnia, husband and wife,<br><br>  Counterdefendants. | |

Mitel Networks Corporation ("MNC") moves under Rule 15(a) for leave to file the attached, amended counterclaim to add the sole shareholder, officer and employee of Colocation, Albert Ahdoot ("Ahdoot"), as a counterdefendant under Rules 13(h) and 20(a)(2)(A).  Pursuant to LRCiv 15.1(a), MNC attaches a copy (as Ex. 1) of the proposed

1 amended pleading that shows how it differs from the existing pleading. MNC is not
2 requesting an extension of any deadline, and the Court indicated it would enter a new
3 Scheduling Order following this motion. Tr. (Nov. 1, 2017) at 28:16–22.

4       At the hearing on November 1, 2017, the Court ordered the parties to meet and
5 confer about this amended counterclaim and set a schedule for MNC to provide it to
6 Colocation and for Colocation to respond. Doc. 48. The Court stated that if the proposed
7 amended counterclaim "is sufficient to state a claim, I will be disposed to allow it." Tr.
8 (Nov. 1, 2017) at 27:17–18.

9       MNC sent the proposed amended counterclaim to Colocation on November 10,
10 2017. Colocation responded on November 20, 2017 stating that it could not stipulate to
11 the amendment because: (1) any claims against Ahdoot should be in a third-party
12 complaint (as opposed to an amended counterclaim), and (2) it did "not see" any legal or
13 factual basis for Ahdoot being a party to Count I for breach of contract. Ex. 2.
14 Colocation agreed that Ahdoot could properly be named as a party for Counts III (for
15 fraud in the inducement) and IV (for civil conspiracy), if the allegations in the proposed
16 amended counterclaim were taken as true. Colocation made no comment about Count V
17 (Aiding and Abetting).[1] *Id.*

18       MNC responded on November 21, 2017 explaining that Colocation's proposed
19 third-party complaint procedure was incorrect, citing cases supporting that position. Ex.
20 3. MNC also pointed out that it had already argued the same position when it moved to
21 join Corey Kotler as a counterdefendant (Doc. 35 at 10–11), and the Court granted that
22 Motion. Doc. 48. MNC's response also explained that Ahdoot is a proper party to Count
23 I (Breach of Contract) because, as alleged, Ahdoot is Colocation's alter ego. Ex. 3.
24 Colocation has not responded to the November 21, 2017 letter.

25       Colocation thus agrees that proposed Counts III (Fraud) and IV (Civil Conspiracy)
26 against Ahdoot are not futile and that the Court "would grant a Motion to Amend to add
27

28 [1] Count II (Rescission or Avoidance of the Contract) does not require Ahdoot as a party.

- 2 -

those 2 counts." Ex. 2. Colocation merely alleges that Ahdoot should be named in a third-party complaint. *Id.* Accordingly, if the Court finds the form of this amended pleading attached as Exhibit 1 is correct, the Court should grant MNC's motion to amend with respect to Counts III and IV.

Colocation's objection to adding Ahdoot as a counterdefendant to Count I misses the point. Ahdoot is at least jointly and severally liable on Count I because MNC alleges that Ahdoot is Colocation's alter ego. The Court should pierce Colocation's corporate veil and hold Ahdoot personally liable. *See* Ex. 1 ¶¶ 202-263. Accordingly Count I is not futile and this Motion should be granted as to it as well.

Colocation's letter does not address Count V (Aiding and Abetting). *See* Ex. 2. But, by agreeing that Ahdoot can be properly added as a counterdefendant for the underlying tort of fraud (Count III), it is also proper to add Ahdoot for aiding and abetting in that fraud as set forth in Count V.

## **Memorandum of Points and Authorities**

The form of the amended pleading is proper because it joins Ahdoot as a Counterdefendant. The amended pleading states a claim against Ahdoot for Counts I and III-V. There is no prejudice to the parties in allowing the amendment. Accordingly, the Court should allow the amended pleading in its entirety because justice so requires. Fed. R. Civ. P. 15(b)(2); *Pac. Sci. Energetic Materials Co. (Arizona) LLC v. Ensign-Bickford Aerospace & Def. Co.*, 281 F.R.D. 358, 360 (D. Ariz. 2012).

### **I.    The Form of the Amended Pleading is Proper.**

Joinder of Ahdoot as a counterdefendant in this action is proper because he is at least jointly and separately liable for the fraud and civil conspiracy counts in the amended counterclaim. Fed. R. Civ. P. 13(h) & 20(a)(2)(A); *see* Ex. 2.

"Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim." Fed. R. Civ. P. 13(h). "Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of

1 transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A); *Leasing Servs., LLC v. IAM Nat. Pension Fund*, No. 10-CV-695-JPS, 2011 WL 4737599, at *1 (E.D. Wis. Oct. 5, 2011) ("Rule 13 governs the filing of counterclaims, and it provides that Rules 19 and 20 control the addition of a person as a party to a counterclaim."); *Baltimore & Ohio R. Co. v. Cent. Ry. Servs., Inc.*, 636 F. Supp. 782, 787 (E.D. Pa. 1986) (granting joinder under Rule 20; "In this case, defendants/third-party plaintiffs essentially allege that third-party defendants Lind and Taylor caused, aided, or abetted the plaintiffs' commission of many of the acts described in the counterclaim."); s*ee also K & S Real Properties, Inc. v. Olhausen Billiard Mfg., Inc.*, No. CV ELH-15-1199, 2016 WL 3162799, at *7 (D. Md. June 7, 2016) ("Indeed, it would be exceedingly inefficient, if not problematic, for OBM not to join the Smith Parties as to these three counterclaims. A determination as to the validity of the Note necessarily requires consideration of the fraud claims. Severing these claims would result in the kind of duplication that the liberal joinder rules were meant to prevent); *Rayman v. Peoples Sav. Corp.*, 735 F. Supp. 842, 854 (N.D. Ill. 1990) ("Any liability against Rayman and Mulcahy would be joint and several"; granting joinder under Rule 20).

Furthermore, MNC presented a similar argument to the Court under Rules 13(h) & 20(a)(2)(A) with respect to recently joined counterdefendant Corey Kotler (Doc. 35), and the Court granted MNC's motion. Doc. 48. Ahdoot is a resident of California, so joining him does not deprive the Court of diversity-of-citizenship subject matter jurisdiction. The Court should find the form of the pleading, i.e., an amended counterclaim naming Ahdoot as an additional counterdefendant for Counts I and III-V, is proper.

///
///
///
///
///
///

- 4 -

## II. The Amended Counterclaim States a Claim Against Ahdoot for Counts I and III-V.

### A. Ahdoot Is the Alter Ego of Colocation.

If Ahdoot is the "alter ego" of Colocation,[2] the Court should pierce the corporate veil and hold Ahdoot personally liable for Colocation's breach of contract and torts. *See House of Brussels Chocolates, Inc. v. Whittington*, 124 Nev. 1475, 238 P.3d 820 (2008). Nevada law likely applies to the decision of whether to pierce the corporate veil. *See Bridgepoint Constr. Servs. Inc. v. Lassetter*, No. CV-16-00078-PHX-JJT, 2017 WL 372950, at *2 (D. Ariz. Jan. 26, 2017) ("Generally, in cases where a plaintiff attempts to pierce the corporate veil of a corporation to hold an individual defendant liable, the law of the state of incorporation determines when the corporate form will be disregarded."). Under Nevada law, "[a] stockholder, director or officer acts as the alter ego of a corporation if: (a) The corporation is influenced and governed by the stockholder, director or officer; (b) There is such unity of interest and ownership that the corporation and the stockholder, director or officer are inseparable from each other; and (c) Adherence to the corporate fiction of a separate entity would sanction fraud or promote a manifest injustice." Nev. Rev. Stat. § 78.747.[3]

Ahdoot is the sole shareholder, officer, director, and employee of Colocation. Ex. 1 ¶¶ 212-229. The allegations that follow, taken from paragraphs 198–259 and 271-275

---

[2] The cases sometimes refer to a *person* as the "alter ego" of a corporation, and sometimes to the *corporation* as the "alter ego" of a person, but the result is the same. Because the Nevada alter ego statute uses the former construction—"a stockholder . . . acts as the alter ego of the corporation if . . ." (Nev. Rev. Stat. § 78.747, discussed below)—so does this Motion.

[3] The result would be the same under Arizona law. *Dietel v. Day*, 16 Ariz. App. 206, 208, 492 P.2d 455, 457 (1972) ("The corporate fiction will be disregarded when the corporation is the alter ego or business conduit of a person, and when to observe the corporation would work an injustice. The alter-ego status is said to exist when there is such unity of interest and ownership that the separate personalities of the corporation and owners cease to exist. . . . If a corporation was formed or is employed for fraudulent purposes then clearly the corporate fiction should be disregarded."); *see also Employer's Liab. Assur. Corp. v. Lunt*, 82 Ariz. 320, 323, 313 P.2d 393, 395 (1957).

- 5 -

in the proposed Second Amended Counterclaim (Ex. 1), are sufficient to state a claim to pierce the corporate veil of Colocation and hold Ahdoot personally liable for Counts I and III-V.

Ahdoot controlled every aspect of Colocation at all times during the negotiations with MNC. Ex. 1 ¶ 231. Ahdoot personally directed the actions Colocation was supposedly conducting which give rise to MNC's breach of contract claim. *Id.* ¶ 276. Ahdoot personally executed the Contract with MNC. *Id.* ¶ 202. Next to "NAME" in the signature block, and under his signature, Ahdoot wrote "Albert A. Ahdoot/Busines." "Busines" was a misspelling of "Business." *Id.* ¶¶ 203-205. The Contract does not state that Ahdoot executed the Contract in the capacity of an officer or director of Colocation. *Id.* ¶ 206. The signature block of the Contract does not state Ahdoot's relationship to Colocation. *Id.* ¶ 207. Ahdoot and Colocation are the same entity with respect to the conduct giving rise to MNC's breach of contract claim. *Id.* ¶ 277.

Colocation is merely the business conduit of Ahdoot, which Ahdoot, on information and belief, formed for fraudulent and improper purposes. *Id.* ¶¶ 205, 241. Ahdoot is and has always been the only shareholder, employee, officer, and director of Colocation and controlled all aspects of Colocation's dealings with MNC. Ex. 1 ¶¶ 212-229. For over a decade, Ahdoot filed false information with the Nevada Secretary of State that included non-existent officers and directors of Colocation. Ex. 1 ¶¶ 208-229.

In at least one filing with the Nevada Secretary of State that Ahdoot signed under penalty of perjury and acknowledging that pursuant to Nev. Rev. Stat. § 239.330, it is a category C felony to knowingly offer any false or forged instrument for filing in the Office of the Secretary of State (Exhibit C to proposed Second Amended Counterclaim), Ahdoot listed five non-existent persons - Trunkett, Goldstein, Greenspan, and Stein - as officers or directors of Colocation. *Id.* ¶¶ 208-215.

Ahdoot knowingly submitted false and fraudulent information to the Nevada Secretary of State, which is believed to have been done to obscure Ahdoot's identity. *Id.* ¶¶ 208-215, 232. Colocation has not met corporate formalities regarding its filings to the

- 6 -

1 Nevada Secretary of State and, upon information and belief, regarding other corporate
2 formalities such as corporate meetings and minutes and maintaining books and records of
3 account in reasonable order. *Id.* ¶¶ 230-241.

4       On information and belief, Colocation is undercapitalized, Ahdoot has commingled
5 funds with Colocation, and Ahdoot has diverted Colocation's assets for Ahdoot's personal
6 use. *Id.* ¶¶ 234-37. On information and belief, Ahdoot, at all material times, had sole
7 signatory authority over Colocation's bank accounts and charge accounts. *Id.* ¶¶ 238-39.
8 On information and belief, the financial setup of Colocation is a sham. *Id.* ¶ 244.

9       Observing the corporate form of Colocation would sanction a fraud or work an
10 injustice. *Id.* ¶¶ 243-263. Ahdoot and Colocation have not distinguished between
11 Colocation America Corporation, an alleged Nevada corporation, Colocation America,
12 Inc., an alleged Nevada fictitious entity, and Ahdoot. *Id.* ¶ 245. Ahdoot filed a Certificate
13 of Business: Fictitious Firm Name with the County Clerk for Clark County, Nevada for
14 the name Colocation America, Inc. *Id.* ¶ 246. Ahdoot forged the signature of the non-
15 existent Michael Trunkett on this fictitious firm name filing. *Id.* ¶ 248. Ahdoot listed
16 "Colocation America, Inc." as the contracting party to the Contract at issue here, and
17 brought this lawsuit in the name of Colocation America, Inc., which is not a legal entity
18 that can enter into a contract or bring a lawsuit. *Id.* ¶¶ 257-58. Colocation and Ahdoot are
19 not separate entities and have a unity of ownership and interest. *Id.* ¶¶ 260-61. Treating
20 Colocation as a separate entity from Ahdoot would cause an injustice, at least because it
21 would prevent MNC from being able to collect any amounts awarded MNC in this action.
22 *Id.* ¶¶ 262-63.

23       The foregoing allegations are sufficient to state a claim to pierce the corporate veil
24 because Ahdoot is the alter ego of Colocation. Colocation is "influenced and governed
25 by" Ahdoot because he is the only shareholder and is the only officer, director, and
26 employee. *See* Nev. Rev. Stat. § 78.747. There is a unity of interest between Colocation
27 and Ahdoot because he is the only shareholder, officer, director, and employee—no other
28 human being has any interest in or control over Colocation. *See id.* Finally, adhering to


the fiction that Colocation is a separate entity would work an injustice on MNC, leaving MNC with no remedy for Colocation's wrongs. *See id.* Therefore, the Court should grant this Motion to join Ahdoot as a counterdefendant because he is the alter ego of Colocation.

### B. Count I States a Claim for Breach of Contract Against Ahdoot.

Because Colocation is the "alter ego" of Ahdoot, Ahdoot is personally liable for Colocation's breach of contract, to the extent Colocation is found to have breach the contract. He is also personally liable for breach of contract because, given the cryptic signature block, there is at least a question of fact as to whether he personally signed the contract, not as an officer or director of Colocation. Under either scenario, MNC states a claim for breach of contract against Ahdoot.

Accordingly, MNC has stated a claim for Ahdoot's personal liability for Count I (Breach of Contract), because Colocation is his alter ego and/or because he personally obligated himself to perform under the Contract. Ahdoot and Colocation are vicariously, jointly, and severally liable for breach of contract.

### C. Colocation Concedes that Counts III and IV Against Ahdoot Are Proper.

Colocation concedes that MNC has stated a claim against Ahdoot in his personal capacity for Counts III (Fraud) and IV (Civil Conspiracy), so for those two counts MNC addresses only the proper form of the pleading. *See supra* Section I at 2-3; Ex. 2. Rules 13(h) and 20(a)(2)(A) dictate that Ahdoot be joined as a Counterdefendant and that it would be in proper for MNC to file a "third-party complaint" as Colocation suggests. *Supra*, Section I; *see* Ex. 3. If the Court agrees that the form of pleading is proper, the Court should allow the amended pleading for Counts III and IV.

### D. Count V States a Claim for Aiding and Abetting Against Ahdoot.

Regarding Count V (Aiding and Abetting), MNC has plead at least the independent primary tort of fraud. Ex. 1 at ¶¶ 22–25; *see AGA Shareholders, LLC v. CSK Auto, Inc.*, 589 F. Supp. 2d 1175, 1192 (D. Ariz. 2008) (derivative claims dismissed only because

underlying claim for tortious interference failed as a matter of law).  Colocation agrees that MNC has stated a claim against Ahdoot for fraud.  Ex. 2.  Further, Ahdoot personally directed Colocation with respect to the aiding and abetting committed by Colocation.  Ex. 1 at ¶ 356.  Accordingly, Ahdoot should be joined as a counterdefendant for aiding and abetting Colocation's and Kotler's tortious actions.

In addition, as set forth above, Ahdoot is Colocation's alter ego.  Hence, Ahdoot is vicariously, jointly, and severally liable for Colocation's actions in aiding and abetting Kotler's fraud.  MNC has thus stated a claim to join Ahdoot as a counterdefendant for aiding and abetting count based on his individual actions and the actions of his alter ego, Colocation.

### III.     There Is no Prejudice to the Counterdefendants.

Under Rule 15(a)(2), the Court should consider "whether the amendment would prejudice the opposing party, whether it is sought in bad faith, whether the proposed amendment would be futile, and whether the amendment would cause undue delay." *Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 687 (E.D. Cal. 2009) (granting leave to amend).  "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Pac. Sci. Energetic Materials*, 281 F.R.D. at 360 (granting leave to amend).  "The Ninth Circuit has instructed that Rule 15 should be applied 'with extreme liberality.'" *Id.*

MNC's motion to amend is made in good faith as described in its previous motion to amend (Doc. 35) and reply (Doc. 39) and as discussed at the November 1 hearing.  The Court already permitted MNC to file this amended pleading, Tr. (Nov. 1, 2017) at 27:17-18.  There is no prejudice to the counterdefendants because the Court has indicated it will set a new case schedule to permit any necessary discovery.  *Id.* at 28: 16-22.  The motion to amend is not futile as discussed above.  Leave to amend should be granted because justice so requires.

///

### IV. Conclusion.

The Court should grant MNC's Second Motion to Amend to join Ahdoot as a counterdefendant and to permit MNC to file the proposed Second Amended Counterclaim.

DATED this 1st day of December, 2017.

SNELL & WILMER L.L.P.

By: *s/ Jacob C. Jones*
David E. Rogers
David G. Barker
Jacob C. Jones
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Attorneys for Mitel Networks Corporation

- 10 -

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 1, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Teresa H. Foster, Esq.
Brier, Irish, Hubbard & Erhart, P.L.C.
2400 East Arizona Biltmore Circle
Suite 1300
Phoenix, AZ 85016
ctfilings@thfosterlaw.com

Paul Stephen Sigelman
Sigelman Law Corporation
433 N Camden Dr., Suite 970
Beverly Hills, CA 90210
paul@sigelmanlaw.com

Attorneys for Colocation

s/ *Jacob C. Jones*

4827-5426-7478

- 11 -