# EXHIBIT 3



LAW OFFICES

One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004-2202
602.382.6000
602.382.6070 (Fax)
www.swlaw.com

DENVER
LAS VEGAS
LOS ANGELES
LOS CABOS
ORANGE COUNTY
PHOENIX
RENO
SALT LAKE CITY
TUCSON

**David G. Barker**
(602) 382-6376
dbarker@swlaw.com

November 21, 2017

**VIA EMAIL ONLY**

Teresa H. Foster
Brier, Irish, Hubbard & Erhart, P.L.C.
2400 East Arizona Biltmore Circle
Suite 1300
Phoenix, AZ 85016
*ctfiling@thfosterlaw.com; tfoster@bihlaw.com*

      Re:    Colocation America, Inc. v. Mitel Networks Corporation
               USDC Case No. CV-17-00421-PHX-NVW

Teri:

    Procedurally, our Second Amended Counterclaim is proper.  It would be improper, as you propose, to draft it as a "third-party complaint" under Fed. R. Civ. P. 14, because we do not assert that Mr. Ahdoot "is or may be liable to the third-party defendant for all or part of any claim against it." Fed. R. Civ. P. 14(b)(5).  Rather, Mr. Ahdoot is jointly and severally liable with Colocation for MNC's counterclaims against Colocation.  Therefore, joinder under Rule 20(a)(2)(A) governs the procedure for adding Mr. Ahdoot as a counterdefendant.  "Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A).  Rule 13(h) confirms our position: "Rules 19 and 20 govern the addition of a person as a party to a counterclaim."

    We argued this same position in our motion to join Kotler as a counterdefendant (Doc. 35 at 10-11), and Judge Wake granted our motion over Colocation's opposition.  For the same reasons, we believe he will find our pleading is proper as it is currently drafted.

    These are some cases that support our position, which we cited in our motion to join Kotler: *Leasing Servs., LLC v. IAM Nat. Pension Fund*, No. 10-CV-695-JPS, 2011 WL 4737599, at *1 (E.D. Wis. Oct. 5, 2011) ("Rule 13 governs the filing of counterclaims, and it provides that Rules 19 and 20 control the addition of a person as a party to a counterclaim."); *Baltimore &*



Teresa Foster
November 21, 2017
Page 2

*Ohio R. Co. v. Cent. Ry. Servs., Inc.*, 636 F. Supp. 782, 787 (E.D. Pa. 1986) (granting joinder under Rule 20; "In this case, defendants/third-party plaintiffs essentially allege that third-party defendants Lind and Taylor caused, aided, or abetted the plaintiffs' commission of many of the acts described in the counterclaim."); s*ee also K & S Real Properties, Inc. v. Olhausen Billiard Mfg., Inc.*, No. CV ELH-15-1199, 2016 WL 3162799, at *7 (D. Md. June 7, 2016) ("Indeed, it would be exceedingly inefficient, if not problematic, for OBM not to join the Smith Parties as to these three counterclaims.  A determination as to the validity of the Note necessarily requires consideration of the fraud claims. Severing these claims would result in the kind of duplication that the liberal joinder rules were meant to prevent); *Rayman v. Peoples Sav. Corp.*, 735 F. Supp. 842, 854 (N.D. Ill. 1990) ("Any liability against Rayman and Mulcahy would be joint and several"; granting joinder under Rule 20).

   Regarding the substance of Count I for breach of contract, Mr. Ahdoot is a proper party at least because of our allegations that would allow the Court to pierce the corporate veil and hold Mr. Ahdoot personally liable.  Judge Wake recognized at the last hearing that we were asserting that Colocation is the alter ego of Mr. Ahdoot.

   Please confirm that Mr. Ahdoot will stipulate to the pleading as drafted.  We understand you do not agree substantively with the allegations, but Mr. Ahdoot has no proper basis to object to the pleading.   The Court's deadline for your stipulation is today.

           Very truly yours,

           Snell & Wilmer

           David G. Barker

cc:  Paul Sigelman (paul@sigelmanlaw.com)
    Harry Stanford (hstanford@bihlaw.com)