Corey Allen Kotler
Mojan Tabibnia
2385 Roscomare Rd., Unit E11
Los Angeles, CA 90077
In Propria Persona

FILED ✓  LODGED ___
RECEIVED ___ COPY ___

DEC 1 3 2017

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ AM  DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MITEL NETWORKS CORPORATION,<br><br>　　　　Counterclaimant,<br><br>v.<br><br>COLOCATION AMERICA, INC., and Corey Allen Kotler and Mojgan Tabibnia, husband and wife,<br><br>　　　　Counterdefendants. | Case No.: 2:17-cv-00421-PHX-NVW<br><br>REPLY TO COUNTERCLAIM |

　　　Counterclaimants Corey Allen Kotler ("Kotler") and Mojgan Tabibnia ("Tabibnia"), (jointly "Kotler"), reply to Defendant/ Counterclaimant Mitel Networks Corporation ("MNC") counterclaim against them as follows:

　　　1.　　Answering paragraph 1, requires no response.

　　　2.　　Answering paragraph 2, admit the same.

　　　3.　　Answering paragraph 3, admit the same.

　　　4.　　Answering paragraph 4, Kotler and Tabibnia are married, but deny Kotler was acting on behalf of the marital community.

　　　5.　　Answering paragraph 5, alleges that the dispute concerns Mitel's knowingly entered into an agreement after its own research and evaluation of the addresses it was selling; and except as expressly admitted herein, denies each and every other allegation therein contained.

　　　6.　　Answering paragraph 6, admit the same.

THIS DOCUMENT IS **NOT** IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT.

REFERENCE _LRCiv 5.4_
(Rule Number/Section)

7. Answering paragraph 7, deny each and every other allegation therein contained.

8. Answering paragraph 8, alleges that the contract did not originate in Arizona, that the contract was negotiated in California, and admits that the original action was brought in Maricopa County Superior Court, Arizona.

9. Answering paragraph 9, admits the same.

10. Answering paragraph 10, admits the same.

11. Answering paragraph 11, denies the same.

12. Answering paragraph 12, admit the same.

13. Answering paragraph 13, admit the same.

14. Answering paragraph 14, admit the same.

15. Answering paragraph 15, admit the same.

16. Answering paragraph 16, alleges that ARIN manages and distributes some, but not all internet addresses.

17. Answering paragraph 17, admit the same.

18. Answering paragraph 18, admit the same.

19. Answering paragraph 19, admit the same.

20. Answering paragraph 20, alleges no information or belief sufficient to enable them to answer the allegations therein contained, and on that ground, denies such allegations.

21. Answering paragraph 21, admit the same.

22. Answering paragraph 22, alleges that the contract neither includes nor excludes domain names.

23. Answering paragraph 23, admit the same.

24. Answering paragraph 24, admit the same.

25. Answering paragraph 25, admit the same.

26. Answering paragraph 26, admit the same.

27. Answering paragraph 27, deny the same.

28. Answering paragraph 28, admit the same.

29. Answering paragraph 29, alleges no information and belief that MNC represents directly or indirectly to ARIN that it has authority to direct ownership of the addresses referenced in the contract.

30. Answering paragraph 30, alleges that Colocation desired and instructed to acquire the domain name and IPv4 addresses referenced in the contract.

31. Answering paragraph 31, admit the same.

32. Answering paragraph 32, admit the same.

33. Answering paragraph 33, alleges that can be described by television viewers as alleged by the cross-complaint.

34. Answering paragraph 34, admit the same.

35. Answering paragraph 35, alleges that responded to a request for revision by MNC.

36. Answering paragraph 36, alleges that name is Corey Allen Kotler and that used Corey Allen in negotiation with MNC.

37. Answering paragraph 37, alleges that name is Corey Allen Kotler and that used Corey Allen in negotiation with MNC.

38. Answering paragraph 38, alleges that name is Corey Allen Kotler and that used Corey Allen in negotiation with MNC and except as expressly alleged herein, denies each and every other allegation therein contained.

39. Answering paragraph 39, alleges that name is Corey Allen Kotler and that used Corey Allen in negotiation with MNC and except as expressly alleged herein, denies each and every other allegation therein contained.

40. Answering paragraph 40, alleges that name is Corey Allen Kotler and that used Corey Allen in negotiation with MNC and except as expressly alleged herein, denies each and every other allegation therein contained.

41. Answering paragraph 41, alleges that name is Corey Allen Kotler and that used Corey Allen in negotiation with MNC and except as expressly alleged herein, denies each and every other allegation therein contained.

42. Answering paragraph 42, deny the same.

43. Answering paragraph 43, deny the same.

44. Answering paragraph 44, admit the same.

45. Answering paragraph 45, alleges no information or belief sufficient to enable them to answer the allegations therein contained.

46. Answering paragraph 46, alleges no information or belief sufficient to enable them to answer the allegations therein contained.

47. Answering paragraph 47, alleges that email was sent by Corey Kotler to MNC incorporating an amended agreement referencing IPv4 addresses.

48. Answering paragraph 48, Alleges that email was sent by Corey Kotler to MNC incorporating an amended agreement referencing IPv4 addresses.

49. Answering paragraph 49, admit the same.

50. Answering paragraph 50, deny the same. Communication was in 2016.

51. Answering paragraph 51, Alleges that email was sent by Corey Kotler to MNC incorporating an amended agreement referencing IPv4 addresses and the domain name purchase.

52. Answering paragraph 52, Alleges Kotler referenced MNC to contact Colocation.

53. Answering paragraph 53, Alleges Kotler referenced MNC to contact Colocation.

54. Answering paragraph 54, Alleges the draft was emailed referencing the IPv4 addresses and domain name purchase to Colocation.

55. Answering paragraph 55, Alleges Colocation emailed the draft referencing the IPv4 addresses and domain name purchase to Kotler.

56. Answering paragraph 56, admit the same.

57. Answering paragraph 57, deny the same.

58. Answering paragraph 58, deny the same.

59. Answering paragraph 58, admit the same.

60. Answering paragraph 60, Alleges that Colocation was not the identified party.

61. Answering paragraph 61, Alleges that the email draft from Whittington stated only that it was a draft suggestion of form.

62. Answering paragraph 62, admit the same.

63. Answering paragraph 63, admit the same.

64. Answering paragraph 64, deny the same.

65. Answering paragraph 65, admit the same.

66. Answering paragraph 66, admit the same.

67. Answering paragraph 67, admit the same.

68. Answering paragraph 68, Alleges that the contract effectively assigns the IPv4 addresses.

69. Answering paragraph 69, deny the same.

70. Answering paragraph 70, alleges that the contract defines IPv4 as intellectual property,

MNC paragraph 67 herein, and except as expressly alleged herein denies each and every other allegation herein contained.

71. Answering paragraph 71, deny the same.

72. Answering paragraph 72, deny the same.

73. Answering paragraph 73, Alleges that MNC had caused the purchase of certain bankruptcy assets though uncertain as to whether it included the IPv4 addresses, and thereby proceeded by quit claim.

74. Answering paragraph 74, Alleges no information or belief sufficient to enable them to answer the allegations therein contained.

75. Answering paragraph 75, Alleges no information or belief on the information or belief sought by MNC.

76. Answering paragraph 76, Alleges no information or belief on the information or belief sought by MNC.

77. Answering paragraph 77, Alleges Kotler did not participate in communications after the contract was executed.

78. Answering paragraph 78, Alleges that the contract reference was with stated MNC paragraph 67 above.

79. Answering paragraph 79, Alleges that the contract reference was with stated MNC paragraph 67 above.

80. Answering paragraph 80, Alleges Kotler did not participate in communications after the contract was executed.

81. Answering paragraph 81, Alleges that $10,000 is a fair price for a quit claim of the purchase as set out paragraph 67 above, under the circumstances then known.

82. Answering paragraph 82, Alleges that the IPv4 addresses, under the circumstances and quit claim may have had no value as MNC ownership was not known for certain to MNC.

83. Answering paragraph 83, deny the same.

84. Answering paragraph 84, Alleges that the IPv4 addresses, under the circumstances and quit claim may have had no value as ownership was unknown to MNC.

85. Answering paragraph 85, Alleges that it was not known by Kotler or MNC whether the IPv4 addresses were referenced in the contract and therefore the quit claim purchase could be worthless or could be worth more than $10,000.

86. Answering paragraph 86, Alleges that it was not known by Kotler or MNC whether the IPv4 addresses were referenced in the contract and therefore the quit claim purchase could be worthless or could be worth more than $10,000.

87. Answering paragraph 87, Alleges that it was not known by Kotler or MNC whether the IPv4 addresses were referenced in the contract and therefore the quit claim purchase could be worthless or could be worth more than $10,000.

88. Answering paragraph 88, admit the same.

89. Answering paragraph 89, deny the same.

90. Answering paragraph 90, admit the same.

91. Answering paragraph 91, no sufficient legal information or belief to enable them to answer the allegations therein contained.

92. Answering paragraph 92, admit the same.

93. Answering paragraph 93, no sufficient information and belief to know on "what information or belief" as stated that on which Defendant relies.

94. Answering paragraph 94, admit the same.

95. Answering paragraph 95, deny the same.

96. Answering paragraph 96, Alleges no information or belief sufficient to enable them to know as to what "a registered investment advisor refers, or what registration is addressed."

97. Answering paragraph 97, Kotler did not participate in escrow transactions related to the contract or have firsthand information thereof.

98. Answering paragraph 98, Kotler did not participate in escrow transactions related to the contract or have firsthand information thereof.

99. Answering paragraph 99, Kotler did not participate in escrow transactions related to the contract or have firsthand information thereof.

100. Answering paragraph 100, Kotler did not participate in escrow transactions related to the contract or have firsthand information thereof.

101. Answering paragraph 101, Kotler did not participate in escrow transactions related to the contract or have firsthand information thereof.

102. Answering paragraph 102, admit the same.

103. Answering paragraph 103, Kotler did not participate in Samantha Walters' transactions.

104. Answering paragraph 104, Kotler did not participate in Samantha Walters' transactions.

105. Answering paragraph 105, Kotler did not participate in Samantha Walters' transactions.

106. Answering paragraph 106, Kotler did not participate in Samantha Walters' transactions.

107. Answering paragraph 107, deny the same.

108. Answering paragraph 108, Defendants do not have sufficient legal information or belief as to initial disclosures made by other parties to the suit to enable answer of the allegations therein contained.

109. Answering paragraph 109, Defendants do not have sufficient legal information or belief as to initial disclosures made by other parties to the suit to enable answer of the allegations therein contained.

110. Answering paragraph 110, Defendants do not have sufficient legal information or belief as to initial disclosures made by other parties to the suit to enable answer of the allegations therein contained.

111. Answering paragraph 111, Defendants do not have sufficient legal information or belief as to initial disclosures made by other parties to the suit to enable answer of the allegations therein contained.

112. Answering paragraph 112, Defendants do not have sufficient legal information or belief as to initial disclosures made by other parties to the suit to enable answer of the allegations therein contained.

113. Answering paragraph 113, Defendants do not have sufficient legal information or belief as to initial disclosures made by other parties to the suit to enable answer of the allegations therein contained.

114. Answering paragraph 114, Defendants do not have sufficient legal information or belief as to initial disclosures made by other parties to the suit to enable answer of the allegations therein contained.

115. Answering paragraph 115, Defendants do not have sufficient legal information or belief as to initial disclosures made by other parties to the suit to enable answer of the allegations therein contained.

116. Answering paragraph 116, Defendants do not have sufficient legal information or belief as to initial disclosures made by other parties to the suit to enable answer of the allegations therein contained.

117. Answering paragraph 117, Defendants do not have sufficient legal information or belief as to initial disclosures made by other parties to the suit to enable answer of the allegations therein contained.

118. Answering paragraph 118, Defendants do not have sufficient legal information or belief as to initial disclosures made by other parties to the suit to enable answer of the allegations therein contained.

119. Answering paragraph 119, Defendants do not have sufficient legal information or belief as to initial disclosures made by other parties to the suit to enable answer of the allegations therein contained.

120. Answering paragraph 120, Defendants do not have sufficient legal information or belief as to initial disclosures made by other parties to the suit to enable answer of the allegations therein contained.

121. Answering paragraph 121, Defendants do not have sufficient legal information or belief as to initial disclosures made by other parties to the suit to enable answer of the allegations therein contained.

122. Answering paragraph 122, Defendants do not have sufficient legal information or belief as to initial disclosures made by other parties to the suit to enable answer of the allegations therein contained.

123. Answering paragraph 123, Defendants do not have sufficient legal information or belief as to initial disclosures made by other parties to the suit to enable answer of the allegations therein contained.

124. Answering paragraph 124, Defendants do not have sufficient legal information or belief as to initial disclosures made by other parties to the suit to enable answer of the allegations therein contained.

125. Answering paragraph 125, Defendants do not have sufficient legal information or belief as to initial disclosures made by other parties to the suit to enable answer of the allegations therein contained.

126. Answering paragraph 126, Defendants do not have sufficient legal information or belief as to initial disclosures made by other parties to the suit to enable answer of the allegations therein contained.

127. Answering paragraph 127, Defendants do not have sufficient legal information or belief as to initial disclosures made by other parties to the suit to enable answer of the allegations therein contained.

128. Answering paragraph 128, Defendants do not have sufficient legal information or belief as to initial disclosures made by other parties to the suit to enable answer of the allegations therein contained.

129. Answering paragraph 129, Defendants do not have sufficient legal information or belief as to initial disclosures made by other parties to the suit to enable answer of the allegations therein contained.

130. Answering paragraph 130, Defendants do not have sufficient legal information or belief as to interrogatory responses made by other parties to the suit to enable answer of the allegations therein contained.

131. Answering paragraph 131, Defendants do not have sufficient legal information or belief as to interrogatory responses made by other parties to the suit to enable answer of the allegations therein contained.

132. Answering paragraph 132, Defendants do not have sufficient legal information or belief as to interrogatory responses made by other parties to the suit to enable answer of the allegations therein contained.

133. Answering paragraph 133, admit the same.

134. Answering paragraph 134, Alleges that Sigelman represented Colocation and may have at various times represent Kotler.

135. Answering paragraph 135, Alleges that I told Mr. Sigelman that because performers in the entertainment industry do not like to mix their business endeavors with their acting career for various publicity reasons, that I use the name "Corey Allen" when involved in business. While my office is in my home, I asked if I could use Mr. Sigelman's Beverly Hills address as a meeting place and mail drop for business dealings. I was told the same use of the office suite is made by others who have their offices at their homes and yet use the conference room and the mailing address, though they maintain no regular presence in the suite.

136. Answering paragraph 136, Alleges no sufficient legal information or belief as to initial disclosures made by other parties to the suit to enable answer of the allegations therein contained.

137. Answering paragraph 137, Alleges no sufficient legal information or belief as to initial disclosures made by other parties to the suit to enable answer of the allegations therein contained.

138. Answering paragraph 138, Alleges no sufficient legal information or belief as to initial disclosures made by other parties to the suit to enable answer of the allegations therein contained

139. Answering paragraph 139, Alleges on information and belief that on August 4th, an attempt was made to serve papers on me at my home. That same day, I brought all envelopes of the papers to Mr. Sigelman's office. He called Snell and Wilmer, gave them the name of the case and asked who to speak to in regards to the production of documents. After several minutes and multiple inquiries, he was told that they knew nothing about the production of documents and that no such arrangement had been made with them to receive the documents. He then called the Snell and Wilmer Arizona office, and left a message that he would assist by having the documents produced and provided to them, although they were not yet in his possession.

140. Answering paragraph 140, Alleges that I told Mr. Sigelman that because performers in the entertainment industry do not like to mix their business endeavors with their acting career for various publicity reasons, that I use the name "Corey Allen" when involved in business. While my office is in my home, I asked if I could use Mr. Sigelman's Beverly Hills address as a meeting place and mail drop for business dealings. I was told the same use of the office suite is made by others who have their offices at their homes and yet use the conference room and the mailing address, though they maintain no regular presence in the suite.

141. Answering paragraph 141, Alleges no information or belief sufficient to enable them to answer the allegations therein contained.

142. Answering paragraph 142, Alleges no information or belief sufficient to enable them to answer the allegations therein contained and thereon deny.

143. Answering paragraph 143, Alleges no information or belief sufficient to enable them to answer the allegations therein contained and thereon deny.

144. Answering paragraph 144, Alleges no information or belief sufficient to enable them to answer the allegations therein contained and thereon deny.

145. Answering paragraph 145, Alleges no information or belief sufficient to enable them to answer the allegations therein contained and thereon deny.

146. Answering paragraph 146, admit the same.

147. Answering paragraph 147, admit the same.

148. Answering paragraph 148, Alleges no information or belief sufficient to enable them to answer the allegations therein contained and thereon deny.

149. Answering paragraph 149, Alleges that on July 25, I believe an unknown stranger was attempting to accost me within the building where I live and I protected myself.

150. Answering paragraph 150, Alleges that on July 25, I believe an unknown stranger was attempting to accost me within the building where I live and I protected myself.

151. Answering paragraph 151, Alleges that on July 25, I believe an unknown stranger was attempting to accost me within the building where I live and I protected myself.

152. Answering paragraph 152, Alleges no information or belief sufficient to enable them to answer the allegations therein contained and thereon deny.

153. Answering paragraph 153, Alleges that on August 4th, an attempt was made to serve papers on me at my home. That same day, I brought all envelopes of the papers to Mr. Sigelman's office. He called Snell and Wilmer, gave them the name of the case and asked who to speak to in regards to the production of documents. After several minutes and multiple inquiries, he was told that they knew nothing about the production of documents and that no such arrangement had been made with them to receive the documents. He then called the Snell and Wilmer Arizona office, and left a message that he would assist by having the documents produced and provided to them, although they were not yet in his possession and as alleged herein admits the same.

154. Answering paragraph 154, Alleges no information or belief sufficient to enable answer to the allegations therein contained.

155. Answering paragraph 155, Alleges no information or belief sufficient to enable them to answer the allegations therein contained and thereon deny.

10
**REPLY TO COUNTERCLAIM**

156. Answering paragraph 156, Alleges no information or belief sufficient to enable answer to the allegations therein contained.

157. Answering paragraph 157, Alleges that the contract speaks for itself and contains terms set out by MNC in paragraph 67 above.

158. Answering paragraph 158, deny the same.

159. Answering paragraph 159, deny the same.

160. Answering paragraph 160, Alleges no information or belief sufficient to enable them to answer the allegations therein contained.

161. Answering paragraph 161, Alleges no information or belief sufficient to enable them to answer the allegations therein contained.

162. Answering paragraph 162, Alleges that $10,000 was deposited for MNC.

163. Answering paragraph 163, deny the same.

164. Answering paragraph 164, Alleges that Colocation has deposited $10,000 for MNC for the property set out by MNC at paragraph 67 above.

165. Answering paragraph 165, deny the same.

166. Answering paragraph 166, deny the same.

167. Answering paragraph 167, deny the same.

168. Answering paragraph 168, requires no response.

169. Answering paragraph 169, deny the same.

170. Answering paragraph 170, deny the same.

171. Answering paragraph 171, deny the same.

172. Answering paragraph 172, deny the same.

173. Answering paragraph 173, deny the same.

174. Answering paragraph 174, deny the same.

175. Answering paragraph 175, deny the same.

176. Answering paragraph 176, deny the same.

177. Answering paragraph 177, deny the same.

178. Answering paragraph 178, deny the same.

179. Answering paragraph 179, requires no response.

180. Answering paragraph 180, deny the same.

181. Answering paragraph 181, deny the same.

182. Answering paragraph 182, admit the same.

183. Answering paragraph 183, admit the same.

184. Answering paragraph 184, admit the same.

185. Answering paragraph 185, admit the same.

186. Answering paragraph 186, deny the same.

187. Answering paragraph 187, deny the same.

188. Answering paragraph 188, deny the same.

189. Answering paragraph 189, admit the same.

190. Answering paragraph 190, deny the same.

191. Answering paragraph 191, deny the same.

192. Answering paragraph 192, admit the same.

193. Answering paragraph 193, alleges that Corey Allen is a name of the person with whom MNC dealt and denies any misrepresentation.

194. Answering paragraph 194, alleges that Corey Allen is a name of the person with whom MNC dealt and denies any misrepresentation.

195. Answering paragraph 195, alleges that Corey Allen is a name of the person with whom MNC dealt and denies any misrepresentation.

196. Answering paragraph 196, alleges that work has been done both in business and as a professional actor and it is unknown whether MNC made any inquiry.

197. Answering paragraph 197, deny the same.

198. Answering paragraph 198, alleges that the company name Dividend Advisor refers to prior work in unclaimed dividends, for which there is no registration.

199. Answering paragraph 199, deny the same.

200. Answering paragraph 200, deny the same.

201. Answering paragraph 201, deny the same.

202. Answering paragraph 202, deny the same.

203. Answering paragraph 203, deny the same.

204. Answering paragraph 204, deny the same.

205. Answering paragraph 205, deny the same.

206. Answering paragraph 206, deny the same.

207. Answering paragraph 207, deny the same.

208. Answering paragraph 208, deny the same.

209. Answering paragraph 209, deny the same.

210. Answering paragraph 210, Alleges that it was not known by Kotler or MNC whether the IPv4 addresses referenced in the contract were owned by MNC and therefore the quit claim purchase could be worthless or could be worth more than $10,000.

211. Answering paragraph 211, deny the same.

212. Answering paragraph 212, deny the same.

213. Answering paragraph 213, deny the same.

214. Answering paragraph 214, deny the same.

215. Answering paragraph 215, deny the same.

216. Answering paragraph 216, deny the same.

217. Answering paragraph 217, deny the same.

218. Answering paragraph 218, deny the same.

219. Answering paragraph 219, deny the same.

220. Answering paragraph 220, requires no response.

221. Answering paragraph 221, deny the same.

222. Answering paragraph 222, deny the same.

223. Answering paragraph 223, alleges the Kotler contract evidences best efforts to facilitate sale and transfer of IPv4 blocks, and except as expressly alleged denies each and every other allegation.

224. Answering paragraph 224, alleges that Kotler did not participate in final contract negotiation or execution.

225. Answering paragraph 225, deny the same.

226. Answering paragraph 226, deny the same.

227. Answering paragraph 227, deny the same.

228. Answering paragraph 228, deny the same.

229. Answering paragraph 229, deny the same.

230. Answering paragraph 230, deny the same.

231. Answering paragraph 231, deny the same.

232. Answering paragraph 232, requires no response.

233. Answering paragraph 233, deny the same.

234. Answering paragraph 234, deny the same.

235. Answering paragraph 235, alleges that Kotler provided true and accurate information and except as expressly admitted, denies each and every other allegation

236. Answering paragraph 236, deny the same.

237. Answering paragraph 237, deny the same.

238. Answering paragraph 238, deny the same.

### COUNTERCLAIM DEFENDANT AFFIRMATIVELY ALLEGES

239. Counterclaimant has undertaken tortuous and unlawful actions barring the recovery by doctrine of unclean hands.

240. Counterclaimant failed to meet the condition, express or construction, and precedent or concurrent, to discharge its obligation.

241. Counterclaimant materially breached and failed to provide consideration required by the subject agreement of suit, and therefore discharged Defendants from any obligation.

242. Liability or damages, if any, were due to Counterclaimant's negligence, breaches of contract, our conduct, decision and its failure of due diligence.

243. Counterclaimant bears the risk of mistakes made or having only limited knowledge which it treats as sufficient to enter a contract.

244. Counterclaimant's conscious ignorance does not excuse them from a contract made thereby.

245. Counterclaimant has failed to state facts sufficient to state claims for relief

246. Counterclaimant's claims are barred, in whole or in part, by the doctrines of contributory and/or comparative negligence.

247. Counterclaimant's claims are barred, in whole or in part, by the doctrine of unclean hands.

248. Counterclaimant's claims are barred, in whole or in part, by the doctrine of estoppel.

249. Counterclaimant's claims are barred, in whole or in part, because counter defendant's conduct is not the proximate cause or cause-in-fact of Counterclaimant's alleged damages.

250. Counterclaimant's claims are barred, in whole or in part, because Counterclaimants have suffered no cognizable injury or damage arising from any conduct, act, or omission of Counterclaim Defendants.

251. Counterclaimant's claims are barred, in whole or in part, by the doctrine of setoff.

252. Counterclaimant's claims are barred, in whole or in part, by Counterclaimants' previous breaches of the contract subject of this suit.

253. Counterclaimant's claims are barred, in whole or in part, because counterclaim Defendant was not contractually or legally obligated to perform the acts or duties upon which Counterclaimants claims are based.

WHEREFORE, Counter-Defendants hereby demand the following relief against Mitel Networks Corporation:

(a) The action against these defendants be dismissed and Counterclaimants take nothing by its counterclaims against Counter-Defendants;

(b) Defendants be decreed as not entitled to attorney's fees, and that if there was a right to attorney's fees they be awarded to Counter-Defendants; and

(c) Costs and other just relief.

DATED: December 10, 2017.

_____
Corey Allen Kotler

_____
Mojgan Tabibnia

## CERTIFICATE OF SERVICE

I hereby certify that on this _____ day of December, 2017, I filed the attached document by federal express to the Clerk's Office and emailed a copy same date to:

David E. Rogers
David G. Barker
Jacob C. Jones
SNELL & WILMER, LLP
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004-2202
drogers@swlaw.com
dbarker@swlaw.com
jcjones@swlaw.com

Dated: Dec. 10, 2017

_____
Corey Allen Kotler

PROOF OF SERVICE