David E. Rogers (#019274)
David G. Barker (#024657)
Jacob C. Jones (#029971)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
E-Mail: drogers@swlaw.com
        dbarker@swlaw.com
        jcjones@swlaw.com

Attorneys for Defendant
Mitel Networks Corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Colocation America Corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>Mitel Networks Corporation,<br><br>          Defendant. | No. CV-17-00421-PHX-NVW<br><br>**REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COUNTERCLAIM AND TO ADD NEW COUNTERDEFENDANT**<br><br>**[Oral Argument Requested]** |
| Mitel Networks Corporation,<br><br>          Counterclaimant,<br><br>     v.<br><br>Colocation America, Inc.; Corey Allen Kotler and Mojgan Tabibnia, husband and wife,<br><br>          Counterdefendants. | |

## I. Introduction.

Colocation's Response (Doc. 60) contradicts: (1) this Court's findings [Tr. (Nov. 1, 2017, Doc. 55) at 27:17-18] and Order (Doc. 48), and (2) Colocation's written concessions that Counts III and IV of the proposed Second Amended Counterclaim ("SAC") state claims for relief. *See* Doc. 56, Ex. 2. MNC already argued to this Court its intention to add Albert Ahdoot, Colocation's sole shareholder, employee, officer and director, as a party. Tr. (Nov. 1, 2017) at 5:6-6:1; 13:15-16:13. The Court permitted MNC to move to add Ahdoot. Doc. 48 at 2. Pursuant to Doc. 48, MNC sent the SAC to Colocation on November 10, 2017 to obtain Colocation's stipulation to enter it. Doc. 56 at 2:9-10. Colocation refused to stipulate to any part of the SAC, alleging that it must instead be a third-party complaint and that Count I (Breach of Contract) failed to state a claim for relief against Ahdoot. *Id.* at 2:10-13 and Ex. 2. Colocation conceded that Counts III (Fraud) and IV (Civil Conspiracy) stated claims for relief against Ahdoot. *Id.* at 2:14-17 and Ex. 2. MNC responded to Colocation and explained that: (1) a third-party complaint was procedurally incorrect and had already been rejected by this Court, and (2) Count I stated a claim for relief because it is alleged that Ahdoot is Colocation's alter ego. *Id.* at 2:18-24 and Ex. 3. Colocation never responded. *Id.*

In Colocation's Response (Doc. 57), Colocation has dropped its "third-party complaint" position and reneged on its concession that proposed Counts II and IV state claims for relief against Ahdoot. Colocation now alleges that MNC's Motion fails to meet *any* standard for amending the pleadings (*see* Doc. 57 at 2 ¶¶ 3-4) even though the parties already argued these points [Tr. (Nov. 1, 2017) at 5:6-6:1, 13:15-16:13, 21:24-25:24], the Court already determined that MNC could file this Motion, and the Court already stated that it would enter a new scheduling order (thus, there is no undue delay or prejudice). Doc. 48 at 2. Consequently, this Motion is not futile, was made in good faith, will not unduly delay these proceedings, and will not prejudice the counterdefendants.

## II. Colocation's Response Is Frivolous.

Colocation "incorporates by reference" its "First Response" (Doc. 37). The arguments in Doc. 37 were already rejected by this Court in its Minute Entry dated November 1, 2017, which granted MNC leave to amend to add fraud claims and claims against Corey Allen Kotler. Doc. 48 at 1. Here, Colocation claims "[t]here is simply no evidence" (Doc. 57 at 3) and argues the merits with no factual record, instead of addressing the adequacy of the pleadings in the SAC. Colocation has ignored the Court's statement during the hearing addressing the SAC: "[I]f that pleading [the proposed amendment to add Ahdoot, which is the SAC] also is sufficient to state a claim, I will be disposed to allow it. I'm not going to be disposed to deny it on the basis of—well, they will never be able to prove this." Tr. (Nov. 1, 2017) at 27:17-20. MNC's proposed SAC states a claim for relief as outlined below.

### A. Ahdoot Is Colocation's Alter Ego.

It is undisputed that Ahdoot is the sole shareholder, employee, officer, and director of Colocation. Doc. 56 at 5:18-6:3. It is undisputed that Ahdoot personally: (1) located the IPv4 block listed in the Contract, (2) hired Corey Kotler to act as Colocation's agent, (3) instructed Kotler to contact MNC, and (4) personally authorized or made every modification to the Contract. Ex. A (attached hereto) at 42:12-44:3 ("Q. Didn't Colocation have to authorize all of your changes? A. Yeah, Albert, Colocation, same thing."), 53:2-17 ("I never did anything without checking with Albert"), 75:21-25, 85:20-24, 86:6-12 ("He told me what he wanted and then I was the messenger and then I went back to MNC and I – you know, I expressed Albert's – on Albert's behalf"); Doc. 56 at 6:4-7. Ahdoot and Kotler each testified that Kotler's purpose in contacting MNC was to acquire IPv4 addresses, and not to acquire a domain name as represented to MNC. Ex. B (attached hereto) at 41:10-14, 50:14-25, 55:1-8 ("The project was to acquire IPv4 addresses, correct."); Doc. 49-1 (Kotler's obligation to Colocation was to "make best faith efforts to facilitate the sale and transfers of IPv4 blocks [not domain names] to Colocation America."). This information is sufficient to establish, and certainly to plead, that Ahdoot

- 3 -

is personally liable as Colocation's alter ego. Moreover, Colocation's November 30, 2017 letter *concedes* that Counts III (Fraud) and IV (Civil Conspiracy) of the SAC state claims for relief against Ahdoot. Doc. 56 at Ex. 2 ¶ 2.

MNC disagrees that "Colocation has produced all of its corporate records, bank statements, and tax returns" or that those establish that "Colocation has followed corporate formalities, has not comingled assets, and is not undercapitalized." Doc. 57 at 3. Colocation's "sales" of about $2 million listed on the first page of its tax filings (Doc. 56 at 4:4-5) are only about 20% of the sales Ahdoot testified it has. Ex. B at 19:5-18. So, where is the other 80%? MNC will not comment further on the latest Colocation documents because Colocation did not submit them with its Response. Regardless, the proposed SAC properly pleads that Ahdoot is Colocation's alter ego. *See* Doc. 56 at Ex. 1 ¶¶ 198-259 and 271-75.

### B. Proposed Count I States a Claim for Relief Against Ahdoot for Breach of Contract.

Because MNC has stated a claim that Colocation is the alter ego of Ahdoot, MNC also has stated a claim for Ahdoot's personal liability for breach of contract. Doc. 56 at 8:5-15, Ex.1 ¶¶ 198-259 and 271-75.

Independently, MNC has stated a claim for Ahdoot's personal liability for breach of contract because "given the cryptic signature block [on the Contract], there is at least a question of fact as to whether [Ahdoot] personally signed the contract, not as an officer or director of Colocation." Doc. 56 at 8:8-11. The Court recognized this issue during the November 1, 2017, hearing. Tr. (Nov. 1, 2017) at 22:16-23:22, 26:8-16 (referring to the "bizarre signature block for Colocation," that "[d]oesn't say [Ahdoot is] an officer, director, or anything"). Colocation did not respond to this argument. Accordingly, MNC has stated a claim for Ahdoot's personal liability for Count I (Breach of Contract).

### C. Proposed Count III States a Claim for Relief Against Ahdoot for Fraud.

First, Colocation already conceded that Count III states a claim for relief against Ahdoot for fraud. Doc. 56, Ex. 2 ¶ 2. Second, MNC's Motion (Doc. 56 at 5:1-8:4) and

- 4 -

paragraphs 198-259 and 271-75 of the proposed SAC (Doc. 56, Ex. 1) are sufficient to state a claim that Ahdoot is Colocation's alter ego and liable for Count III (Fraud). *See* Doc. 56, Ex. 1 at ¶¶ 198-259 and 271-75.

### D. Proposed Count IV States a Claim for Relief Against Ahdoot for Civil Conspiracy.

First, Colocation already conceded that proposed Count IV (Civil Conspiracy) states a claim for relief against Ahdoot, and that the pleading for the underlying tort of fraud (Count III) also states a claim for relief. Doc. 56, Ex. 2 ¶ 2. Second, Colocation does not address Count IV in its Response. The SAC properly pleads a cause of action for civil conspiracy. Doc. 56, Ex. 1 at ¶¶ 339-354.

### E. Proposed Count V States a Claim for Relief Against Ahdoot for Aiding and Abetting.

Colocation did not address Count V, aiding and abetting, before its Response. *See* Doc. 56 at 2:16-17; Ex. 2. In its Response (Doc. 57) Colocation makes only summary judgment-type arguments about whether Ahdoot actually committed fraud, in contravention of this Court's statements during oral argument. Tr. (Nov. 1, 2017) at 27:17-20. Because MNC has stated a claim for relief for fraud and aiding and abetting (Doc. 56 at 8:25-9:10, Ex. 1 at ¶¶ 22-25, 356), the Court should grant MNC's Motion.

### III. Response to Colocation's Comments on the Merits.

Colocation continues its mantra that this is a "simple breach of contract case" (Doc. 57 at 2 ¶ 2) apparently hoping to divert attention from Colocation's fraud during negotiations with MNC and in this litigation. *See, e.g.*, Doc. 48 (granting MNC leave to amend); Tr. (Nov. 1, 2017) at 26:24-27:5 (finding MNC's pleadings sufficient to state a claim for fraud).

To the extent there was a breach of the Contract (i.e., the Domain Name Assignment Agreement between the parties, which is Exhibit 1 to the Complaint) it was Colocation's breach. *See, e.g.*, Doc. 49 ¶¶ 157-167. The operative part of the Contract, which Colocation left out of its Complaint (Doc. 1) and Joint Case Management

Statement (Doc. 18), does not assign IPv4 addresses. Rather, it quit claims the domain name <gandalf.ca.> and any associated goodwill:

> [MNC] hereby agrees to quit claim to [Colocation] any of [MNC's] rights, title and interest in and to the Domain Name <gandalf.com> and the registration thereof, ***together with the goodwill of the business connected with and symbolized by such Domain Name and the associated IPv4 134.22.0.0/16 and any associated trade dress, or other intellectual property rights relating thereto, to the extent any such rights exist***.

Doc. 1, Ex. 1, Section B, emphasis added).

That passage from the Contract is not an assignment of IPv4 addresses and Colocation has never explained how it could be construed to be an assignment of IPv4 addresses. If Colocation meant for the Contract to assign IPv4 addresses worth about $1.6 million[1] or more, the Contract would plainly state that.

Further, the last discovery responses by Colocation include an IPv4 address assignment from a third party, JDA Software in Scottsdale. That assignment (Ex. C attached hereto) plainly and unequivocally assigns a small block of IPv4 addresses to Colocation with no mention of a domain name. It underscores the fact that the Contract at issue here did not assign IPv4 addresses.

### IV. Conclusion.

For the forgoing reasons and the additional reasons in Doc. 56, the Court should grant MNC's Second Motion to Amend to join Ahdoot as a counterdefendant and file the proposed SAC.

DATED this 22nd day of December, 2017.

SNELL & WILMER L.L.P.

By: *s/ Jacob C. Jones*
    David E. Rogers
    David G. Barker
    Jacob C. Jones
    One Arizona Center, 400 E. Van Buren
    Phoenix, Arizona 85004-2202
    Attorneys for Mitel Networks Corporation

---

[1] Based on Colocation's purchase of other IPv4 addresses in the same timeframe. *See* Ex. D (attached hereto) at Requests for Admission Nos. 1, 3-4.

- 6 -

**CERTIFICATE OF SERVICE**

I hereby certify that on December 22, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Teresa H. Foster, Esq.
Brier, Irish, Hubbard & Erhart, P.L.C.
2400 East Arizona Biltmore Circle
Suite 1300
Phoenix, AZ 85016
ctfilings@thfosterlaw.com

Paul Stephen Sigelman
Sigelman Law Corporation
433 N Camden Dr., Suite 970
Beverly Hills, CA 90210
paul@sigelmanlaw.com

Attorneys for Colocation


s/ *Jacob C. Jones*

4822-1166-8313