IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Colocation America Corporation,<br><br>          Plaintiff,<br><br>v.<br><br>Mitel Networks Corporation,<br><br>          Defendant. | No. CV-17-00421-PHX-NVW<br><br>**ORDER** |
| Mitel Networks Corporation,<br><br>          Counterclaimant,<br><br>v.<br><br>Colocation America Corporation; and Corey Allen Kotler and Mojgan Tabibnia, husband and wife,<br><br>          Counterdefendants. | |

I.

Before the Court is Defendant's Motion for Leave to File Second Amended Counterclaim and to Add New Counterdefendant (Doc. 56), the Response, and the Reply.

It merits remembering that this is a contract action about the meaning of a contract and which party is in breach. Both parties seek performance of the contract according their own view of its meaning. Mitel Networks alternatively seeks rescission or avoidance of the contract for breach or fraud. It appears that if Mitel Networks defeats Colocation's contract claim or voids the contract, Mitel Networks will not have been harmed. If the contract interpretation goes Mitel's way, it will not have been defrauded.

If the contract interpretation goes against Colocation, it will not have been defrauded either, for that will have been the contract it made.

1. Joinder as an additional counter-defendant, not as a third-party defendant, is the proper procedure for assertion of the counterclaims. The Court allowed Defendant to file this motion but did not say it would be granted. Whether it will be granted turns on analysis of the motion, not on prior permission to file the motion.

2. At the threshold, the proposed Second Amended Counterclaim (Doc. 56-1) fails the requirement of Rule 8(a)(2) that it be "a short and plain statement of the claim showing that the pleader is entitled to relief" as against the proposed additional counter-defendants Albert Arash Ahdoot and Dafma Ahdoot, husband and wife. There is nothing short or plain about it. The first half consists of 263 allegations, with some organization but much too little to link the remaining jumble of allegations to which of the four counts they may relate to. The key allegations are mere legal conclusions, which are insufficient in themselves. If this were all, leave to further amend might be granted to comply with the pleading requirements. But there are other sufficient reasons to deny the amendment.

3. Count One for breach of contract and specific performance does not substantively state a claim against Ahdoot. To its existing attempt to plead breach of contract against Colocation, Mitel Networks adds five largely repetitive allegations that Ahdoot is liable for Colocation's contract liability on the basis of piercing the corporate veil. The Court and the Counter-defendants are not required to troll through the preceding allegations to guess which ones among the undifferentiated whole might support piercing the corporate veil. They mainly say Ahdoot directed negotiations of the contract, received communications about the negotiations, executed the contract written on its face for Colocation, and was not an officer or director for Colocation. But they also allege Ahdoot is the only owner, officer, director, CEO, president, secretary, treasurer of Colocation. Ahdoot "controlled" the negotiations with Mitel Networks. Colocation does not allege how it was defrauded by dealing with agents for the disclosed principal of Colocation. The conclusory allegations are made but not backed up with

anything, much less anything plausible, including allegations of fraudulent purpose and "sham" entities. For the most part, all those allegations could pertain to any one-shareholder corporation being directed by its one shareholder.

These alleged circumstances—putting aside the bare conclusions—are not sufficient to pierce the corporate veil to personal liability for contract liabilities made in the name of the corporation.

4. Count Two for rescission or avoidance of the contract for lack of meeting of the minds is not pleaded against Ahdoot.

5. Count Three for intentional misrepresentation and concealment is pleaded against all counter-defendants, including Ahdoot. Its conclusory assertions and global incorporation of everything else in the counterclaim do not show what misrepresentations or concealments are alleged or how they are material. Its add-on allegations that Ahdoot is liable for everything is a bare conclusion and insufficient. As to all counter-defendants, it is not at all clear that it is an actionable tort for money damages to fraudulently induce a party to make a contract that is null and void at the party's election. The parties have not favored the Court with any briefing on this, and the Court does not assume that every contract defeated for misrepresentation or concealment carries with it a duplicative tort cause of action for damages.

6. Count Four is for civil conspiracy to fraudulently induce Mitel Networks into the contract. But if the contract was fraudulently induced, Mitel Networks is out of the contract—unless it elects to affirm the contract anyway. It is hard to see how this is a claim against anyone other than a duplication of Count Two for rescission or avoidance, which is not pleaded against Ahdoot. The "harm" of fraudulently inducing a party into a contract is fully cured when the defense of fraudulent inducement is vindicated.

In any event, it is murky whether a civil tort cause of action for conspiracy is adequately alleged in this case.

7. Count Five is for aiding and abetting Colocation in committing "the torts alleged above." The only "torts alleged above" are in Count Three for intentional

misrepresentation and concealment and Count Four for conspiracy, which fail to state claims.  So Count Five fails so state a claim as well.

Moreover, it is hard to make any sense out of this Count as against Ahdoot, and perhaps as against any Counter-defendant.  If Kotler "committed the torts alleged above," Colocation is liable for those torts by its agent under *respondeat superior.*  Colocation could not have "substantially assisted or encouraged Kotler in committing the alleged torts" that a corporation can only commit through an agent.  Only Kotler's torts, but not "Colocation's aiding and abetting," could have directly and proximately caused harm economic damages to Mitel Networks, and even then is not clear.  But then, it could not matter as Colocation was already liable under *respondeat superior.*  Count Five is circuitous and unintelligible.

8. The Motion for Leave to File Second Amended Counterclaim and to Add New Counterdefendant will be denied and without leave to further amend.  This amended pleading comes *in medias res* and would slow down, delay, and extend the underlying litigation, to the prejudice of the claims and the litigants already in process.  The Court so exercises its discretion, fortified by the fact that this additional litigation and cost are not needed at this time and may never be needed.

As has been noted, if Colocation prevails on the contract claim by disproving the defenses of fraud and concealment and by vindicating its meaning of the contract, Ahdoot could not be secondarily liable for Colocation's non-existent liability.  If Mitel Networks prevails, it may enforce or void the contract as it wishes.  It is not clear then that Ahdoot would have any derivative liability either.  If Mitel Networks gets any affirmative recovery against Colocation and Colocation pays (as it says it is fully able to do), there will be no need for duplicative liability.   But if some monetary liability remains, Mitel Networks could bring an action then against Ahdoot for secondary liability.  There is no need to do so now, and indeed, it would be wasteful to frontload the likely unnecessary expense.   In light of the context of this litigation, the Court's overwhelming sense of

1 discretion is to exclude this late amendment as pointless now and likely pointless forever.
2 But if it ever has a point, it can be brought then.

II.

Also before the Court is the Court's Order (Doc. 64) setting for re-argument Defendant Mitel Networks' Motion to (1) Amend Scheduling Order and (2) For Leave to File Amended Pleading and Join New Counterdefendant (Doc. 35) and the minute order (Doc. 48) of November 1, 2017, granting that Motion. The Court will now grant reconsideration, vacate the minute order of November 1, 2017, and deny the Motion.

Mitel Networks' Amended Counterclaim (Doc. 49) adding Counter-defendants Corey Allen Kotler and Mojgan Tabibnia, husband and wife, suffers from the same deficiencies discussed above concerning the now-rejected further counterclaim against Counter-defendants Albert Arash Ahdoot and Dafma Ahdoot.

Moreover, the addition of Counter-defendants Corey Allen Kotler and Mojgan Tabibnia, husband and wife, and the counterclaims against them would also slow down, delay, and extend the underlying litigation, to the prejudice of the claims and the litigants already in process. This additional litigation and cost are not needed at this time and may never be needed. Once again, this Court's overwhelming sense of discretion is to exclude this late amendment as pointless now and likely pointless forever. But if it ever has a point, it can be brought then.

III.

Based on discussion with counsel at oral argument, the discovery deadline will be extended to April 6, 2017, to take or complete three depositions counsel have agreed to. If any party contemplates filing a motion for summary judgment, that party shall submit to the opposing party a statement of the basis of the motion, not to exceed three pages in length, by April 20, 2018. The opposing party shall file a response by April 27, 2018. The Court will set a conference to discuss the possible motion, at which time the Court will set a deadline for filing the motion or a pretrial schedule, as the case may be. The Court contemplates a final trial to begin August 7, 2018.

IT IS THEREFORE ORDERED that Defendant's Motion for Leave to File Second Amended Counterclaim and to Add New Counterdefendant (Doc. 56) is denied.

IT IS FURTHER ORDERED that the minute order (Doc. 48) of November 1, 2017, is vacated only to the extent it grants Defendant Mitel Networks' Motion to (1) Amend Scheduling Order and (2) For Leave to File Amended Pleading and Join New Counterdefendant (Doc. 35).

IT IS FURTHER ORDERED that Defendant Mitel Networks' Motion to (1) Amend Scheduling Order and (2) For Leave to File Amended Pleading and Join New Counterdefendant (Doc. 35) is denied.

IT IS FURTHER ORDERED that Mitel Networks' Amended Counterclaim portion of Document 49 is vacated, leaving Mitel Networks' Amended Answer to Complaint portion of Document 49 in effect. Counter-defendants Corey Allen Kotler and Mojgan Tabibnia's Reply to Counterclaim (Doc. 59) is vacated and Corey Allen Kotler and Mojgan Tabibnia are dismissed from this action without prejudice.

IT IS FURTHER ORDERED (1) that the time to complete discovery is extended to April 6, 2018, to take or complete the three depositions counsel agreed to on the record and (2) that any party wishing to file a motion for summary judgment submit a letter to the other side by April 20, 2018, stating the basis for the motion, not to exceed three pages, with a copy to the judge. The opposing party may submit an opposing letter by April 27, 2018, with a copy to the judge. A telephone conference to discuss the proposed motion will then be scheduled.

IT IS FURTHER ORDERED setting a final trial to a jury on August 6, 2018.

Dated: February 28, 2018.

Neil V. Wake
Senior United States District Judge