COLOCATION AMERICA CORPORATION
VS.
MITEL NETWORKS CORPORATION
2:17-cv-00421-NVW

| | | PLAINTIFF'S EXHIBIT LIST |
|---|---|---|
| Exhibit No. | | Description |
| 1 | | Escrow.com General Escrow Instructions |
| 2 | | Escrow.com Transaction |
| 3 | | Escrow.com screenshots |
| 4 | | 7/13/17 subpoena to Escrow.com |
| 5 | | 2/24/16 Allen email to Whittington |
| 6 | | 2/24/16 Whittington email with draft contract (Draft No. 1) |
| 7 | | 2/26/16 Allen email with revised draft contract (Draft No. 2) |
| 7A | | Redline revisions between Draft No. 1 and Draft No. 2 |
| 8 | | 3/1/16 Allen email with Draft No. 2 in Word format |
| 9 | | 3/3/16 Whittington email with Draft No. 3 |
| 10 | | 3/7/16 Allen email referencing signed contract |
| 11 | | 3/10/16 Allen email with signed contract |
| 12 | | Michelle Whittington deposition transcript pages |
| 13 | | Plaintiff and Defendant correspondence regarding completion of the Escrow.com instructions |
| 14 | | Jelly Digital inquiries about purchasing the IPv4 addresses |
| 15 | | March 28 2016 Whittington email to Walters |
| 16 | | Statement of General Counsel of NSF |

EXHIBIT 1

1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                    FOR THE DISTRICT OF ARIZONA
10   Colocation America, Inc.,                   No. CV-17-00421-PHX-NVW
11                    Plaintiff,                  **Declaration of Maureen Zachow**
12        v.
13   Mitel Networks Corporation,
14                    Defendant.
15
16        I, Maureen L. Zachow, make the following declaration. I am over the age of 18
17   and have personal knowledge of the facts set forth herein (except where indicated
18   otherwise) and, if called to be a witness, I could competently testify hereto.
19        1.    I am a paralegal employed by Snell and Wilmer L.L.P., counsel for Mitel
20   Networks Corporation in this action.
21        2.    On September 14, 2017, I visited the website Escrow.com, scrolled to the
22   bottom of the webpage, and clicked on the link for GENERAL ESCROW
23   INSTRUCTIONS.
24        3.    The link to GENERAL ESCROW INSTRUCTIONS directed me to this
25   webpage: https://www.escrow.com/escrow-101/general-escrow-instructions ("Escrow
26   Instructions Link"), which I printed to Adobe PDF, and which I labeled MITEL002119-
27   MITEL002141.
28
                            **EXHIBIT 1**

4834-7517-6527.1

4.    I copied the Escrow Instructions Link and then visited the website Archive.org, where I pasted the Escrow Instructions Link into the search bar next to the phrase "Wayback Machine" at the top center of the website.

5.    After clicking the search icon, I clicked on the year 2016, and then I clicked on April 5, 2016, which directed me to this webpage: https://web.archive.org/web/20160405023012/https://www.escrow.com/escrow-101/general-escrow-instructions, which I printed to Adobe PDF, and which I labeled MITEL002091-MITEL002118.

I declare under penalty of perjury that the foregoing is true and correct.

September 14, 2017
Date

Maureen L. Zachow
Maureen L. Zachow

4834-7517-6527.1

- 2 -

Instructions - Escrow.com

# 1. Instructions and Deposit of Funds into Escrow

Once the Buyer and Seller (and Broker when applicable) have agreed to identical Transaction Detail Screens for a specific underlying Transaction, and both (and Broker when applicable) have agreed to these General Escrow Instructions by selecting the "Agree" button at the bottom of the Transaction Detail Screens, these instructions shall constitute a binding agreement between all parties. No blank spaces shall exist on the Transaction Detail Screens as of the time the Buyer and Seller (and Broker when applicable) select the "Agree" button. After Buyer and Seller (and Broker when applicable) both select the "Agree" button, the Transaction Detail Screens, General Escrow Instructions and Terms of Use constitute the Transaction Escrow Instructions to govern the Transaction between the Buyer and Seller (and Broker when applicable) (the "Transaction Escrow Instructions"). Should it become necessary to add a supplemental instruction(s), or to make any addition to, deletion from, or alteration to the Transaction Detail Screens, all parties (Buyer, Seller, Escrow.com and Broker when applicable) must execute (by digital signature or by a method mutually agreed upon by both parties) any supplemental instruction, addition, deletion or alteration thereto (collectively the "Supplemental Escrow Instruction(s)). Escrow.com reserves the right to reject any Supplemental Escrow Instructions and to terminate the Transaction as provided herein. In accordance with California Civil Code 1633.8, Escrow.com may accept instructions that are created, generated, sent, communicated, received or stored by electronic means and by attaching their Digital Identification. The parties to the Transaction hereby agree to conduct the Transaction electronically. The parties acknowledge that by entering into the Transaction Escrow Instructions, they are able to electronically receive the Transaction Escrow Instructions, download the Transaction Escrow Instructions and print the Transaction Escrow Instructions.

# 2. Domain Name(s)

In the event the personal property being transferred in this Transaction qualifies as a "Domain Name", Escrow.com is instructed to close only when the transfer of the Domain Name has been confirmed by Escrow.com (at its option) or the Buyer has notified Escrow.com that Buyer has received the transfer and allowed the Inspection Period named in the Transaction Detail Screen to expire or the Buyer has accepted the transfer. Seller shall transfer a Domain Name(s) to Buyer based upon information provided in Buyer's profile. Seller agrees to provide the username and password and/or authorization code, if any, necessary to access the Domain Name to Buyer prior to the release of funds. Should Seller agree to accept payments from a Buyer for a Domain Name, and request that Escrow.com hold the Domain Name while these payments are being made, then Buyer and Seller shall execute a separate agreement to govern the holding of a Domain Name by Escrow.com.

To the extent that a Transaction involves an escrow which shall result in Escrow.com holding the domain name for a designated period of time, the parties shall agree to be bound by the Domain Name Holding Instructions and other such Transaction documents as the parties may submit to Escrow to govern the Transaction. In a Domain Name Holding Transaction the duties of the Buyer and Seller may not be assigned by the Buyer and Seller without prior written consent by the other party and Escrow.com. Instructions, by the Seller to Escrow.com, to have escrowed funds paid or delivered to a third party or entity (who is not party to the Transaction) is not considered to be an assignment.

## 2A. IPv4 Numbers

The provisions of this paragraph 2A shall amend and supplement the General Escrow Instructions for Transactions involving IPv4 Numbers. "IPv4 Numbers" means the IPv4 address range in the Transaction Detail page. IPv4 Numbers shall be deemed "personal property." In escrow instructions from both Buyer and Seller at the commencement of the transaction, Buyer and Seller (or Broker, on behalf of Buyer and Seller) shall identify the applicable regional Internet registry(ies) ("RIR") that will be initiating (the source RIR) and finalizing (the recipient RIR) the transfer of the registration of the IPv4 Numbers. The source RIR of the Seller and the recipient RIR of the Buyer may either be the same RIR or different RIRs. "Ship" or "Shipped" means Seller has either (i) submitted a request to the source RIR to transfer the registration of the IPv4 Numbers to the Buyer and satisfied the source organization transfer policy requirements imposed on Seller by the applicable RIR, which may include payment of a transfer fee to the source RIR and has provided notice of shipment to Escrow.com via login to the transaction website, or (ii) delivered the IPv4 Numbers to Buyer in accordance with an alternative transfer or delivery process set forth in the underlying agreement between Buyer and Seller. Buyer shall be deemed to have received the IPv4 Numbers and the Inspection Period named in the Transaction Detail Screen shall commence the earlier of when (i) the transfer of IPv4 Numbers has been confirmed by Escrow.com by presentation of whois records of the recipient RIR that reflect Buyer as the registrant of the IPv4 Numbers, or (ii) Buyer has confirmed its receipt of the IPv4 Numbers and has provided notice of receipt to Escrow.com via login to the transaction website. Subject to Section 5, Escrow.com shall close the Transaction and release the escrowed funds to Seller (and Broker, where applicable) the earlier of when Buyer has either allowed the Inspection Period named in the Transaction Detail Screen to expire or accepted the IPv4 Numbers. Section 3 (Shipping and Tracking of Item) and Section 6 (Shipping and Tracking of Returned Item) shall not apply to Transactions involving IPv4 Numbers.

## 3. Shipping and Tracking of Item

EXHIBIT 2

BRIER, IRISH, HUBBARD & ERHART, P.L.C.
2400 East Arizona Biltmore Circle, Suite 1300
Phoenix, Arizona 85016
Telephone (602) 522-3940
Facsimile (602) 522-3945
Teresa H. Foster, Of Counsel (010877)
For Court Filings/Pleadings:
ctfilings@thfosterlaw.com
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| COLOCATION AMERICA, INC., | Case No. 2:17-cv-00421-NVW |
| Plaintiff, | (Honorable Neil V. Wake) |
| v. | **DECLARATION OF ALBERT AHDOOT** |
| MITEL NETWORKS CORPORATION, | |
| Defendant. | |

Albert Ahdoot declares under penalty of perjury as follows:

1.   I am employed by Plaintiff Colocation America Corporation, and make this declaration based upon my own personal knowledge.

2.   On May 15, 2018, I visited the website Escrow.com and reviewed the "Support" page to ask how to change a transaction. I was directed to webpage: https://www.escrow.com/support/faqs/how-do-i-change-transaction-details-and-terms ("Escrow Terms"), which I printed to Adobe PDF and which is attached with a page marking of "1".

3.   I reviewed the "transaction summary" pages produced by Mitel and assisted in the preparation of the attached timeline summarizing all activity in connection with the initiation, correction, and cancellation of the various escrows. See pages marked "2" and "3".

These pages are simply a summary of the attached documents bate-stamped MITEL1673-MITEL1679.

DATED: May 16, 2018.

*Albert A. Ahdoot*
/s/ Albert Ahdoot
Albert Ahdoot

Log In

helpdesk        how-do-i-change-transaction-details-and-terms

# How do I change transaction details and terms?

Changes can be made on the transaction detail screen after signing onto Escrow.com only when the status is waiting for you to agree.

If you are waiting for the other party to agree, only that party has access to the "modify" button. Once both parties have agreed to the terms, they must email their change requests to support@escrow.com. Changes after the terms have been agreed to must have the consent of both the Buyer and the Seller; and cannot supersede our general escrow instructions.

## Related Links

How do I check the status of my transactions?

How do Buyers or Sellers cancel transactions?

Who pays for shipping?

What is an Inspection Period, when does it start, and how long does it last?

How do I change my account information?

Was this helpful?     | Yes |     | No |

ESCROW SERVICES

**TIMELINE FOR ESCROW.COM TRANSACTIONS:**
Escrow

Transaction **846756** (bates no. MITEL 1674)
**2016-03-24 14:14:24**
Buyer Initiates

Transaction **846756** (bates no. MITEL 1674)
**2016-03-24 14:18:19**
Cancelled by Buyer
Reason: Correction

Transaction **846769** (MITEL 1675)
**2016-03-24 14:34:51**
Buyer Initiates

Transaction **847234** (bates no. MITEL 1676)
**2016-03-25 11:08:12**
Seller Initiates

Transaction **847266** (MITEL 1677)
(**Escrow 561965**)
**2016-03-25 12:26:30**
Buyer Initiates

Transaction **847234** (bates no. MITEL 1676)
**2016-03-25 12:31:32**
Cancelled by Buyer
Reason: Modification made

Transaction **847277** (MITEL 1678)
**2016-03-25 12:51:10**
Seller Initiates
Cancelled by Buyer
Reason: Not the right one

Transaction **846769** (MITEL 1675)
**2016-03-25 13:14:39**
Cancelled by Buyer
Reason:  cancel

Transaction **847284** (MITEL 1679)
**2016-03-25 13:21:30**
Seller Initiates - "note"
Cancelled by Buyer
Reason: Not the right one

Transaction **847266** (MITEL 1677**)**
**(Escrow 561965**)
**2016-03-25 14:04:44**
Both parties accept offer


Transaction **847266** (MITEL 1677**)**
**(Escrow 561965**)
**2016-03-28 15:44:16**
Escrow.com approves payment

*3*

## Transaction Summary

**Transactions with 984847 as the seller:**

| Trans ID | Escrow ID | Description | Buyer Email | Value | Status |
|---|---|---|---|---|---|
| 846756 | None | Domain Name Assignment - gandalf.ca | albert@colocationamerica.com | 10000.00 USD | cancel |
| 846769 | None | Domain Name Assignment - gandalf.ca | albert@colocationamerica.com | 10000.00 USD | cancel |
| 847234 | None | gandalf.ca Domain Name Transfer | albert@colocationamerica.com | 10000.00 USD | cancel |
| 847266 | 561965 | Modified - Gandalf.ca Domain Name Transfer | albert@colocationamerica.com | 10000.00 USD | serviceTransOpen |
| 847277 | None | gandalf.ca Domain Name Transfer | albert@colocationamerica.com | 10000.00 USD | cancel |
| 847284 | None | gandalf.ca Domain Name Transfer | albert@colocationamerica.com | 10000.00 USD | cancel |

CONFIDENTIAL

MITEL001673

## Transaction Details

### Transaction 846756

| | |
|---|---|
| Description | Domain Name Assignment - gandalf.ca |
| Status | Transaction Cancelled |
| Created | 2016-03-24 14:14:24 |
| Total Value | 10000.00 USD |
| Buyer | 984834 (albert@colocationamerica.com) |
| Seller | 984847 (Michelle.Whittington@mitel.com) |

**Transaction History**

| Date | Status | Message | Cust ID | IP |
|---|---|---|---|---|
| 2016-03-24 14:14:25 | BuyerInitiate | Buyer initiates the transaction | 984834 | 108.185.130.55 |
| 2016-03-24 14:14:25 | BuyerInitiate | NOTE: Domain name transfer only. No content, software, adsense or income generating accounts included. | 984834 | 108.185.130.55 |
| 2016-03-24 14:18:19 | Cancelled | This transaction has been cancelled by the Buyer with the following reason: Correction | 984834 | 108.185.130.55 |

CONFIDENTIAL

MITEL001674

**Transaction 846769**

| Description | Domain Name Assignment - gandalf.ca |
|---|---|
| Status | Transaction Cancelled |
| Created | 2016-03-24 14:34:51 |
| Total Value | 10000.00 USD |
| Buyer | 984834 (albert@colocationamerica.com) |
| Seller | 984847 (Michelle.Whittington@mitel.com) |

**Transaction History**

| Date | Status | Message | Cust ID | IP |
|---|---|---|---|---|
| 2016-03-24 14:34:51 | BuyerInitiate | Buyer initiates the transaction | 984834 | 108.185.130.55 |
| 2016-03-25 13:14:39 | Cancelled | This transaction has been cancelled by the Buyer with the following reason: Cancel | 984834 | 76.91.3.113 |

**Transaction 847234**

| Description | gandalf.ca Domain Name Transfer |
|---|---|
| Status | Transaction Cancelled |
| Created | 2016-03-25 11:08:12 |
| Total Value | 10000.00 USD |
| Buyer | 984834 (albert@colocationamerica.com) |
| Seller | 984847 (Michelle.Whittington@mitel.com) |

**Transaction History**

| Date | Status | Message | Cust ID | IP |
|---|---|---|---|---|
| 2016-03-25 11:08:13 | SellerInitiate | Seller initiates the transaction | 984847 | 75.172.228.73 |
| 2016-03-25 11:08:13 | SellerInitiate | NOTE: Domain name transfer only. No content, software, adsense or income generating accounts included. | 984847 | 75.172.228.73 |
| 2016-03-25 11:15:23 | sellersettlemen | seller selected WT as a settlement method to BANK OF NOVA SCOTIA, Account Number *******9518. | 984847 | 75.172.228.73 |
| 2016-03-25 12:31:32 | Cancelled | This transaction has been cancelled by the Buyer with the following reason: Modification made. | 984834 | 104.173.192.95 |

CONFIDENTIAL

MITEL001676

**Transaction 847266 (Escrow 561965)**

| Description | Modified - Gandalf.ca Domain Name Transfer |
|---|---|
| Status | Milestone transaction open |
| Created | 2016-03-25 12:26:30 |
| Total Value | 10000.00 USD |
| Buyer | 984834 (albert@colocationamerica.com) |
| Seller | 984847 (Michelle.Whittington@mitel.com) |

**Transaction History**

| Date | Status | Message | Cust ID | IP |
|---|---|---|---|---|
| 2016-03-25 12:26:30 | BuyerInitiate | Buyer initiates the transaction | 984834 | 104.173.192.95 |
| 2016-03-25 14:04:44 | BothAccept | Both parties have accepted the offer, awaiting buyer payment. | 984847 | 75.172.228.73 |
| 2016-03-25 14:05:07 | sellersettlemen | seller selected WT as a settlement method to BANK OF NOVA SCOTIA, Account Number *******9518. | 984847 | 75.172.228.73 |
| 2016-03-28 15:44:16 | PaymentApproved | Escrow.com approves payment. | | |

**Transaction 847277**

| Description | gandalf.ca Domain Name Transfer |
|---|---|
| Status | Transaction Cancelled |
| Created | 2016-03-25 12:51:10 |
| Total Value | 10000.00 USD |
| Buyer | 984834 (albert@colocationamerica.com) |
| Seller | 984847 (Michelle.Whittington@mitel.com) |

**Transaction History**

| Date | Status | Message | Cust ID | IP |
|---|---|---|---|---|
| 2016-03-25 12:51:11 | SellerInitiate | Seller initiates the transaction | 984847 | 75.172.228.73 |
| 2016-03-25 12:51:11 | SellerInitiate | NOTE: Domain name transfer only. No content, software, adsense or income generating accounts included. | 984847 | 75.172.228.73 |
| 2016-03-25 12:54:50 | sellersettlement | seller selected WT as a settlement method to BANK OF NOVA SCOTIA, Account Number *******9518. | 984847 | 75.172.228.73 |
| 2016-03-25 13:51:31 | Cancelled | This transaction has been cancelled by the Buyer with the following reason: Not the right one. | 984834 | 104.173.192.95 |

CONFIDENTIAL

MITEL001678

**Transaction 847284**

| Description | gandalf.ca Domain Name Transfer |
|---|---|
| Status | Transaction Cancelled |
| Created | 2016-03-25 13:21:30 |
| Total Value | 10000.00 USD |
| Buyer | 984834 (albert@colocationamerica.com) |
| Seller | 984847 (Michelle.Whittington@mitel.com) |

**Transaction History**

| Date | Status | Message | Cust ID | IP |
|---|---|---|---|---|
| 2016-03-25 13:21:32 | SellerInitiate | Seller initiates the transaction | 984847 | 75.172.228.73 |
| 2016-03-25 13:21:32 | SellerInitiate | NOTE: Domain name transfer only. No content, software, adsense or income generating accounts included. | 984847 | 75.172.228.73 |
| 2016-03-25 13:24:46 | sellersettlement | seller selected WT as a settlement method to BANK OF NOVA SCOTIA, Account Number *******9518. | 984847 | 75.172.228.73 |
| 2016-03-25 13:51:51 | Cancelled | This transaction has been cancelled by the Buyer with the following reason: Not the right one. | 984834 | 104.173.192.95 |

CONFIDENTIAL

MITEL001679

EXHIBIT 3

BRIER, IRISH, HUBBARD & ERHART, P.L.C.
2400 East Arizona Biltmore Circle, Suite 1300
Phoenix, Arizona 85016
Telephone (602) 522-3940
Facsimile (602) 522-3945
Teresa H. Foster, Of Counsel (010877)
For Court Filings/Pleadings:
ctfilings@thfosterlaw.com
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| COLOCATION AMERICA AMERICA,<br><br>                                        Plaintiff,<br><br>v.<br><br>MITEL NETWORKS CORPORATION,<br><br>                                        Defendant. | Case No. 2:17-cv-00421-NVW<br><br>(Honorable Neil V. Wake)<br><br>**DECLARATION OF<br>HAROLD L. STANFORD** |
| --- | --- |

Harold L Stanford declares under penalty of perjury as follows:

1.      I am a legal assistant working directly for the law firm of Brier Irish Hubbard & Erhart, PLC, counsel for Plaintiff Colocation America Corporation.

2.      On or about August 29, 2017, I met with attorney David Barker of Snell & Wilmer (Defendant Mitel Networks Corporation's counsel), and arranged for him to view in our offices, the escrow.com account for Albert Ahdoot of Colocation America Corporation.

3.      Attorney David Barker took screen shots of Mr. Ahdoot's escrow.com account. Two pages of those screen shots are attached hereto.

DATED:   3-29-18

Harold L. Stanford

# ESCROW.COM

My Transactions | Start Transaction | Buttons | Help | Contact Us

## The Milestone Transaction is opened

- Actions will be available based on milestone statuses.
- If available please select Action for every milestone.

**Status**
Select any status for help.

1. BUYER AND SELLER AGREE TO TERMS
2. BUYER SENDS PAYMENT TO ESCROW.COM
3. SELLER SHIPS MERCHANDISE TO BUYER
4. BUYER RECEIVES MERCHANDISE
5. ESCROW.COM PAYS SELLER

### Payment details

If you have not sent your payment yet, here are our wire transfer details:

**Bank Name:** Wells Fargo Bank, N.A.
420 Montgomery St
San Francisco, CA 94104

**ABA Routing #:** 121000248

**Swift Code:** WFBIUS6S

**Credit Account Name:** Internet Escrow Services Inc

**Credit Account #:** 7101167844

**Wire Beneficiary Address:** 180 Montgomery St
Suite 650
San Francisco, CA 94104
USA

**Additional Instructions:** Reference Escrow Transaction #
847266

### Merchandise

| Milestone No. | Status | Item Description | Inspection Period (calendar days) | Delivery Type | Unit Price/Installment |
|---|---|---|---|---|---|
| 1 | Buyer funds secured by Escrow.com | Gandalf.ca When Seller notices Escrow.com that gandalf.ca and the IPRA 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 venidout have been transferred, Escrow.com will verify that the Buyer is the registrant on both 'WHOIS' advense or income software, and generating accounts incl | 30 | No Shipping Needed | $10,000.00 |

| | | |
|---|---|---|
| | Subtotal: | $10,000.00 |
| | Escrow Fee | $175.50 |
| | Total Transaction ID: 847266 Escrow ID: 561965 | $10,175.50 |

**Actions** N/A

### Terms

Transaction #: 847266
Escrow #: 561965
Transaction Title: Modified - Gandalf.ca Domain Name Transfer

### History

Mar 25 2016 3:04PM PDT
Escrow.com approves payment.

Mar 25 2016 2:04PM PDT
Both parties have accepted the offer, awaiting buyer payment.

Mar 25 2016 12:26PM PDT
Buyer initiates the transaction

284

## ESCROW.COM

My Transactions | Start Transaction | Buttons | Help | Contact Us

Mar 23 2016 12:25PM PDT
Buyer initiates the transaction

**Swift Code:** WFBIUS6S
**Credit Account Name:** Internet Escrow Services Inc
**Credit Account #:** 7101176844
**Wire Beneficiary Address:** 180 Montgomery St
Suite 650
San Francisco, CA 94104
USA

**Additional Instructions:** Reference Escrow Transaction #
847266

### Merchandise

| Milestone No. | Status | Item Description | Inspection Period (calendar days) | Delivery Type | Unit Price/installment |
|---|---|---|---|---|---|
| 1 | | Gandalf.ca When Seller notifies Escrow.com that gandalf.ca **and the IPv4 134.22.0.0/16 netblock** have transferred, Escrow.com will verify that the Buyer is the registrant on both "WHOIS". No content, software, absence of income-generating accounts incl | 30 | No Shipping Needed | $10,000.00 |

| | | | | Subtotal | $10,000.00 |
| | | | | Escrow Fee | $175.50 |
| | | | Total Transaction ID: 847266 Escrow ID: 561965 | | $10,175.50 |

**Actions**

N/A

### Terms

| | |
|---|---|
| Transaction #: | 847266 |
| Escrow #: | 561965 |
| Transaction Title: | Modified - Gandalf.ca Domain Name Transfer |
| Buyer: | Albert Ahdoot (albert1@cclocationamerica.com) |
| Seller: | MICHELLE WHITTINGTON (Michelle.Whittington@intel.com) |
| Inspection Period: | Milestone Transaction |
| Escrow Fee to be paid by: | Buyer The buyer is responsible for 100% of the escrow fee in the event the transaction is cancelled or the merchandise is returned |
| Transaction fulfilled using: | Milestone Transaction |

EXHIBIT 4

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT

for the

District of Arizona

| | |
|---|---|
| Colocation America, Inc. | ) |
| *Plaintiff* | ) |
| v. | ) |
| Mitel Networks Corporation | ) |
| | ) |
| *Defendant* | ) |

Civil Action No. CV-17-00421-PHX-NVW

(If the action is pending in another district, state where:

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES

To: Escrow.com, Inc. d/b/a Escrow.com Services
c/o Corporation Service Company, 2710 Gateway Oaks Dr. Ste. 150N, Sacramento, CA 95833

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

SEE ATTACHED EXHIBIT A

| Place: First Legal <br> 1814 I St. <br> Sacramento, CA 95811 | Date and Time: <br><br> July 28, 2017 at 9:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   July 13, 2017

*CLERK OF COURT*

OR _____

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
_____Mitel Networks Corporation_____, who issues or requests this subpoena, are:

David E. Rogers (drogers@swlaw.com); David G. Barker (dbarker@swlaw.com); Jacob Jones (jcjones@swlaw.com);
Snell & Wilmer L.L.P., One Arizona Center, 400 East Van Buren, Phoenix, Arizona, 85004; (602) 382-6000

AO 88B  (Rev  01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No.  CV-17-00421-PHX-NVW

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*

was received by me on *(date)*                               .

☐ I personally served the subpoena on the individual at *(place)*

on *(date)*                        ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)*

, a person of suitable age and discretion who resides there,

on *(date)*                        , and mailed a copy to the individual's last known address; or

☐ I served the subpoena to *(name of individual)*                                , who is

designated by law to accept service of process on behalf of *(name of organization)*

on *(date)*                        ; or

☐ I returned the subpoena unexecuted because                                        ; or

☐ other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$                              .

My fees are $                for travel and $                for services, for a total of $        0.00

I declare under penalty of perjury that this information is true.


Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc:

2

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 3)

### Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

*3*

## EXHIBIT A

## DEFINITIONS

1.     "You," "Your," or "Escrow.com" means Escrow.com, Inc., and includes all employees, members, and individuals and entities acting on its behalf.

2.     "Colocation" or "Plaintiff" means "Colocation America, Inc.," Colocation America" and "Colocation America Corporation" and the respective officers, attorneys, employees, and agents of each.

3.     "MNC" means Mitel Networks Corporation, which is the named Defendant in this lawsuit.

4.     "ARIN" means the American Registry for Internet Numbers.

5.     "Any," "each," and "all" shall be read to be all inclusive, and to require the production of each and every document (as hereinafter defined) responsive to the particular request for production in which such term appears.

6.     "And" and "or" shall be construed both conjunctively and disjunctively and each shall include the other wherever such dual construction will serve to bring within the scope of these requests any documents and things which would otherwise not be brought within their scope.

7.     "Related to," "relating," "referring to," "concerning" or "regarding" means related in any manner.

8.     The term "document" includes electronically stored information, and is used in the broadest sense to be equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a).  A draft or non-identical copy is a separate document.

9.     The term "communication" means any exchange or transfer of information between two or more persons, whether written, oral, electronic, or in any other form, and also includes any documents, notes, memoranda or other writings reflecting the substance of the communication.

10.     "Person" means an individual, firm, corporation, association, organization or any other entity.  All references to persons or entities also include all persons and

4

entities acting on his, her, their or its behalf.

## INSTRUCTIONS

1.    Electronic records and computerized information must be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit rendering the materials intelligible.

2.    In producing documents, furnish all documents known or available to You, or within Your control.

3.    File folders with tabs or labels identifying documents called for by this Subpoena must be produced intact with such documents.

4.    Documents attached to each other (physically or electronically, e.g., email attachments) must not be separated and must be produced with a means of indicating parent/attachment relationship.

5.    To the extent you claim that any produced information is confidential, you may mark such information in conformance to the attached Protective Order, which has been entered in this case and which applies to documents produced by third-parties.

## DOCUMENTS TO BE PRODUCED

1.    All contact information You have for Dividend Advisors, Corey Allen, or Jack Heller.

2.    All communications between You and Dividend Advisors, LLC, including those in 2016 regarding IPv4 addresses or MNC.

3.    All communications between You and Corey Allen, including those in 2016 regarding IPv4 addresses or MNC.

4.    All communications between You and Colocation, including those in 2016 regarding IPv4 address, MNC, Corey Allen, Dividend Advisors, Jack Heller, or Paul Sigelman.

5.    Documents sufficient to show the relationship (if any) between You and Corey Allen.

Exhibit A to Subpoena Duces Tecum to Escrow.com, Inc.
Colocation America, Inc. v Mitel Networks Corporation, Case No. CV-17-00421-PHX-NVW

5

6.     Documents sufficient to show the relationship (if any) between You and Dividend Advisors, LLC.

7.     Documents sufficient to show the relationship (if any) between You and Jack Heller.

8.     All communications between You and Paul Sigelman that reference Corey Allen, Jack Heller, or Dividend Advisors.

9.     All communications between You and Deborah Perlman that reference Corey Allen, Jack Heller, or Dividend Advisors.

10.    All communications between You and Colocation from September, 2015 until present related to IPv4 addresses, MNC, Corey Allen, Dividend Advisors, Jack Heller, or Paul Sigelman.

11.    All communications between You and Albert Ahdoot, Albert Arash Ahdoot, Albert A. Adoot, Arman Khalili, Peter Preuss, and/or Otto Grajeda from September, 2015 until present.

12.    All communications between You and Sigelman Law or Paul Sigelman Law Firm from September, 2015 until present, including communications related to IPv4 addresses or MNC.

13.    Documents sufficient to show the relationship (if any) between You and Paul Sigelman.

14.    Documents sufficient to show the relationship (if any) between You and Deborah Perlman.

15.    Documents sufficient to show the relationship (if any) between You and Colocation.

16.    Documents sufficient to show the relationship (if any) between You and Albert Ahdoot, Albert Arash Ahdoot, Albert A. Adoot, Arman Khalili, Peter Preuss, and/or Otto Grajeda.

4812-1574-2283.1

Exhibit A to Subpoena Duces Tecum to Escrow.com, Inc.
Colocation America, Inc. v Mitel Networks Corporation, Case No. CV-17-00421-PHX-NVW

b

EXHIBIT 5

From: Corey Allen [mailto:Corey.Allen@dividendadvisors.com]
Sent: Wednesday, February 24, 2016 1:04 PM
To: Michelle Whittington <Michelle.Whittington@mitel.com>
Subject: Attn: Michelle Whittington Re: Gandalf.ca

Dear Ms. Whittington,
              I am sorry for the delay in responding to you. I was out of the office
for the better part of the week as the result of the flu. As a follow up to my request, our
company would like to purchase the domain Gandalf.ca as well as any potential
intellectually properties or scenarios that may be associated at a future point in time with
the name Gandalf.ca. My company is in position to offer Mitel the sum of ten thousand
American dollars ($10,000) for all rights. If you are in position to accept our offer, please
draw up an agreement and upon my review and acceptance, I will place the funds in an
escrow account of your choosing.

Sincerely,

Corey Allen
Principal Advisor
Dividend Advisors, LLC.
433 North Camden Drive Suite 970
Beverly Hills, California 90210
Phone: (310) 962-5602
www.DividendAdvisors.com
email: Corey.Allen@DividendAdvisors.com