# EXHIBIT 2

David E. Rogers (#019274)
David G. Barker (#024657)
Jacob C. Jones (#029971)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
E-Mail: drogers@swlaw.com
        dbarker@swlaw.com
        jcjones@swlaw.com

Attorneys for Defendant
Mitel Networks Corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Colocation America, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Mitel Networks Corporation, <br><br> Defendant. | No. CV-17-00421-PHX-NVW <br><br> **Declaration of David E. Rogers in Support of Defendants' Motion for Fees** |
| Mitel Networks Corporation, <br><br> Counterclaimant, <br><br> v. <br><br> Colocation America Corporation; and Corey Allen Kotler and Mojgan Tabibnia, husband and wife, <br><br> Counterdefendants. | |

I, David E. Rogers, declare as follows:

1. I am the lead counsel for Defendants Mitel Networks Corporation ("MNC") in this action. I make this declaration based on my personal knowledge.

2. <u>Fee Agreement</u>. There is no written fee agreement between MNC and Snell & Wilmer for this lawsuit, but attached as Exhibit 2A is a redacted copy of the 2008 engagement letter. Under the fee arrangement between MNC and Snell & Wilmer, MNC must pay all billed fees and costs. The fee arrangement is neither fixed nor contingent. Snell & Wilmer's attorneys'/paraprofessionals' fees are billed to MNC on an hourly-rate basis, with each hourly rate dependent upon the particular attorney/paraprofessional performing the work.

3. <u>Reasonableness of Rates</u>. The billing rates for each attorney and paraprofessional who rendered services in this lawsuit are set forth in Exhibit 2B. Their respective hourly rates range from $110 to $630. The billing rates for each individual attorney and paraprofessional were established by Snell & Wilmer by taking into account each individual's education, skill, experience, and training.

4. The attorney/paraprofessional selected to perform a particular task is based on the nature of the task, and the experience/knowledge of the attorney/paraprofessional.

5. <u>Reasonableness of Time Spent and Expenses Incurred</u>. I review the fees and costs charged to MNC before each bill is sent to MNC. Exhibit 2C includes the fees/costs for this lawsuit Arizona (the "Arizona Action"). In Exhibit 2C, the highlighted fee entries are those solely related to adding individual defendants Kotler and Ahdoot. Exhibit 2D includes the fees/costs for the California case involving the same parties and the Domain Name Assignment Agreement. Exhibits 2C and 2D identifies, respectively for the Arizona Action and California Action: (a) the lawyers and paraprofessionals who rendered services in connection with the lawsuit; (b) the amount of time expended (measured in tenths of an hour); (c), a description of the tasks performed; and (d) and the total charge for each time entry. Exhibits 2C and 2D each also identifies the expenses related to this Arizona Action and the California Action, respectively. I believe that the

work performed, the time spent on, and fees charged for, each task in Exhibit 2C and in Exhibit 2D was reasonable.

6. The information in Exhibits 2C and 2D was compiled from actual bills that were prepared by Snell & Wilmer and sent to MNC. Copies of the bills are maintained by Snell & Wilmer in the regular course of business.

7. MNC has paid Snell & Wilmer the fees and costs in Exhibits 2C and 2D.

8. The attorneys involved in this case and the California action have solid reputations in the community and are members of, respectively, the American Bar Association, State Bar of Arizona, and other professional organizations. I am generally familiar with rates charged by other lawyers and paraprofessionals with similar experience, education, and training in the Phoenix area. The counsel of record in this lawsuit are David Rogers (partner) who has 26 years of experience, David Barker (partner), who has 14 years of experience, and Jacob Jones (associate), who has 6 years of experience. Each is an intellectual property lawyer and licensed patent attorney. Each is experienced in litigating contract disputes, and each is in good standing with the Arizona Bar. The rates charged by Snell & Wilmer for the time expended on this matter by the partners, associates, paralegals, and records assistants are customary and consistent with those rates. The billing rates and overall fees in Exhibits 2C and 2D are reasonable and customary for matters of this degree of complexity involving counts for breach of contract and discovery issues.

9. <u>Exercising Billing Judgement</u>. Snell & Wilmer exercised billing judgment: there were fee reductions (write offs) totaling $25,519.50 over the course of the Arizona Action and the California Action. There were cost write offs of $3,022.61 over the course of the Arizona Action and the California Action. I obtained these write off figures from Snell & Wilmer's finance department, which keeps such records in the ordinary course of business. Further, to conserve fees and costs, MNC and Snell & Wilmer decided not to undertake permissible discovery relevant to the Arizona Action, such as: deposing (a) Colocation's accountant, Jose Cruz (about Colocation's true business revenues), (b)

Colocation's Nevada corporate agent, who was allegedly responsible for listing non-existent officers and a non-existent director in Colocation's corporate filings, (c) Samantha Walters, a Colocation contract employee, who was involved in email communications with MNC demanding that the IPv4 addresses be transferred to Colocation, and (d) Colocation's lawyer, Paul Sigelman, regarding communications with Corey Kotler (whom Mr. Sigelman does not represent) about the negotiations with MNC.

10. As shown in Exhibit 2C, MNC's total fees and costs for the Arizona Action are $481,436.36. $89,851.00 in fees was directly related to adding the individual defendants, Albert Ahdoot (Colocation's owner) and Corey Kotler (Colocation's broker), to this lawsuit. The fee entries that are included in the $89,851.00 deducted are highlighted. $6,231.19 of the costs are taxable, which are (a) the filing fee for removing this action from state court (Ex. 2C, page 36, row 8), and (b) court reporter/transcript costs for depositions of $6,231.19 (Ex. 2C, page 36, row 22 to page 37, row four). Thus, in total, MNC seeks $364,280 in fees and $30,776.17 in non-taxable costs.

11. As shown in Exhibit 2D, MNC's total fees and non-taxable costs for the California Action that were not part of MNC's fees/costs in its Motion for Sanctions filed in that case (see, e.g., ¶ 19 below and Ex. 2M). MNC's fees and costs sought here are those that were incurred before September 20, 2016. Those total $75,016.50.

12. Attached as Exhibit 2E is a true and correct copy of a portion (pages 126-133) of the 30(b)(6) deposition transcript of Colocation dated August 22, 2017.

13. Attached as Exhibit 2F is a true and correct copy of a portion (pages 46-56) of the deposition transcript of Albert Ahdoot dated March 21, 2018.

14. Attached as Exhibit 2G is a true and correct copy of the redacted portion of the "nebulous" email chain that was part of a stack of documents brought by Corey Kotler to his deposition on September 17, 2017.

15. Attached as Exhibit 2H is a true and correct copy of the "nebulous" email string produced by Colocation on February 27, 2018.

16. Attached as Exhibit 2I is a true and correct copy of an email chain between

1. MNC's lawyers and Colocation's lawyers in which MNC is requesting Colocation to fully respond to production of document requests, which resulted in Ex. 2H being produced.

17. There is no statutory basis in California for being awarded fees for a Motion to Quash Service for Lack of Personal Jurisdiction. The Contract at issue has no attorney's fees provision. There is a statutory basis for recovering fees and costs relate to quashing subpoenas, which is California Code of Civil Procedure Sections 1987.2, 2023.010, 2023.030, and 2025.410(d).

18. Attached as Exhibit 2L is a true and correct copy of a portion (pages 22-25 and 30-33) of the deposition transcript of Albert Ahdoot dated March 21, 2018.

19. Attached as collective Exhibit 2M are true and correct copies of MNC's sanctions motion in the California Action with Exhibit C thereto, and the Court's Order granting sanctions. Exhibit C shows MNC's fees and costs that were subject to that Motion, and that all of those fees/costs were from September 20, 2016 forward. The fees/costs awarded totaled $1,500+$32,242.00+$870+$5,980.00=$40,648, as shown in Ex. 2M (Court's Order). The California Action was dismissed for lack of personal jurisdiction over MNC.

20. Attached as collective Exhibit 2N are true and correct copies of offers by MNC to settle this lawsuit, including an offer on March 19, 2018 by MNC to pay $50,000 to Colocation.

21. Attached as collective Exhibit 2O are true and correct copies of discovery responses by Colocation in which Albert Ahdoot claims he personally searched Colocation's computer system and produced all relevant documents. The "nebulous" email chain (Exhibit 2H) was not produced. Also included in Exhibit 2O is Colocation's interrogatory response listing "Corey Allen."

22. Attached as Exhibit 2P is a true and correct copy of Colocation's Complaint filed in the California Action.

23. Attached as Exhibit 2Q is a true and correct copy of page 20 of the February 28, 2018 Transcript of a hearing in this case.

24. Attached as Exhibit 2R is a true and correct copy of pages 54-61 of the October 24, 2017 deposition of Albert Ahdoot.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 28, 2018.

*David E. Rogers* (signature)
David E. Rogers

4815-2504-9452