# EXHIBIT A

## Jones, Jacob

| | |
|---|---|
| **From:** | Teri Foster <tfoster@bihlaw.com> |
| **Sent:** | Monday, June 25, 2018 3:55 PM |
| **To:** | Rogers, David |
| **Cc:** | paul@sigelmanlaw.com; Harry Stanford; Barker, David; Jones, Jacob; Dolan, Denise |
| **Subject:** | Re: Settlement Communication Pursuant to FRE 408  6/21/18 |

Dave: I did have an opportunity to discuss this matter with my client. The email below threatening fraud and punitive damages was, unfortunately, counterproductive. The offer below expired by its own terms on Friday and I do not have any counteroffer at this time. We filed a request for transcripts today and received a warning back that the case was closed ("**WARNING: CASE CLOSED on 06/15/2018**").


*Teresa H. Foster, Esq., Of Counsel*
*Brier, Irish, Hubbard & Erhart, P.L.C.*
*2400 East Arizona Biltmore Circle*
*Suite 1300*
*Phoenix, Arizona 85016-2115*
*Telephone: 602-515-0181*
*Direct: 602-515-0154*
*Fax: 602-522-3945*
*E-Mail: tfoster@bihlaw.com*
*---------------------------------------------------------------------------*
*This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) at (602) 515-0181 and ask to speak with the message sender.*
*Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.*

*TREASURY DEPARTMENT CIRCULAR 230 DISCLAIMER: To ensure compliance with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including any attachments, is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any penalties that may be imposed by the Internal Revenue Service. (The foregoing statement is made in accordance with Circular 230, 31 C.F.R. Part 10.)*

---

**From:** Rogers, David <drogers@swlaw.com>
**Sent:** Friday, June 22, 2018 5:42 PM
**To:** Teri Foster
**Cc:** paul@sigelmanlaw.com; Harry Stanford; Barker, David; Jones, Jacob; Dolan, Denise
**Subject:** Re: Settlement Communication Pursuant to FRE 408 6/21/18

Sure Teri.  I'll be in.  602-382-6225.  Tks,  Dave

Sent from my iPhone

On Jun 22, 2018, at 5:39 PM, Teri Foster <tfoster@bihlaw.com<mailto:tfoster@bihlaw.com>> wrote:

Will Monday, any time between 1 and 4 work for a call?

Teresa H. Foster, Esq., Of Counsel
Brier, Irish, Hubbard & Erhart, P.L.C.
2400 East Arizona Biltmore Circle
Suite 1300
Phoenix, Arizona 85016-2115
Telephone: 602-515-0181
Direct: 602-515-0154
Fax: 602-522-3945
E-Mail: tfoster@bihlaw.com<mailto:s@bihlaw.com>
----------------------------------------------------------------------------
This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) at (602) 515-0181 and ask to speak with the message sender.
Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.

TREASURY DEPARTMENT CIRCULAR 230 DISCLAIMER: To ensure compliance with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including any attachments, is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any penalties that may be imposed by the Internal Revenue Service. (The foregoing statement is made in accordance with Circular 230, 31 C.F.R. Part 10.)

_____

From: Rogers, David <drogers@swlaw.com<mailto:drogers@swlaw.com>>
Sent: Thursday, June 21, 2018 10:28 AM
To: Teri Foster; paul@sigelmanlaw.com<mailto:paul@sigelmanlaw.com>; Harry Stanford
Cc: Barker, David; Jones, Jacob; Dolan, Denise
Subject: RE: Settlement Communication Pursuant to FRE 408 6/21/18


Teri.  Some cases regarding punitive damages that would be potentially be available against Ahdoot in a fraud case against him and his wife.  Dave



*************************************************************************



Echols v. Beauty Built Homes, Inc., 132 Ariz. 498, 502 (1982) ("Punitive damages may be assessed against a principal for wrongs committed by its agent if the acts were committed in furtherance of the employer's business and within the scope of the agent's employment.").



Hosseini v. Chowdry, 953 F.2d 1387 (9th Cir. 1992) (under California law, affirming award of $3,310 in contract damages, $79,440 in fraud damages, and $165,500 in punitive damages where jury found defendant fraudulently induced plaintiff enter a contract).



Konvitz v. Midland Walwyn Capital, Inc., 129 F. App'x 344, 345 (9th Cir. 2005) (affirming, under California law, $1,078,343.55 in punitive damages for fraudulent representations where jury awarded $215,667.67 in compensatory damages).



"California typically imposes treble damages penalties for fraudulent and bad faith conduct." Bardis v. Oates, 119 Cal.App.4th 1, 14

2

Cal.Rptr.3d 89, 106 (2004), cert. denied, 543 U.S. 1150 (2005).

Cable & Computer Tech. Inc. v. Lockheed Sanders Inc., 52 F. App'x 20, 23 (9th Cir. 2002) (affirming $12.8 million punitive damage award, a 5 to 1 ratio, in breach of contract and fraud case because defendant's acts were "reprehensible").

Hangarter v. Provident Life & Acc. Ins. Co., 373 F.3d 998, 1015 (9th Cir. 2004) (concluding, in a case involving breach of contract and misrepresentation, that a punitive damages to compensatory damages ratio of 2.6:1 was "well within the Supreme Court's suggested range for constitutional punitive damages awards").

Glovatorium, Inc. v. NCR Corp., 684 F.2d 658, 663 (9th Cir. 1982) (affirming punitive damages 9.1 times the compensatory damages in breach of contract and intentional misrepresentation case)

From: Rogers, David
Sent: Thursday, June 21, 2018 10:07 AM
To: tfoster@bihlaw.com<mailto:tfoster@bihlaw.com>; paul@sigelmanlaw.com<mailto:paul@sigelmanlaw.com>; hstanford@bihlaw.com<mailto:hstanford@bihlaw.com>
Cc: Barker, David; Jones, Jacob; Dolan, Denise
Subject: RE: Settlement Communication Pursuant to FRE 408 6/19/18

Teri.  Under Local Rule 54.2 we're supposed to have a personal consultation/conference regarding the fees.  We're available any time today, tomorrow, or Monday for a phone call.   Let us know if Colocation does not want to hold the conference.  If we don't hear back, we'll state that we made good faith efforts to arrange the conference but were unable to do so.  Thanks,  Dave

From: Rogers, David
Sent: Tuesday, June 19, 2018 3:39 PM
To: tfoster@bihlaw.com<mailto:tfoster@bihlaw.com>; paul@sigelmanlaw.com<mailto:paul@sigelmanlaw.com>; hstanford@bihlaw.com<mailto:hstanford@bihlaw.com>
Cc: Barker, David; Jones, Jacob; Dolan, Denise
Subject: Settlement Communication Pursuant to FRE 408 6/19/18

Dear Teri.   MNC's motion for attorney's fees, which Judge Wake invited us to file, is due on June 29, 2018.   We've begun preparing it and plan to include our fees and costs from the Arizona action, Canadian action, and California action.

MNC's total fees and costs for the three actions are about $650,000.   Colocation already paid a sanction of $40,000, which leaves

3

about $610,000. FYI, the Canadian action is less than $10,000 of the total amount.

MNC's offer to settle this matter is for Colocation to pay $475,000 by wire transfer, no later than June 27, 2018, to an account designated by MNC. That amount takes into account Judge Wake's statement that he would not award fees for attempting to add Kotler and Ahdoot to this lawsuit.

We think Judge Wake would award the remainder of the fees and costs given the history of the case, e.g.,

(1) Colocation, and not MNC, pursued litigation;

(2) Numerous false statements and inaccurate case summaries in the California case;

(3) The false names and addresses in Colocation's Rule 26.1 disclosures and interrogatory responses (all of which Ahdoot blamed on his lawyers);

(4) Kotler using a false name (Allen) to communicate with MNC;

(5) Colocation not correcting the record when MNC subpoenaed Allen (Kotler) and Dividend Advisors, nor when MNC subpoenaed numerous building managers searching for Allen (Kotler) and Dividend Advisors;

(6) Sigelman accepting service for Allen and Dividend Advisors;

(7) the "nebulous" email string;

(8) Colocation not producing the "nebulous" email string;

(9) Colocation's non-existent officers and directors, and Colocation not notifying MNC that they were non-existent until the day before their depositions were scheduled;

(10) Colocation contracting and bringing a lawsuit under a false name; and

(11) Colocation's numerous other false positions and misstatements.

Additionally, if this case is settled as set forth above, MNC will not sue Ahdoot and his wife personally for fraud. Those counts are still viable and can now be raised in a separate lawsuit. Many of the defenses that may have been available to Ahdoot for fraud are foreclosed by collateral estoppel. The Arizona court has already found that Ahdoot, Kotler, and Sigelman plotted at the outset to misrepresent to MNC, and that MNC reasonably relied on Colocation's omissions by believing that the Contract was only for the transfer of gandaf.ca<http://gandaf.ca>. The resulting damages are the fees and costs of this lawsuit. Punitive damages would also be available.

This offer is open until June 22, 2018.   Thanks,  Dave

## Jones, Jacob

| | |
|---|---|
| **From:** | Rogers, David |
| **Sent:** | Saturday, June 23, 2018 9:10 PM |
| **To:** | Teri Foster |
| **Cc:** | paul@sigelmanlaw.com; Harry Stanford; Barker, David; Jones, Jacob; Dolan, Denise |
| **Subject:** | Re: Settlement Communication Pursuant to FRE 408  6/21/18 |

Teri.  We've sent our settlement proposal in writing.  Could Colocation please do the same before our call on Monday.  Thanks,  Dave

Sent from my iPhone

On Jun 22, 2018, at 5:42 PM, Rogers, David <drogers@swlaw.com> wrote:

> Sure Teri.  I'll be in.  602-382-6225.  Tks,  Dave
>
> Sent from my iPhone
>
> On Jun 22, 2018, at 5:39 PM, Teri Foster <tfoster@bihlaw.com> wrote:
>
>> Will Monday, any time between 1 and 4 work for a call?
>>
>>
>> *Teresa H. Foster, Esq., Of Counsel*
>> *Brier, Irish, Hubbard & Erhart, P.L.C.*
>> *2400 East Arizona Biltmore Circle*
>> *Suite 1300*
>> *Phoenix, Arizona 85016-2115*
>> *Telephone: 602-515-0181*
>> *Direct: 602-515-0154*
>> *Fax: 602-522-3945*
>> *E-Mail: tfoster@bihlaw.com*
>> ---------------------------------------------------------------------------
>> *This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) at (602) 515-0181 and ask to speak with the message sender.*
>> *Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.*
>>
>> *TREASURY DEPARTMENT CIRCULAR 230 DISCLAIMER: To ensure compliance with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including any attachments, is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any penalties that may be imposed by the Internal Revenue Service. (The foregoing statement is made in accordance with Circular 230, 31 C.F.R. Part 10.)*

1