# EXHIBIT C

# Albert Ahdoot

Date: 03/21/2018

Vol III

## COLOCATION AMERICA

vs

## MITEL NETWORKS



2415 East Camelback Road
Suite 700
Phoenix, AZ 85016

602-358-0225

```
 1
 2                IN THE UNITED STATES DISTRICT COURT
 3                    FOR THE DISTRICT OF ARIZONA
 4
 5    COLOCATION AMERICA, INC.,      )
                                     )
 6                    Plaintiff,     )
                                     )
 7        vs.                        )  No. 2:17-cv-00421-NVW
                                     )
 8    MITEL NETWORKS CORPORATION,    )
                                     )
 9                    Defendant.     )
     _____)
10
11
12                           VOLUME III
13        DEPOSITION OF ALBERT ARASH AHDOOT, a witness
14        herein, noticed by Snell & Wilmer L.L.P.,
15        taken at 350 South Grand Avenue, Los Angeles,
16        California, at 9:53 a.m., on Wednesday,
17        March 21, 2018, before Diane M. Lytle,
18        CSR 8606.
19
20        Job Number 2726
21
22
23
24
25
```

Page 30

1   So there's two models. One, you're leasing a
2  server; or, two, you're leasing space, power, and
3  connectivity to a Colocation customer.
4       Q. In documents that you -- that Colocation
5  has filed in this case, it states that Colocation
6  has been damaged by not being -- by not being
7  assigned the IPv4 addresses; is that correct?
8       A. I'm sorry, one more time.
9       Q. I'll say -- I'll say it again.
10      In documents filed in this case, and I have
11  them here, we can look at them, but they say this,
12  they say that Colocation has been damaged by not
13  being assigned the block of IPv4 addresses in the
14  contract.
15      A. Not being -- not -- you guys, Mitel,
16  a.k.a., transferring the IP to us? Is that what
17  you're saying by "assigned"?
18      Q. Yes. That's what I mean, by not
19  transferring the IPv4 addresses to Colocation.
20      A. Well, again, it goes back to us not being
21  able to turn up customers because of the shortage
22  of the IPs. And, hence, that's why we hired
23  Mr. Corey Kotler, to go find us IPs and represent
24  us.
25      Q. By how much has Colocation been damaged

Page 31

1  by not having that block of IPv4 addresses listed
2  in the contract transferred to it?
3       A. That's like saying by how much has a law
4  firm been damaged by not getting cases? I mean,
5  depends on your rents, depends on everything else.
6  It's a pretty broad question.
7       Q. So have you ever done any estimate about
8  that?
9       A. No.
10      Q. Can you -- can you bracket it for me
11  right now?
12      A. No. I need to go back and look at
13  numbers. We haven't been able to grow just
14  because of the shortage of IPs.
15      Q. But you don't know by how much?
16      A. No. I don't do the accounting. I just
17  overlook the company.
18      Q. So you can't put -- right now sitting
19  here, you can't put any value on the IPv4
20  addresses in the contract?
21      A. No.
22      Q. Is it -- is it your -- I forget where we
23  left off on exhibits. I don't think we're nowhere
24  close to this.
25      We're going to start off by marking this as

Page 32

1  Exhibit 100. Okay.
2       (Whereupon the document referred to is marked by
3   the reporter as Exhibit 100 for identification.)
4       MR. ROGERS:
5       Q. Mr. Ahdoot, could you tell me what
6  Exhibit 100 is?
7       A. Sure. It's a check with -- from
8  Colocation America Corporation on 6-2-16 to
9  Mr. Corey Kotler for 5,000 even.
10      Q. Okay. We're done with that one.
11      This is Exhibit 101.
12      (Whereupon the document referred to is marked by
13  the reporter as Exhibit 101 for identification.)
14      MR. ROGERS:
15      Q. Could you tell me what this is,
16  Mr. Ahdoot?
17      A. Sure. As opposed to the last check being
18  3734, Exhibit 100, this is check number 3756
19  written from Colocation America Corporation on
20  7-5-16 to Mr. Corey Kotler for 5,000 even.
21      Q. And I'd like to have this one marked as
22  Exhibit 102.
23      (Whereupon the document referred to is marked by
24  the reporter as Exhibit 102 for identification.)
25      MR. ROGERS:

Page 33

1       Q. Mr. Ahdoot, can you please tell me what
2  this is?
3       A. Sure. Check number 3707 written on
4  5-4-16 to -- from Colocation America Corporation
5  to Corey Kotler for 5,000 even.
6       Q. And do you see the writing next to
7  "Colocation America Corporation"?
8       A. Sure.
9       Q. Do you know what that's about?
10      A. I have no idea. I can't even read it.
11      Q. We're done with that one.
12      I'd like to have this marked as Exhibit 103.
13  It's Plaintiff's Supplemental Response to
14  Defendant's Request for Supplemental Responses,
15  and it's dated November 21, 2017.
16      (Whereupon the document referred to is marked by
17  the reporter as Exhibit 103 for identification.)
18      MR. ROGERS:
19      Q. I can help you out with this, Mr. Ahdoot.
20  If you turn to page 2, please. And how this
21  document is set up, it lists requests for
22  production of document numbers that we sent to
23  Colocation and the response follows it.
24      And I would like to go to number 1
25  response -- Well, let me first go to number 1

Page 54

1   A. No.
2   Q. And so whoever put down the name "Corey
3   Allen" and did not include Kotler would have been
4   the person or persons who prepared this document;
5   correct?
6   A. Sure.
7   Q. And those same persons would have listed
8   the Beverly Hills address under Mr. -- well, under
9   Corey Allen's name; correct?
10  A. Sure.
11  Q. Done with that one.
12      I'd like to have marked as Exhibit 109 a
13  document entitled "Plaintiff's Responses to
14  Defendant's First Set of Interrogatories and First
15  Request for Production."
16      (Whereupon the document referred to is marked by
17  the reporter as Exhibit 109 for identification.)
18  MR. ROGERS:
19  Q. And, Mr. Ahdoot, could you please turn to
20  Interrogatory Number 2, which is on page 2 of this
21  document.
22  A. Okay.
23  Q. And Interrogatory Number 2 asks to
24  "Identify each person you anticipate calling at
25  the trial in this lawsuit and the nature of the

Page 55

1   person's testimony."
2       Do you see that?
3   A. I do.
4   Q. And under the answer, could you please
5   take a look at item number 3. And in item number
6   3, it lists one of the witnesses as Corey Allen;
7   correct?
8   A. Sure.
9   Q. And it does not list his last name,
10  Kotler, does it?
11  A. It does not.
12  Q. Did you prepare this?
13  A. No.
14  Q. Were you asked to review this for
15  accuracy?
16  A. I don't recall.
17  Q. You don't recall?
18  A. No.
19  Q. At the time of this document, which you
20  can see on page 7, at the time of this document
21  which is June 26th, 2017, you knew that Corey
22  Allen's -- Corey Allen Kotler's full name was
23  Corey Allen Kotler; correct?
24  A. Sure.
25  Q. Done with that one.

Page 56

1   Q. Did you ever instruct anyone to leave the
2   name Kotler out of any of the documents we just
3   looked at?
4   A. No.
5   MR. ROGERS: I have no more questions.
6   Counselor?
7   MR. SIGELMAN: No.
8   MR. ROGERS: Okay.
9       We can go off the record.
10      THE VIDEOGRAPHER: Do you want to do the
11  stipulation?
12      MR. SIGELMAN: We're in federal court so that
13  is what we do.
14      THE VIDEOGRAPHER: This concludes the
15  deposition of Albert Ahdoot ending media one of
16  Volume III at 11:06 a.m. If anyone would like a
17  copy of this deposition, please contact Depo Tech
18  at (602) 358-0225. We are now off the record.
19      THE REPORTER: Mr. Sigelman, did you want a
20  copy?
21      MR. SIGELMAN: Yes.
22      (The proceedings concluded at 11:06 a.m.)

Page 57

1   I, Diane M. Lytle, CSR 8606, do hereby declare:
2
3   That, prior to being examined, the witness named in the foregoing deposition was by me duly sworn pursuant to Section 30(f)(1) of the Federal
4   Rules of Civil Procedure and the deposition is a true record of the testimony given by the witness.
5
6   That said deposition was taken down by me in shorthand at the time and place therein named and thereafter reduced to text under my direction.
7
8   ____ That the witness was requested to review the transcript and make any changes to the transcript as a result of that review
9   pursuant to Section 30(e) of the Federal Rules of Civil Procedure.
10
11  ____ No changes have been provided by the witness during the period allowed.
12  ____ The changes made by the witness are appended to the transcript.
13
14  _X_ No request was made that the transcript be reviewed pursuant to Section 30(e) of the Federal Rules of Civil Procedure.
15
16  I further declare that I have no interest in the event of the action.
17  I declare under penalty of perjury under the laws of the United States of America that the
18  foregoing is true and correct.
19  WITNESS my hand this 3rd day of April, 2018.
20
21
22  Diane M. Lytle, CSR 8606