**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Colocation America Corporation,<br><br>              Plaintiff,<br><br>v.<br><br>Mitel Networks Corporation,<br><br>              Defendant. | No. CV-17-00421-PHX-NVW<br><br>**ORDER** |
| Mitel Networks Corporation,<br><br>              Counterclaimant,<br><br>v.<br><br>Colocation America Corporation,<br><br>              Counter-defendants. | |

Before the Court is Mitel Networks Corporation's Motion for Fees and Costs (Doc. 100), which seeks an award of attorneys' fees and non-taxable costs under A.R.S. § 12-341.01, Rule 37(c) of the Federal Rules of Civil Procedure, and the Court's inherent authority. The fee awards are sought against Plaintiff Colocation America Corporation, its owner Albert Ahdoot, and its non-litigation attorney Sigelman.

I.   **BACKGROUND**

On cross-motions for summary judgment, the parties asked the Court to determine whether the parties' Domain Name Assignment Agreement included the sale of a block of Internet addresses (referred to as IPv4 134.22.0.0/16). Both parties agreed that

summary judgment should be granted for the party that prevailed on contract interpretation, subject to litigation of Mitel Networks Corporations' pleaded defenses if Colocation America Corporation prevailed on contract interpretation. On its face, the executed agreement did not include the sale of IPv4 addresses, which numbered about 65,536. Further, the parties' course of negotiations demonstrated that Mitel Networks had no reason to know that Colocation interpreted their agreement as including the sale of IPv4 addresses, and Colocation not only had reason to know Mitel Networks interpreted the agreement differently, it intentionally led Mitel Networks into thinking the agreement involved only the assignment of a domain name. If there was any ambiguity, under Restatement (Second) of Contracts (1981) § 201(2), the agreement was to be interpreted in accordance with the meaning attached by Mitel Networks.

On June 15, 2018, the Court granted Mitel Networks' summary judgment motion and denied Colocation's cross motion. It further directed entry of judgment in favor of Counterclaimant Mitel Networks Corporation on its counterclaim and against Counter-defendant Colocation America Corporation, declaring that the Domain Name Assignment Agreement is rescinded and terminated based on Colocation's material breach of the Agreement.

Mitel Networks' fee claim has evolved with the briefing. At the end of briefing, Mitel Networks seeks:

    $354,605.00 for attorney fees in this Arizona action.
        35,055.13 for non-taxable costs in this action.
        27,502.50 in attorney fees and $718.25 in non-taxable costs on this fee motion.
        75,016.50 in attorney fees and non-taxable costs in the earlier California action.
        51,775.50 in attorney fees incurred on this motion.

(Doc. 111, 112, 113.) Mitel Networks has abandoned its claim for taxable costs, perhaps because the amount is small and perhaps because it failed to file "a bill of costs on a form provided by the Clerk" and other documentation required by Local Rule LRCiv 54.1(a). (Doc. 111 at 4.)

Colocation objects to much of the fee request, by category of fees and by individual time entries. Fees in the amount of $331,805.00, which does not include fees

incurred on this motion, will be awarded in this Arizona action under A.R.S. § 12-341.01(A).  Non-taxable costs may not be awarded under that statute, so that request will be denied except for computerized legal research costs in the amount of $11,645.00, which are allowed.  Fees and non-taxable costs incurred in the California action will be denied.  These objections and others are addressed below.

## II.    ATTORNEY FEE AWARD UNDER A.R.S. § 12-341.01(A)

### A.    Legal Standard

A.R.S. § 12-341.01(A) provides:  "In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees."  "The award of reasonable attorney fees pursuant to [§ 12-341.01] should be made to mitigate the burden of the expense of litigation to establish a just claim or a just defense.  It need not equal or relate to the attorney fees actually paid or contracted, but the award may not exceed the amount paid or agreed to be paid."  A.R.S. § 12-341.01(B).

An award of fees under § 12-341.01 is discretionary.  *Fulton Homes Corp. v. BBP Concrete*, 214 Ariz. 566, 569, 155 P.3d 1090, 1093 (Ct. App. 2007).  The statute does not establish a presumption that attorney fees be awarded in contract actions.  *Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 569, 694 P.2d 1181, 1183 (1985).  In determining whether to award attorney fees under § 12-341.01, trial courts may consider the following non-exclusive factors pertinent to discretion:  the merits of the unsuccessful party's case, whether the litigation could have been avoided or settled, whether assessing fees against the unsuccessful party would cause an extreme hardship, the degree of success by the successful party, any chilling effect the award might have on other parties with tenable claims or defenses, the novelty of the legal questions presented, and whether such claim had previously been adjudicated in this jurisdiction.  *Id.* at 570, 694 P.2d at 1184.

Under § 12-341.01(A), a prevailing party may recover a reasonable attorney's fee "for every item of service which, at the time rendered, would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest" in the action.

- 3 -

*Schweiger v. China Doll Rest., Inc.*, 138 Ariz. 183, 188, 673 P.2d 927, 932 (Ct. App. 1983).

**B.     Analysis**

A.     Upon consideration of the discretionary factors under A.R.S. § 12-341.01(A), Mitel Networks will be awarded its full reasonable attorney fees in this case in the Court's discretion. The principal factors are as follows.

1.     The legal questions in this case were not novel or difficult. Colocation's contentions were not deserving of resolution so as to cut against a fee award to the prevailing party. The case was burdened with Colocation's assertion of erroneous legal propositions, but that does not make them novel. There is no risk of deterring serious legal assertions by awarding fees in this case. This factor does not cut against a fee award.

2.     Considerable effort was needed to get to the facts of the case, which made the case difficult, but not because of legal novelty. This favors a full compensatory fee award.

3.     Mitel Networks prevailed entirely on its counterclaim and against Colocation's claim. This strongly favors a fee award.

4.     The case required seasoned skill in complex business litigation, which Mitel Networks' attorneys had. While this was a breach of contract case, it was not "a simple breach of contract case," as Colocation asserts. (Doc. 104 at 2.)

5.     The litigation could not have been avoided by Mitel Networks. Colocation filed the lawsuit and litigated it to the end. Mitel Networks offered to pay $50,000.00, which Colocation rejected.

6.     Colocation summarily asserts that a substantial fee award would be a hardship on Colocation, as it would "against anyone." (Doc. 104 at 10.) It has not submitted any evidence of hardship. The objection is rejected.

7.     This was a major business lawsuit between sophisticated parties with sophisticated counsel. There is no presumption of award of fees. But in such a lawsuit,

there is a fairness in imposing the costs of litigation on the party whose miscalculation or error caused the other party's expense. In the specific circumstances of this case, that favors an award of fees.

8. The amount in controversy for the IPv4 addresses was substantial, whether it was "at least $320,000" as Colocation says or about "$1.6-$1.8 million" as Mitel Networks says. (Doc. 100 at 7.)

9. There is strong indication of failure to produce critical discovery (the "nebulous" emails). That favors an award of fees and explains some of the extent of the reasonable fees.

10. This case readily satisfies the Court's discretion to award fees under the statute for the value of eligible services rendered.

B. Quantification of the services reasonably rendered and the value thereof is a further inquiry.

1. Non-taxable costs and attorney expenses may not be awarded under A.R.S. § 12-341.01(A). *Ahwatukee Custom Estates Mgmt. Ass'n, Inc. v. Bach*, 193 Ariz. 401, 404, 973 P.2d 106, 109 (1999). Mitel Networks cites no authority for its claim for such expenses under the statute. Computerized legal research costs of $11,645.00 are allowed. *Id.*

2. Mitel Networks' $75,016.50 in attorney fees and non-taxable costs incurred in the earlier California action by Colocation will not be awarded, both for lack of statutory authority and in the Court's discretion. The California court dismissed that action for lack of personal jurisdiction. It also awarded Mitel Networks $38,322.00 in attorney fees for successfully moving to quash subpoenas and for fees on that motion. (Doc. 100-4 at 115-117.) In this Motion, Mitel Networks seeks an additional $75,016.50 in fees and costs incurred in the California action beyond the $38,322.00 in fees awarded by the California court. Those additional fees appear to be overwhelmingly incurred on the motion to dismiss for lack of personal jurisdiction, not on the merits of the dispute in this Arizona case.

- 5 -

1    As a threshold matter, this Court exercises its discretion to not award those
2 California fees in this case.  There is too little overlap of work done then that is of value
3 to this case.  The substance of what was actually litigated in California was not
4 intertwined with the substance of the litigation in this case.  An additional reason is that
5 the California bases, if any, to have awarded those fees are not presented.  Mitel
6 Networks stated in the California court that there was not a basis for a fee award in a
7 personal jurisdiction challenge but did not address other bases, such as groundlessness. If
8 there was basis but such award was not sought, that would have been a waiver and
9 weighs strongly against such an award in this case.

10   In the alternative, the statutory authorization of a fee award is not expansive
11 enough to include an award of the California case fees in this Arizona case.  This is not a
12 case where state court litigation was removed to Bankruptcy Court and completed in
13 Bankruptcy Court, thus making all the fees awardable upon completion of the case in
14 bankruptcy.  If the contract dispute was started in state court and completed in the
15 bankruptcy court, the fees in both courts were "substantially intertwined with the contract
16 dispute." *Design Trend International Interiors, Ltc. v. Cathay Enterprises*, 103 F. Supp.
17 3d 1051, 1065 (D. Ariz. 2015).   The requirement for an award that the other proceeding
18 be substantially intertwined with the contract dispute in this Court is not met for the
19 personal jurisdiction dispute in California.  The personal jurisdiction fight in the
20 California court had no significance to this case.

21   3. Mitel Networks' fees incurred in seeking to expand this action to fraud
22 claims against Colocation's owner and its agent would be excluded in the discretion of
23 the Court as unnecessary to resolving this dispute and as greatly expanding the scope of
24 the litigation.  Mitel Networks did not include those fees in its fee application.  But it
25 does seek $10,590.00 in fees for a motion for reconsideration of the denial of the motions
26 to amend to add those additional counter-defendants (Doc. 69), which was summarily
27 denied without response.  (Doc. 72.)  Those fees will be denied in the Court's discretion
28

for the same reasons it would deny fees in the rejected attempt to add tort claims against the owner and the agent.

      4.      Objections to fee claims "shall separately identify each and every disputed time entry or expense item." Local Rule LRCiv 54.2(f). Mitel Networks' Reply states it reduced its claim to accept Colocation's objection to $9,685.00 as relating to adding individual counter-defendants. Mitel Networks has already deducted this amount from the net $354,605.00 it now seeks for attorney fees in this Arizona action.

Colocation objects to an additional $12,210.00 as relating to the California action. The objections are sustained in that amount.

Colocation objects to $7,373.50 in time as vague. The Court has reviewed all and finds them adequate. That objection is overruled.

Colocation objects to $68,506.50 in time as excessive and $68,366.00 as duplicative. The times are not excessive in light the magnitude of the case and the difficulty in getting information and locating important people. The objections as to duplication overlook the need for division of labors among multiple lawyers and senior and junior lawyers and paralegal assistants. Those objections are overruled.

Colocation objects to $100,968.49 as relating to the claims against proposed additional individual counter-defendants. Mitel Networks as already acceded to $9,685.00 in reduction. Services that are pertinent both to those claims and to discovery and other work in this case are not excluded from award in this case. For that reason, the other challenges to times are overruled.

Mitel Networks will be awarded $331,805.00 as attorney fees and $11,645.00 in non-taxable costs in this action under A.R.S. § 12-341.01(A) against Colocation. In addition, Mitel Networks' request for $51,775.50 for attorney fees incurred on this motion will be considered after Colocation has opportunity to respond to the request.

This award as against Colocation is adequate to compensate Mitel Networks. In the Court's discretion, the fee claim against Colocation's counsel will be denied.

### III. RULE 37(c) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Mitel Networks seeks attorney fees against Colocation and its attorney as sanctions under Rule 37(c), Federal Rules of Civil Procedure, for all its fees incurred in this action. The request is not broken down to "payment of the reasonable expenses, including attorney's fees, caused by the failure" to provide discovery. There is no authority to award all the expense of litigation as a sanction for a failure to provide discovery under Rule 37(c)(1)(A). (Sanctions are not sought and could not be awarded under Rule 37(b)(2) because there was no prior discovery order that was not obeyed.)

Moreover, Mitel Networks will be compensated for its attorney fees caused by denial or delay in providing discovery under the A.R.S. § 12-341.01(A) fee award above. So there is no need for a duplicative award in the unstated but narrower amount that might or might not have been appropriate on a proper discovery award.

The request for attorney fees as sanctions under Rule 37(c) will be denied.

### IV. SANCTION UNDER THE COURT'S INHERENT AUTHORITY

#### A. Legal Standard

Among a federal court's inherent powers is the discretion "to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991). "[A] court may levy fee-based sanctions when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, delaying or disrupting litigation, or has taken actions in the litigation for an improper purpose." *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001). Bad faith includes "a broad range of willful improper conduct," "including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Id.* at 992, 994. Sanctions may be "justified when a party acts *for an improper purpose*—even if the act consists of making a truthful statement or a non-frivolous argument or objection." *Id.* at 992. A finding of bad faith does not require proof of total frivolousness; where a litigant is motivated substantially by intent to deceive, the assertion of a colorable claim will not

bar assessment of attorney fees. *In re Itel Securities Litigation*, 791 F.2d 672, 675 (9th Cir. 1986).

"[O]ne permissible sanction is an 'assessment of attorney's fees'—an order . . . instructing a party that has acted in bad faith to reimburse legal fees and costs incurred by the other side." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017). Under its inherent authority, a court has discretion to compensate a party for fees and costs the party would not have incurred but for the misconduct at issue. *Id.* at 1187.

**B.     Analysis**

Mitel Networks seeks award of all it attorney fees under the Court's inherent authority, not just the fees incurred in responding to specific litigation abuses. The request will be denied for that reason. As for a fee assessment against Colocation, that too is duplicative of the A.R.S. § 12-341.01(A) fee award given above, so it is unnecessary.

Mitel Networks also seeks a fee award against Colocation's non-litigation attorney Sigelman, but it is not shown that he acted in contempt of court. For those reasons and in the discretion of the Court, the motion for fees as sanctions is denied as against all persons.

Before entry of judgment, Colocation may respond to Mitel Networks' request for award of $51,775.50 for attorney fees incurred on this motion.

IT IS THEREFORE ORDERED that Mitel Network Corporation's Motion for Fees and Costs (Doc. 100) is granted against Colocation America Corporation for attorney fees in the amount of $331,805.00 and non-taxable costs in the amount of $11,645.00 under A.R.S. § 12-341.01. The Motion is otherwise denied except as to additional fees incurred on this Motion, which will be decided later.

/ / /

/ / /

/ / /

IT IS FURTHER ORDERED that Colocation may file objections to Mitel Networks' claim for attorney fees incurred on this motion by November 16, 2018, and Mitel Networks may file a reply by November 23, 2018.

Dated: November 1, 2018.

_____
Neil V. Wake
Senior United States District Judge